UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ARROW COMMUNICATION LABORATORIES, INC., ) ) ) | |
| Plaintiff, ) ) | |
| -vs- ) ) | Civil Action No. - 1:05-CV-357-SLR |
| JOHN MEZZALINGUA ASSOCIATES, INC., d/b/a PPC, ) ) ) | TRIAL BY JURY DEMANDED |
| Defendant. | |

**ANSWER**

Defendant, John Mezzalingua Associates, Inc., doing business as PPC ("PPC"), for its Answer to the Complaint of plaintiff Arrow Communication Laboratories, Inc. alleges as follows:

1. ADMITS that Plaintiff has attempted to allege a claim in its Complaint, but DENIES the merits and sufficiency of the claim asserted therein.

2. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. ADMITS the allegations contained in Paragraph 3 of the Complaint.

4. ADMITS the allegations contained in Paragraph 4 of the Complaint.

5. ADMITS that while venue in the District of Delaware is technically proper, venue for this action ought to be in the Northern District of New York because (a) the District of Delaware has little to no connection with the asserted claim, (b) both Plaintiff and Defendant are headquartered in or around Syracuse, New York; (c) neither Plaintiff nor Defendant has a physical presence or office in the State of Delaware; (d) the accused product is manufactured in the Northern District of New York; and (e) the convenience of both party and nonparty witnesses

weighs heavily in favor of transfer of this action to the Northern District of New York, and therefore Defendant DENIES any remaining allegations contained in Paragraph 5 of the Complaint.

6. ADMITS that the United States Patent and Trademark Office issued U.S. Patent No. 5,745,838 ("the '838 patent") on April 28, 1998, but DENIES that the '838 patent was duly issued or is valid or enforceable, and therefore denies any remaining allegations contained in Paragraph 6 of the Complaint.

7. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. DENIES the allegations contained in Paragraph 8 of the Complaint.

9. DENIES the allegations contained in Paragraph 9 of the Complaint.

10. DENIES the allegations contained in Paragraph 10 of the Complaint.

11. DENIES the allegations contained in Paragraph 11 of the Complaint.

12. DENIES the allegations contained in Paragraph 12 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

13. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

14. The claims of the '838 patent are invalid for failing to satisfy the requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 132 and 305.

## THIRD AFFIRMATIVE DEFENSE

15. No product of Defendant has infringed any valid claim of the '838 patent.

## FOURTH AFFIRMATIVE DEFENSE

16. Plaintiff's claim for damages is limited for its failure to mark its product with sufficient notice under 35 U.S.C. § 287.

### FIFTH AFFIRMATIVE DEFENSE

17. Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

18. Upon information and belief, Plaintiff lacks standing to assert this claim against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

19. Venue of this action ought to be transferred to the Northern District of New York because (a) the District of Delaware has little to no connection with the asserted claim, (b) both Plaintiff and Defendant are headquartered in or around Syracuse, New York; (c) neither Plaintiff nor Defendant has a physical presence or office in the State of Delaware; (d) the accused product is manufactured in the Northern District of New York; and (e) the convenience of both party and nonparty witnesses weighs heavily in favor of transfer of this action to the Northern District of New York.

Defendant hereby demands a trial by jury of all issues so triable.

WHEREFORE, Defendant demands:

(1) judgment against Plaintiff and in favor of Defendant, dismissing Plaintiff's Complaint in its entirety;

(2) judgment finding that this is an exceptional case pursuant to 35 U.S. §285 and awarding Defendant its reasonable attorney fees; and

(3) judgment granting Defendant such other and further relief as the Court deems just and proper.

CONNOLLY BOVE LODGE & HUTZ LLP

By:   /s/ Jeffrey B. Bove
    Jeffrey B. Bove, #998
    The Nemours Building
    1007 North Orange Street
    Suite 878
    Wilmington, DE 19801
    Tel: (302) 658-9141
    Fax: (302) 658-5614

Of Counsel:

WALL, MARJAMA & BILINSKI, LLP
James R. Muldoon, Esq.
101 South Salina Street
Suite 400
Syracuse, New York 13202
Telephone:  (315) 425-9000
Facsimile:   (315) 425-9114

*Attorneys for Defendant*
 *John Mezzalingua Associates, Inc. d/b/a PPC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2005, I electronically filed an Answer with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

>Richard D. Kirk, Esquire
>The Bayard Firm
>222 Delaware Avenue
>Suite 900
>Wilmington, DE  19801

I hereby certify that on June 29, 2005, I have mailed by First Class Mail, the document to the following non-registered participants:

>Lawrence P. Trapani, Esquire
>4847 Enders Road
>P. O. Box 555
>Manlius, NY 13104

>/s/ Jeffrey B. Bove
>Jeffrey B. Bove (#998)
>CONNOLLY BOVE LODGE & HUTZ LLP
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE  19899-2207
>(302) 658-9141
>*Attorney for the Defendants*