UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ARROW COMMUNICATION
LABORATORIES, INC.,

Plaintiff,

-vs-                                                        Civil Action No.
                                                           1:05-CV-357-SLR

JOHN MEZZALINGUA
ASSOCIATES, INC., d/b/a PPC,

Defendant.

## DECLARATION OF JAMES MULDOON

JAMES MULDOON, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.    I am a partner in the intellectual property law firm of Wall Marjama & Bilinski

LLP, attorneys for John Mezzalingua Associates, Inc., which does business as PPC ("PPC"),

Defendant in the above referenced lawsuit. I make this Declaration in support of the motion of

PPC to transfer venue of this action to the U. S. District Court for the Northern District of New

York, Syracuse Division.

2.    For several years, attorneys for Plaintiff Arrow Communication Laboratories, Inc.

("Arcom") have corresponded and discussed with attorneys for Defendant PPC regarding

Arcom's contention that PPC infringed one of forty-two claims of U.S. Patent No. 5,745,838

("the '838 patent"), under a doctrine of equivalents analysis and PPC's contention that the claims

of the '838 patent were invalid.

3.    Arcom filed this action alleging infringement of the '838 patent on June 3, 2005.

4.    On or about June 6, 2005, PPC learned in a letter dated June 3, 2005 from Arcom's counsel regarding potential licensing of the '838 patent that Arcom was in the process of preparing to file a lawsuit for patent infringement in the District of Delaware.

5.    On the morning of June 6, 2005, this action had not yet been entered in the Court's PACER system, and PPC prepared and filed a declaratory judgment action in the U.S. District Court for the Northern District of New York, entitled John Mezzalingua Associates, Inc., d/b/a PPC v. Arrow Comm. Labs. Inc. et al. Civil Action No. 5:05-CV-703 (NAM/DEP) ("Northern District Action"). A copy of the Complaint in the Northern District Action is attached to this Declaration as **Exhibit A.**

6.    As PPC later learned that Arcom did file this action on June 3, 2005, the Complaint in the Northern District Action has not been served to date.

7.    On June 9, 2005, PPC was served with a copy of the Complaint in this action.

8.    On June 13, 2005, I spoke via telephone with Arcom's counsel, Lawrence Trapani, regarding extending PPC's time to answer the Complaint in this action. I also informed Attorney Trapani of PPC's willingness to discuss settlement of this longstanding dispute and, that should settlement discussions fail, PPC intended to file a motion to transfer venue of this action.

9.    In that telephone conversation, Attorney Trapani and I reached agreement that Arcom would stipulate to an extension of time of 30 additional days, until July 29, 2005, to answer the Complaint in this action so that the parties could continue settlement discussions. We also agreed that PPC would not serve the Complaint in the Northern District Action before July 15, 2005, so that Arcom would not have to respond to the Complaint in the Northern District Action before PPC answered or otherwise moved in this action.

10.    By letter dated June 20, 2005, I confirmed the agreement to extend PPC's time to answer the Complaint in this action and PPC's withholding service of the Complaint in the Northern District Action.  Enclosed with the letter was a draft stipulation and proposed order extending PPC's time to answer.  A copy of this letter is attached to this Declaration as **Exhibit B.**

11.    At no time did Attorney Trapani or other of Arcom's counsel dispute that we had reached an agreement as to PPC's extension of time to answer the Complaint.

12.    On Monday, June 27, 2005, I received a voicemail message from Attorney Terry Rader of Rader, Fishman and Grauer, in which Mr. Rader indicated that he was assuming primary responsibility for representing Arcom in this action and that despite the prior agreement reached with Attorney Trapani, Arcom's counsel was no longer willing to agree to extend PPC's time to answer the Complaint and that PPC's time to answer would expire in two days on June 29, 2005.

13.    After receiving this voicemail, I returned Attorney Rader's call.  He was unavailable; I left a message and asked him to call me.  He never did.

14.    I then left a message with Attorney Trapani's office.  He too was unavailable and I left a message with his office.

15.    A few hours later, I sent a letter to Attorney Trapani's office via facsimile indicating that his reneging on our agreement to extend PPC's time to answer was professionally discourteous.  A copy of the letter is attached as **Exhibit C**.

16.    Only after receiving my letter did Attorney Trapani return my telephone call; however, he still refused to abide by our previous agreement to extend PPC's time to answer.

17.    On June 28, 2005, PPC retained the services of local counsel to represent it in this action and filed and served an Answer to the Complaint on June 29, 2005.

18.    No demands for discovery have been served or has any discovery taken place in this action.

19.    My law office is in the City of Syracuse, New York, and I am admitted to practice before the U.S. District Court for the Northern District of New York.

20.    The Northern District has a Courthouse in Syracuse, New York, where two of the five sitting District Court Judges, including the Chief Judge of the District, two Senior District Court Judges, and three of the five Magistrate Judges in the Northern District maintain their chambers.

21.    Copies of the Judicial Caseload Profile of the District of Delaware and the Northern District of New York are attached to this Declaration as **Exhibits D and E**, respectively.

22.    Based on the Northern District's PACER system, both PPC and Arcom have litigated patent disputes in the Northern District in the past.  For example: Arcom was a defendant to patent infringement claims in *Eagle Comtronics Inc. v. Arrow Comm. Labs. et al.*, NDNY Civil Action No.: 5:00-cv-01694-HGM-DEP, a copy of an Order entered on May 14, 2004, in *Eagle Comtronics, Inc. v. Arrow Comm. Labs, et al.*, is attached to this Declaration as **Exhibit F**; and  PPC was a defendant to patent infringement claims in *LRC Electronics, Inc. v. John Mezzalingua Associates, Inc.*, NDNY Civil Action No.:5:98-CV-01051 (FJS-GJD).

I declare under penalty of perjury that the foregoing is true and correct.


Executed in Syracuse, New York.

Dated:  July 14, 2005

JAMES R. MULDOON

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2005, I electronically filed the Declaration of James

Muldoon with the Clerk of Court using CM/ECF which will send notification of such filing(s) to

the following:

> Richard D. Kirk, Esquire
> The Bayard Firm
> 222 Delaware Avenue
> Suite 900
> Wilmington, DE 19801

I hereby certify that on July 18, 2005, I have mailed by First Class Mail, the document to

the following non-registered participants:

> Lawrence P. Trapani, Esquire
> 4847 Enders Road
> P.O. Box 555
> Manlius, NY 13104

> /s/ Jeffrey B. Bove
> Jeffrey B. Bove (#998)
> Kevin M. Baird (#4219)
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE  19899-2207
> (302) 658-9141
> *Attorneys for Defendant John Mezzalingua*
> *Associates, Inc. d/b/a PPC*