IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

EAGLE COMTRONICS, INC.

                Plaintiff,

                                            Civ. Action No.
                                            5:00-CV-1694 (HGM\DEP)

vs.

ARROW COMMUNICATIONS LABORATORIES,
 INC., d/b/a Arcom, *et al.,*

               Defendants.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| MACKENZIE, HUGHES LAW FIRM<br>101 South Salina Street<br>PO Box 4967<br>Syracuse, NY 13221-4967 | PETER D. CARMEN, ESQ.<br>DAVID GARBER, ESQ. |
| BROWN, BURR LAW FIRM<br>101 South Salina Street<br>Syracuse, NY 13261 | STEPHEN P. BURR, ESQ. |
| FOR DEFENDANTS: | |
| TRAPANI LAW OFFICE<br>333 East Onondaga Street<br>2nd Floor, Monroe Building<br>Syracuse, NY 13202 | LAWRENCE P. TRAPANI, ESQ. |
| RADER, FISHMAN LAW OFFICE<br>33 Mount Green Rd.<br>Croton-on-Hudson, NY 10520-1911 | CHARLES W. BRADLEY, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Presently before the court in this patent infringement action is plaintiff's motion to disqualify Joseph J. Ostuni from serving as a consultant and/or expert witness in this case on behalf of the defendants, and to disqualify defendants' counsel.  The motion, which defendants oppose, was the subject of extensive evidentiary submissions and briefing by the parties.

A hearing was conducted in connection with plaintiff's motion on May 12, 2004.  At the conclusion of that hearing I issued a bench decision granting plaintiff's motion, finding that it had carried its burden of demonstrating grounds for disqualification of both consultant Ostuni and defendants' attorneys.  Based upon that decision, which is incorporated herein by reference, it is hereby

ORDERED as follows:

1)   Plaintiff's motion to disqualify Joseph J. Ostuni as a consultant and/or expert witness is GRANTED.  This determination is without prejudice to defendants' right to depose Mr. Ostuni and/or to offer him at trial as a fact witness.

2) Defendants and their counsel shall not have any *ex parte* communication with Joseph J. Ostuni with respect to any matters, including claims and defenses, in issue in this action.

3) In light of my finding of the appearance of impropriety, and resolving all doubts regarding the matter in favor of disqualification, plaintiff's motion to disqualify defendants' attorneys of record is also GRANTED, and all counsel who have appeared to date are hereby disqualified from representing the defendants in connection with this suit. This preclusion extends to the law office of Lawrence P. Trapani, Esq., the firm of Orrick, Herrington & Sutcliffe, LLP, and Rader, Fishman & Grauer, LLP, as well as Charles W. Bradley, Esq. and anyone that is or becomes associated or affiliated professionally with him.

4) Within sixty (60) days of the date of this order or, if an appeal is taken to Senior District Judge Howard G. Munson and this order is affirmed, from the date of Judge Munson's order regarding that appeal, defendants shall notify the court in writing of the identity of new, substitute counsel, which shall promptly file a notice of appearance on defendants' behalves with the clerk of the court.

5) A status conference will be conducted in this case, by

telephone, on September 7, 2004 at 3:30 p.m. Plaintiff's counsel is directed to initiate the telephone call and should include the court at (315) 234-8620 after all other counsel have been brought on line. During the course of that conference the court will address the status of the action and, if appropriate, the issuance of a Uniform Pretrial Scheduling Order governing its progression.

     6)    The clerk is directed to promptly forward copies of this order to the parties, electronically.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:    May 14, 2004
           Syracuse, NY