IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARROW COMMUNICATION LABORATORIES, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> JOHN MEZZALINGUA ASSOCIATES, INC., d/b/a PPC, <br><br> Defendant/Counterclaim Plaintiff. | C.A. No. 05-357-SLR |

## AMENDED ANSWER AND COUNTERCLAIM

Defendant and Counterclaim Plaintiff, John Mezzalingua Associates, Inc., doing business as PPC ("PPC"), for its Amended Answer to the Complaint of Plaintiff Arrow Communication Laboratories, Inc. alleges as follows:

1. ADMITS that Plaintiff has attempted to allege a claim in its Complaint, but DENIES the merits and sufficiency of the claim asserted therein.

2. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. ADMITS the allegations contained in Paragraph 3 of the Complaint.

4. ADMITS the allegations contained in Paragraph 4 of the Complaint.

5. ADMITS that while venue in the District of Delaware is technically proper, venue for this action ought to be in the Northern District of New York because (a) the District of Delaware has little to no connection with the asserted claim, (b) both Plaintiff and Defendant are

headquartered in or around Syracuse, New York; (c) neither Plaintiff nor Defendant has a physical presence or office in the State of Delaware; (d) the accused product is manufactured in the Northern District of New York; and (e) the convenience of both party and nonparty witnesses weighs heavily in favor of transfer of this action to the Northern District of New York, and therefore Defendant DENIES any remaining allegations contained in Paragraph 5 of the Complaint.

6. ADMITS that the United States Patent and Trademark Office issued U.S. Patent No. 5,745,838 ("the '838 patent") on April 28, 1998, but DENIES that the '838 patent was duly issued or is valid or enforceable and, therefore, denies any remaining allegations contained in Paragraph 6 of the Complaint.

7. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. DENIES the allegations contained in Paragraph 8 of the Complaint.

9. DENIES the allegations contained in Paragraph 9 of the Complaint.

10. DENIES the allegations contained in Paragraph 10 of the Complaint.

11. DENIES the allegations contained in Paragraph 11 of the Complaint.

12. DENIES the allegations contained in Paragraph 12 of the Complaint.

### AS A FIRST AFFIRMATIVE DEFENSE

13. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### AS A SECOND AFFIRMATIVE DEFENSE

14. The claims of the '838 patent are invalid for failing to satisfy the requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 132 and 305.

### AS A THIRD AFFIRMATIVE DEFENSE

15. No product of Defendant has infringed any valid claim of the '838 patent.

### AS A FOURTH AFFIRMATIVE DEFENSE

16. Plaintiff's claim for damages is limited for its failure to mark its product with sufficient notice under 35 U.S.C. § 287.

### AS A FIFTH AFFIRMATIVE DEFENSE

17. Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

### AS A SIXTH AFFIRMATIVE DEFENSE

18. Upon information and belief, Plaintiff lacks standing to assert this claim against Defendant.

### AS A SEVENTH AFFIRMATIVE DEFENSE

19. Venue of this action ought to be transferred to the Northern District of New York because (a) the District of Delaware has little to no connection with the asserted claim, (b) both Plaintiff and Defendant are headquartered in or around Syracuse, New York; (c) neither Plaintiff nor Defendant has a physical presence or office in the State of Delaware; (d) the accused product is manufactured in the Northern District of New York; and (e) the convenience of both party and nonparty witnesses weighs heavily in favor of transfer of this action to the Northern District of New York.

### AS A COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendant and Counterclaim-Plaintiff John Mezzalingua Associates, Inc., doing business as PPC, for its Counterclaims as against Plaintiff and Counterclaim-Defendant Arrow Communications Laboratories, Inc., and Counterclaim-Defendant Tresness Irrevocable Patent Trust, alleges as follows:

20. This is a counterclaim for declaratory judgment of patent non-infringement and invalidity under the Patent Laws of the United States, Title 35 of the United States Code and Declaratory Judgment Act, 28 U.S.C §§ 2201 and 2202.

21. Defendant and Counterclaim-Plaintiff John Mezzalingua Associates, Inc., doing business as PPC ("PPC") is a corporation formed under the laws of the State of Delaware and has its principal place of business at 6176 East Molloy Road, East Syracuse, New York 13057.

