IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARROW COMMUNICATION LABORATORIES, INC., a New York corporation, | )<br>)<br>)<br>) |
| Plaintiff/Counter Defendant, | )<br>) |
| v. | )<br>) C.A. No. 05-357-SLR |
| JOHN MEZZALINGUA ASSOCIATES, INC., a Delaware corporation, | )<br>)<br>)<br>) |
| Defendant/Counter Claimant. | )<br>) |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**

THE BAYARD FIRM
Richard D. Kirk (rk0922)
rkirk@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
*Attorneys for Plaintiff/Counter Defendant
Arrow Communication Laboratories, Inc.*

OF COUNSEL:
R. Terrance Rader
Charles W. Bradley
Linda D. Kennedy
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
(248) 594-0600

Lawrence P. Trapani
4847 Enders Road
P.O. Box 555
Manlius, NY 13104
(315) 727-5304

August 1, 2005

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ........... 1

II.  SUMMARY OF ARGUMENT ..................................................................................... 1

III. STATEMENT OF FACTS ............................................................................................ 2

IV.  ARGUMENT .................................................................................................................. 4

   A. PPC Bears The Burden Of Demonstrating That Transfer Is Proper ........................... 4

   B. Third Circuit Law Requires Keeping This Case In Delaware ................................... 5

      1. Arcom's Lawsuit Was First-Filed ........................................................................... 5

      2. Arcom's Choice Of Forum And Other Private Interests Require Keeping The Case In Delaware ..................................................................................................... 5

         (a) Arcom's Choice Of Delaware Deserves Paramount Consideration .................... 6

         (b) Although PPC Prefers The NDNY, It Is A Delaware Corporation .................... 7

         (c) Claims Will Arise In Delaware And Elsewhere ................................................. 8

         (d) Convenience Of The Parties Does Not Tip The Balance Toward Transfer ....... 8

         (e) Convenience Of The Witnesses Does Not Tip The Balance Toward Transfer .. 9

         (f) Location Of The Books And Records Does Not Tip The Balance Toward Transfer ............................................................................................................. 11

      3. Delaware's Patent Savvy And Fast Trials, Among Other Public Interests, Favor Keeping The Case In Delaware ........................................................................... 11

         (a) Trial Will Be Much More Expeditious And Inexpensive In Delaware ............ 12

         (b) The Relative Administrative Difficulty, Local Interest, And Familiarity With State Law Are Not Major Factors Here ................................................... 12

V.   CONCLUSION ............................................................................................................ 13

# TABLE OF AUTHORITIES

Page

**Cases**

*ADE Corp. v. KLA-Tencor Corp.,*
138 F. Supp. 2d 565 (D. Del. 2001) .................................................................. 11, 12

*BAE Systems Aircraft Controls Inc. v. Eclipse Aviation Corp.,*
224 F.R.D. 581 (D. Del. 2004) .................................................................................. 4

*Bergman v. Brainin,*
512 F. Supp. 972 (D. Del. 1981) ............................................................................... 4

*C.R. Bard, Inc. v. Guidant Corp.,*
997 F. Supp. 556 (D. Del. 1998). .............................................................................. 4

*Clopay Corp. v. Newell Cos.,*
527 F. Supp. 733 (D. Del. 1981) ........................................................................... 6, 9

*Critkon, Inc. v. Becton Dickinson Vascular Access, Inc.,*
821 F. Supp. 962 (D. Del. 1993) ............................................................................... 4

*Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.,*
2001 U.S. Dist. LEXIS 20803 (D. Del. Nov. 28, 2001)............................................. 8

*Intel Corp. v. Broadcom Corp.,*
167 F. Supp. 2d 692 (D. Del. 2001) ...................................................................... 5, 8

*Invitrogen Corp. v. Incyte Genomics, Inc.,*
2002 U.S. Dist. LEXIS 8118 (D. Del. May 1, 2002) ................................................ 8

*Jumara v. State Farm Ins. Co.,*
55 F.3d 873 (3d Cir. 1995). ........................................................................ 5, 6, 9, 11

*Motorola Inc. v. PC-Tel, Inc.,*
58 F. Supp. 2d 349 (D. Del. 1999) .......................................................................... 11

*Shutte v. Armco Steel Corp.,*
431 F.2d 22 (3d Cir. 1970) ........................................................................................ 6

*Siemens Medical Systems, Inc. v. Fonar Corp.,*
1995 U.S. Dist. LEXIS 22334 (D. Del. Apr. 27, 1995)......................................... 5, 7

