IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARROW COMMUNICATION <br> LABORATORIES, INC. <br> a New York corporation <br><br>                   Plaintiff, <br> vs. <br><br> JOHN MEZZALINGUA <br> ASSOCIATES, INC. <br> a Delaware corporation <br><br>                   Defendant. | ) <br> ) <br> ) <br> )  Civil Action No. 1:05-357-SLR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DECLARATION OF LAWRENCE P. TRAPANI**
**IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**

I declare under penalty of perjury that the following is true and correct:

1. I am an attorney at law in New York State and the intellectual property law counsel to the Plaintiff, Arrow Communication Laboratories, Inc., d/b/a ARCOM. I make this declaration in opposition to Defendant's motion to transfer venue of this action to the U.S. District Court for the Northern District of New York.

2. The Defendant's attorney, James Muldoon, states in Paragraph 2 of his declaration that it has been ARCOM's contention that PPC infringed one of forty-two claims of U.S. Patent No. 5,745,838 ("the '838 patent"), under the doctrine of equivalents analysis. This statement is incorrect. It has been ARCOM's position, as communicated through me to PPC's in-house patent attorney, that PPC's step attenuators directly and *literally* infringe a number of claims in the '838 patent.

3. Attorney Muldoon mentions in his declaration that he and I reached an agreement regarding a 30-day extension of time to answer the complaint. We discussed such an extension, and I informed Mr. Muldoon that I would have to discuss the proposed extension with my client. He offered to prepare a draft stipulation. A week after our discussion, Mr. Muldoon sent me a draft stipulation for my review. I sent the draft stipulation to ARCOM for review and comment. The purpose of an extension was to allow time for ARCOM and PPC to discuss a resolution of the present patent dispute. However, such discussions did not progress, so ARCOM did not sign the stipulation.

4. On Monday afternoon, June 27, 2005, I received a voice mail message from Attorney Muldoon regarding ARCOM's refusal to sign the stipulation. I returned Attorney Muldoon's call on the same afternoon. I confirmed that ARCOM would not sign the stipulation. I offered to secure Mr. Muldoon a 2 or 3-day extension to file the answer. He told me not to bother, that he had contacted local counsel in Delaware, that local counsel was performing a conflicts check, that he would hear from local counsel on Tuesday morning (June 28th), and that he would be able to prepare an answer with "general denials" by the due date on Wednesday, June 29th.

Executed in Syracuse, New York on this 29th day of July 2005.

_____
Lawrence P. Trapani