22. Upon information and belief, Plaintiff and Counterclaim-Defendant Arrow Communications Laboratories, Inc., ("ARCOM"), is a New York corporation and has its principal place of business at 185 Ainsley Drive, Syracuse, New York 13210.

23. Upon information and belief, Counterclaim-Defendant Tresness Irrevocable Patent Trust (Tresness Trust) is a trust established under the laws of the State of New York with a place of business of 2030 Erie Boulevard East, Syracuse, New York 13224.

24. From at least April 28, 1998 until at least June 2, 2005, Tresness Trust was the assignee of U.S. Patent No. 5,745,838 ("the '838 patent).

25. Upon information and belief, on June 2, 2005, Tresness Trust assigned at least a portion of its interest in the '838 patent to ARCOM.

26. Upon information and belief, depending on the specific nature and content of the transaction between Tresness Trust and ARCOM, ARCOM does not have standing to sue for infringement of the '838 patent.

27. PPC manufactures and sells a superior quality filter for incorporation in cable television networks which, upon information and belief, ARCOM asserts and Tresness Trust has asserted that PPC infringes unspecified claims of the '838 patent.

28. ARCOM and Tresness Trust have also purportedly asserted that sale and use of PPC's filters by its distributors and customers infringe unspecified claims of the '838 patent.

29. PPC denies that any of its products infringe any valid claim of the '838 patent and asserts that each and every claim of the '838 patent is invalid.

30. A justiciable controversy exists between PPC, ARCOM and Tresness Trust as to the ownership, validity, enforceability and alleged infringement of the '838 patent by any actions of PPC.

31. This Court has subject matter jurisdiction of the controversy pursuant to 28 U.S.C. §§ 1338(a), 2001(a) and 2002.

32. The claims of the '838 patent fail to satisfy the requirements of patentability under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 132 and 305.

33. The claims of the '838 patent are invalid.

34. The claims of the '838 patent are unenforceable.

35. PPC has not infringed any valid claim of the '838 patent.

Defendant and Counterclaim-Plaintiff hereby demands a trial by jury of all issues so triable.

WHEREFORE, Defendant and Counterclaim-Plaintiff PPC seeks judgment against ARCOM and Tresness Trust:

    a. Dismissing ARCOM's Complaint in its entirety;

    b. Determining the respective interests of ARCOM and Tresness Trust in the '838 patent and whether ARCOM is the proper party plaintiff to assert its claims;

    c. Declaring that PPC has not directly or contributorily infringed, or induced infringement of the '838 patent;

    d.    Declaring that the claims of the '838 patent are invalid;

    e.    Enjoining ARCOM from asserting or charging that PPC's or its customer's and distributor's manufacture, use, offer for sale, or sale of PPC's filter product constitutes infringement of the '838 patent;

    f.    Finding that this is an exceptional case pursuant to 35 U.S.C. § 285;

    g.    Awarding PPC its costs and reasonable attorneys' fees; and

    h.    Granting PPC such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey B. Bove
_____
Jeffrey B. Bove  (# 998)
Kevin M. Baird (# 4219)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street, Suite 878
Wilmington, DE 19801
Tel: (302) 658-9141
Fax: (302) 658-5614
jbove@cblh.com

*Attorneys for Defendant John Mezzalingua Associates, Inc. d/b/a PPC*

OF COUNSEL:

WALL, MARJAMA & BILINSKI, LLP
101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone:  (315) 425-9000
Facsimile:   (315) 425-9114

Dated: July 18, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2005, I electronically filed Amended Answer and Counterclaim with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

      Richard D. Kirk, Esquire
      The Bayard Firm
      222 Delaware Avenue
      Suite 900
      Wilmington, DE 19801

I hereby certify that on July 18, 2005, I have mailed by First Class Mail, the document to the following non-registered participants:

      Lawrence P. Trapani, Esquire
      4847 Enders Road
      P.O. Box 555
      Manlius, NY 13104

      /s/ Jeffrey B. Bove
      Jeffrey B. Bove (#998)
      Kevin M. Baird (#4219)
      CONNOLLY BOVE LODGE & HUTZ LLP
      The Nemours Building
      1007 North Orange Street
      P.O. Box 2207
      Wilmington, DE  19899-2207
      (302) 658-9141
      *Attorneys for Defendant John Mezzalingua Associates, Inc. d/b/a PPC*