*Stratos Lightwave, Inc. v. E2O Communications, Inc.,*
2002 U.S. Dist. LEXIS 5653 (D. Del. Mar. 26, 2002) ............................................ 12

*TCW/Camil Holding L.L.C. v. Fox Haron & Camerini LLP*,
   2004 WL 1043193 (D. Del. Apr. 30, 2004) ................................................................ 9

*The Joint Stock Society v. Heublein, Inc.*,
   936 F. Supp. 177 (D. Del. 1996) ............................................................................... 6

*Truth Hardware Corp. v. Ashland Products, Inc.*,
   2003 U.S. Dist. LEXIS 409 (D. Del. Jan. 13, 2003) .................................................. 7

*Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership*,
   882 F. Supp. 359 (D. Del. 1994) ............................................................................... 6

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*,
   157 F.R.D. 215 (D. Del. 1993) ......................................................................... 6, 7, 12

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................................ 1

I.  STATEMENT OF THE NATURE AND STAGE
OF THE PROCEEDING

Plaintiff Arrow Communication Laboratories, Inc., doing business as Arcom ("Arcom"), selected the District of Delaware to assert its rights in U.S. Patent No. 5,745,838 ("the '838 patent") against a competitor, John Mezzalingua Associates, Inc., doing business as PPC ("PPC"), for infringing the '838 patent. Three days later, PPC, a Delaware corporation, filed a declaratory judgment action in the Northern District of New York ("NDNY"), seeking a declaration that the '838 patent is not infringed and is invalid and unenforceable. PPC then filed an Answer, later an Amended Answer and Counterclaim, and a motion to transfer this case to the NDNY. In its motion, PPC asks this Court to set aside the Plaintiff's choice of forum and to transfer this case pursuant to 28 U.S.C. § 1404(a). Arcom hereby opposes the transfer.

It should be noted that this case is not complex. PPC settled a dispute concerning the '838 patent in the past, at which time defendant PPC agreed that it would not infringe the '838 patent for the remainder of its term, and made a payment for its infringing use of the patent technology. (Exh. A. to Tresness Decl.) However, notwithstanding this agreement, PPC has resumed manufacturing infringing step attenuators. It is Arcom's hope to secure a prompt trial to right this situation.

II.  SUMMARY OF ARGUMENT

Arcom is entitled to deference to its choice of forum to enforce its rights in the '838 patent against infringers. Arcom's lawsuit in this Court was the first-filed suit relating to the '838 patent, and it was filed against a Delaware corporation. Although Arcom does not dispute that it could have filed its Complaint in the NDNY, it chose not to do so for legitimate business reasons. These reasons include the relatively quick filing-to-trial time in Delaware (more than

1

one year quicker than in the NDNY), the considerable experience and expertise of the Delaware Court in patent matters, and the incorporation of the Defendant PPC in Delaware.

Here, the public and private interests concerning transfer require deference to Arcom's choice. The private interests favor keeping this case here, especially in view of the patent-savvy and speed-to-trial character of this Court. Also, given the availability of electronic filings, telephonic conferences, and electronic communications and document transfers, the parties and witnesses will have little need to travel except for trial. When travel is necessary, it is reasonably convenient via frequent flights between Syracuse and Philadelphia. This should not unduly burden PPC, which has, by its own choice, litigated patent suits throughout the U.S.

Nor do public interests favor transferring this case, especially in view of the practical considerations that federal patent law is involved, not state law, and the relatively short time to trial in Delaware, which will make this case more expeditious and inexpensive, and will also resolve the uncertainty in the marketplace more quickly.

### III.   STATEMENT OF FACTS

On June 3, 2005, Arcom sued PPC in the U.S. District Court for the District of Delaware for infringement of the '838 patent, which has been assigned to Arcom. (D.I. 1) Three days later, PPC brought a declaratory judgment action against Arcom in the U.S. District Court for the NDNY, alleging that the '838 patent is not infringed and is invalid and unenforceable. (Def. Memorandum, Exh. A to Muldoon Decl.)

PPC is a Delaware corporation that manufactures filters and fiber products for cable and TV industries worldwide. (Mezzalingua Decl. ¶¶ 2-4, Exh. A to Kennedy Decl.) A Dun & Bradstreet report shows that PPC has about 800 employees, about 300 of which are outside of Syracuse, and that PPC made about $68 million in the latest year of sales. (Exh. B to Kennedy

2

Decl.) The records of the Patent and Trademark Office show that PPC owns 74 U.S. patents. Also, PPC has been involved in patent litigation in Wisconsin, Oklahoma, Florida, Colorado, Arizona, and Tennessee. (Exhs. C and D to Kennedy Decl.) PPC is identified as plaintiff in the Wisconsin, Oklahoma and Florida patent suits, all of which were much further from Syracuse than Wilmington. (Exh. D to Kennedy Decl.) In addition, one of PPC's customers is Comcast Corporation, which is reported to have over 200,000 subscribers in Delaware. (Tresness Decl. ¶ 7)

While Arcom's principal place of business is in Syracuse, it selected the Delaware forum for several legitimate reasons, including the patent expertise of the judiciary, the relative speed to trial, which has very significant financial implications, and the fact that PPC is incorporated in Delaware. (Tresness Decl. ¶¶ 9-11)

In the statistics filed by PPC's attorney, the median time-to-trial in Delaware is said to be 26 months. (Def. Memorandum, Exh. D to Muldoon Decl.) When compared to 39.5 months in the NDNY, Delaware is quicker by more than a year. Also, the NDNY court has 13.8% of its cases pending over three years, compared to 3.4% in Delaware -- and there is a far greater percentage of patent cases in Delaware. (*See* Def. Memorandum, Exhs. D and E to Muldoon Decl.) This difference of over a year to trial will reduce costs and speed the resolution of the uncertainty in the marketplace.

To the extent that travel from Syracuse to Delaware is necessary for trial, there are thirteen flights per day, each way, six days per week, between Syracuse and Philadelphia, which is a short drive from Wilmington. (Exh. E to Kennedy Decl.) Saturday flights are also available, but there are fewer of them. (Kennedy Decl. ¶ 6)

3

IV.   ARGUMENT

**A. PPC Bears The Burden Of Demonstrating That Transfer Is Proper**

Because courts accord a plaintiff's choice of forum substantial weight and only transfer venue if the defendant is of very limited size and is regional in character (as opposed to national), a defendant bears the burden of establishing that "'the balance of convenience of the parties and witnesses strongly favors'" it. *BAE Systems Aircraft Controls Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 588 (D. Del. 2004), *citing Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981). Although the transfer of a case will generally be regarded as less inconvenient to a plaintiff if the plaintiff has not chosen its "home turf" to litigate, the plaintiff's choice of forum remains paramount and the burden remains at all times on the defendant to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer. *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 821 F. Supp. 962, 965 (D. Del. 1993). Indeed, to secure transfer, defendant must prove that litigating in Delaware would pose a "unique or unusual burden" on its operations. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998).

Here, PPC is national, if not international, in character, and nothing in its motion demonstrates a unique or unusual burden on its operations. PPC's national presence is evidenced by its own website (Exh. B to Tresness Decl.), and by its sales and distribution centers throughout the world, its patent litigation throughout the U.S., its 800 employees (300 of which are outside of Syracuse), and its $68 million in latest-year sales. (Exhs. A, B, D to Kennedy Decl.) Indeed, because PPC truly is national (as opposed to regional) in character, and because it participates in several lawsuits in venues much further from Syracuse than Delaware, it is not

credible that this lawsuit in Delaware would pose a unique or unusual burden on PPC's operations. Thus, PPC cannot meet its burden for transfer.

## B. Third Circuit Law Requires Keeping This Case In Delaware

### 1. Arcom's Lawsuit Was First-Filed

As this Court recognized recently in *Guidant Corp. v. St. Jude Medical, Inc.*, 2004 U.S. Dist. LEXIS 17218, at *11 (D. Del. Aug. 27, 2004)[1], the Third Circuit has adopted and followed the "first-filed rule." It noted that "in all cases of federal concurrent jurisdiction the court which first had possession of the subject matter must decide it." *See also Siemens Medical Systems, Inc. v. Fonar Corp.*, 1995 U.S. Dist. LEXIS 22334, at *4 (D. Del. Apr. 27, 1995).[2]

Here Arcom's suit for patent infringement was first filed. PPC's suit in the NDNY, filed three days later, was simply a declaratory judgment action raising the same issues concerning the same patent. *See Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 706 (D. Del. 2001) (case not transferred to the Northern District of California, where the later-filed declaratory judgment actions were pending.

### 2. Arcom's Choice Of Forum And Other Private Interests Require Keeping The Case In Delaware

In the Third Circuit, factors to evaluate in determining whether a defendant has met its burden for transfer include both public and private interests, such as identified in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The private interests include: (1) the plaintiff's forum preference as manifested by the plaintiff's original forum choice; (2) the defendant's

---

[1] All unreported cases are attached to this Brief.
[2] PPC asserts that one of plaintiff's attorneys reneged on an agreement to extend the time for defendant to file an Answer. Arcom decided against that extension, in the interest of moving this case forward, and PPC's attorney was so advised. He was also advised, however, that Arcom's attorney would attempt to secure an extension of two or three days if that was needed, but he declined this short extension and filed an Answer timely. (*See* Trapani Decl. ¶¶ 3-4)

forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses– but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of the books and records. *Id.*

                (a)   <u>Arcom's Choice Of Delaware Deserves Paramount Consideration</u>

The plaintiff's choice of forum is the paramount consideration in the determination of any transfer request. *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 216 (D. Del. 1993), citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970). Indeed, the deference to the plaintiff's choice of forum will apply so long as the plaintiffs have chosen the forum for some legitimate reason. *See Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership*, 882 F. Supp. 359, 362 (D. Del. 1994). *See also, The Joint Stock Society v. Heublein, Inc.*, 936 F. Supp. 177, 186-87 (D. Del. 1996) ("...it is legitimate and rational for a plaintiff to choose between forums based on the relative congestion of the dockets.").

Unlike the plaintiff in the case upon which PPC relies, *Clopay Corp. v. Newell Cos.*, 527 F. Supp. 733 (D. Del. 1981)[3], Arcom has legitimate business reasons for selecting the District of Delaware as its forum. Because of the volume of patent litigation filed in the District of Delaware, Arcom is aware that the judges in this District are knowledgeable about the intricacies of patent law. (Tresness Decl. ¶ 9) Correct interpretation of its patent claims and their validity

---

[3] The *Clopay* plaintiff "offer[ed] little but a recitation of the weight that should be accorded a plaintiff's choice of forum." *Clopay*, 527 F. Supp. at 736. The *Clopay* plaintiff sought to consolidate two Delaware lawsuits against two Midwestern defendants, asserting one patent against both, and a second patent against just one of the defendants. *Id.* at 735-736. The Court held this could lead to jury confusion and was not the most efficient use of judicial resources. *Id.* at 736. The Court observed, "Clopay has offered no substantive reasons, independent of its motion to consolidate, supporting the convenience of litigating in Delaware." *Id.* at 737.

6

has nationwide business consequences for Arcom. (Tresness Decl. ¶ 9)

Additionally, because Arcom expects to try this case, the relative time from filing a complaint to trial is an important financial consideration. (Tresness Decl. ¶ 10) The statistics show that the median time to trial in Delaware is over a year shorter than in the NDNY. (Def. Memorandum, Exhs. D and E to Muldoon Decl.) An additional year of litigation is a substantial expense, as well as an increase in the period of market uncertainty, which Arcom seeks to avoid. (Tresness Decl. ¶ 10) *See Wesley-Jessen Corp.*, 157 F.R.D. at 219 (referring to "the length of time to trial" as a factor impacting overall costs and burden on judicial workload).

(b) <u>Although PPC Prefers The NDNY, It Is A Delaware Corporation</u>

PPC prefers to litigate in the NDNY even though it is a Delaware corporation. As this Court has held:

> At the outset, the fact that [defendant] is incorporated in Delaware should not be disregarded lightly. By incorporating in Delaware, it can be assumed that [defendant] desired the benefits that it believed Delaware provided to chartered corporations. [Defendant] chose Delaware as its legal home and should not now complain that another [party] has decided to sue [defendant] in Delaware.

*Siemens Medical Systems, Inc.*, 1995 U.S. Dist. LEXIS 22334, at *11; *see also, Truth Hardware Corp. v. Ashland Products, Inc.*, 2003 U.S. Dist. LEXIS 409, at *3-*4 (D. Del. Jan. 13, 2003) ("Truth and Ashland are Delaware corporations and should reasonably expect to litigate in the forum.").

PPC's concerns about travel and the transportation of documents are of little concern in today's real world. PPC itself argued this point recently, in response to an adversary's motion to transfer a patent suit from Florida, noting that fact witnesses generally do not travel for their

depositions, and documents are copied and sent to the offices of trial counsel. (*See* pp. 12-15 of Exh. F to Kennedy Decl.)[4]

### (c) Claims Will Arise In Delaware And Elsewhere

PPC argues that it has had very few sales of the accused step attenuators to date, and no sales of them in Delaware. While it is true that to date there have been relatively few sales of the infringing step attenuators, that situation is rapidly changing. Indeed, it is expected that one of PPC's customers, Comcast Corporation, will be a major purchaser of step attenuators, and Comcast reportedly has over 200,000 subscribers in Delaware. (Tresness Decl. ¶ 7)[5]

### (d) Convenience Of The Parties Does Not Tip The Balance Toward Transfer

This Court has observed that "[c]onvenience of the parties is a somewhat archaic notion in the world today. ... Advances in technology have significantly lessened the burden of litigating in a distant district." *Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.*, 2001 U.S. Dist. LEXIS 20803, at *8 -*9 (D. Del. Nov. 28, 2001)  In the present case, PPC's worldwide business and its financial condition are more than sufficient to support litigation in Delaware, its corporate home. As noted above, PPC's business scope and financial condition are evidenced by its sales and distribution centers located throughout the world, its patent litigation throughout the U.S., its 800 employees; and its $68 million in latest-year sales. (Exhs. A, B to Kennedy Decl.)  Indeed, PPC has clearly shown the financial stamina to participate in litigation on a nationwide basis, without any apparent interruption to its business resulting from the absence of employees who would be testifying as witnesses. (Exh. D to Kennedy Decl.)  Given

---

[4] Also, as this Court has observed, discovery will generally occur where the witnesses are located, regardless of the trial venue. *Invitrogen Corp. v. Incyte Genomics, Inc.*, 2002 U.S. Dist. LEXIS 8118, at *9 (D. Del. May 1, 2002).
[5] Comcast Corporation is described in a Memorandum Opinion in *Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d at 698, where it is described as the third largest cable operator in the world, with about 223,023 subscribers in Delaware.

8

this history, PPC's complaints about interruptions from its business in the Syracuse area, and its expenses due to travel and hotels, are not persuasive.

Although Arcom has not selected Syracuse as the place to try this important and consequential case, it offered several legitimate and rational business reasons for trading any mild inconveniences during trial to litigate this case in Delaware, the state of PPC's incorporation. (Tresness Decl. ¶ 9-11) This fact distinguishes Arcom from the plaintiff in *Clopay*[6], as already discussed. Also, the legal malpractice case cited by PPC, *TCW/Camil Holding L.L.C. v. Fox Haron & Camerini LLP*, 2004 WL 1043193 (D. Del. Apr. 30, 2004) has little bearing on the present suit. In addition to the other vast differences between these cases, the movant law firm accused of malpractice in *TCW/Camil Holding* was organized under the laws of New York, not Delaware. *Id.*

Given Arcom's rational and legitimate reasons for bringing suit in Delaware, PPC cannot show that the convenience of the parties tips strongly in favor of defendant. PPC is national in character, and is not likely to be unduly disrupted by having a few employees of its 800-person team travel for trial from Syracuse to Delaware.

    (e) <u>Convenience Of The Witnesses Does Not Tip The Balance Toward Transfer</u>

PPC's burden for this factor concerns convenience of the witnesses but ***only to the extent that the witnesses may actually be unavailable for trial*** in one of the fora. *Jumara*, 55 F.3d at 879 (emphasis added). PPC failed to identify with specificity any witness who would both be needed for trial *and* be unavailable for trial in Delaware. PPC did not provide evidence, or even allege, that its former employee, Mr. Pixley, would be needed for trial or that he would not be

---

[6] *Clopay* is further distinguishable from the present case because the parties here are from the same location. Most pre-trial discovery, including depositions, will all take place in the Syracuse area, at the convenience of both parties.

willing to testify at trial voluntarily. Similarly, PPC did not provide evidence that the trustee of the Tresness Irrevocable Patent Trust would be essential for trial testimony or that he would refuse to appear in Delaware. Indeed, the Trust will soon be a party to this action. PPC has now asserted a counterclaim against the Trust, thereby seeking affirmative action from this Court, even to the extent of bringing in a third party. (D.I. 10) Furthermore, Arcom sees no reason why the trustee of the Trust would not appear if it is deemed necessary and he is asked to appear. (Tresness Decl. ¶ 13)

Beyond the above-named witnesses, the general categories of witnesses identified by PPC lack the specificity to satisfy a "convenience of the witnesses" analysis. Indeed, as PPC argued in its memorandum opposing transfer from the Middle District of Florida to Colorado, "[defendant] failed to explain who those witnesses are and how they would be inconvenienced by traveling to this District to testify at trial." PPC further argued, "[defendant's] failure to specify the witnesses it will call and to detail what their testimony will cover is itself fatal to its motion [to transfer]." (*See* pp. 12-13 of Exh. F to Kennedy Decl.)

The same analysis applies here. Except for Mr. Pixley and the trustee, PPC's broad-brush categories of witnesses (for example, PPC employees most familiar with the design, production, marketing and sales of the accused filters), do not specify with particularity who such people are and whether or why they would refuse to be available for trial in Delaware. These PPC averments of inconvenience to witnesses are too general to meet its burden for transfer.

      (f)  <u>Location Of The Books And Records
Does Not Tip The Balance Toward Transfer</u>

Despite its repeated references to the location of documents, PPC has argued elsewhere, while opposing transfer from the Middle District of Florida, that the location of physical and documentary evidence "merits little consideration in today's real world." (*See* pp. 14-15 of Exh. F to Kennedy Decl.) Similarly in *Motorola Inc. v. PC-Tel, Inc.*, 58 F. Supp. 2d 349, 358 n.12 (D. Del. 1999), the Court stated that "in this age of vastly improved communications and transportation capabilities, the costs of litigating in a distant forum are greatly reduced," and *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 571-72 (D. Del. 2001) ("With new technologies for storing and transmitting information, the burden of gathering and transmitting documents 3,000 miles is probably not significantly more than it is to transport them 30 miles.").

In short, considering all the *Jumara* private interest factors, PPC has failed to meet its burden of establishing that the private interests strongly favor transfer.

**3. Delaware's Patent Savvy And Fast Trials, Among Other Public Interests, Favor Keeping The Case In Delaware**

In the Third Circuit, factors to evaluate in determining whether a defendant has met its burden for transfer include public interests, such as: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara.*, 55 F.3d at 879. Here, the enforceability of a judgment from either district is not in dispute. PPC has not met its burden with respect to the other factors.

11

(a) <u>Trial Will Be Much More Expeditious And Inexpensive In Delaware</u>

As already discussed, trial will be far more expeditious and inexpensive in Delaware, and any local convenience far outweighed, since trial will take place more than a year earlier in Delaware. Further, the savings from a prompt time to trial far outweighs the travel-related expenses that might be associated with a trial in Delaware. *ADE v. KLA-Tencor*, 138 F. Supp. 2d at 571-72; *Wesley-Jessen Corp.*, 157 F.R.D. at 218-19.

(b) <u>The Relative Administrative Difficulty, Local Interest, And Familiarity With State Law Are Not Major Factors Here</u>

The administrative difficulty is undoubtedly considerably less, and certainly no more, in Delaware. This is true in view of this district's extensive experience with patent cases and close familiarity with the intricacies of patent law.

There is no special local interest, since "[p]atent rights are not local or state matters and therefore cannot give rise to a local controversy, or implicate local public policy." *Stratos Lightwave, Inc. v. E2O Communications, Inc.*, 2002 U.S. Dist. LEXIS 5653, at *8 (D. Del. Mar. 26, 2002).

Nor can PPC's conclusory statement be accepted that this case will impact the local economy in Syracuse. If PPC is found to infringe, then Arcom, another Syracuse-based company, will receive the step attenuator business that PPC will be enjoined from receiving. If PPC is found not to infringe, it can continue its step attenuator business in the area, just as Arcom continues its own business. Either way, the business continues in Syracuse.

Thus, PPC has failed to meet its burden that either the public interests or private interests strongly favor transfer.

## V.   CONCLUSION

This Court should defer to Plaintiff Arcom's choice of forum in this patent lawsuit against PPC, a Delaware corporation, and deny PPC's Motion to Transfer Venue to the U.S. District Court for the Northern District of New York.

August 1, 2005                                                      THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
rkirk@bayardfirm.com
*Attorneys for Plaintiff/Counter Defendant
Arrow Communication Laboratories, Inc.*

OF COUNSEL:

R. Terrance Rader
Charles W. Bradley
Linda D. Kennedy
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI  48304
(248) 594-0600

and

Lawrence P. Trapani
4847 Enders Road
P.O. Box 555
Manlius, NY 13104
(315) 727-5304