IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ARROW COMMUNICATION LABORATORIES, INC., a New York corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN MEZZALINGUA ASSOCIATES, INC., a Delaware corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 05-357-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**TRESNESS IRREVOCABLE PATENT TRUST'S
REPLY AND COUNTERCLAIM**

Counterclaim-Defendant Tresness Irrevocable Patent Trust ("Tresness Trust"), for its Reply to the Counterclaim of Defendant and Counterclaim-Plaintiff John Mezzalingua Associates, doing business as PPC ("PPC"), alleges as follows, using the same paragraph numbers as in the Counterclaim:

    20.    Tresness Trust ADMITS the allegations contained in paragraph 20.

    21.    Tresness Trust ADMITS the allegations contained in paragraph 21.

    22.    Tresness Trust ADMITS the allegations contained in paragraph 22.

    23.    Tresness Trust ADMITS the allegations contained in paragraph 23.

    24.    Tresness Trust DENIES the allegations contained in paragraph 24.

25. Tresness Trust ADMITS that an assignment was executed by the Tresness Irrevocable Patent Trust on June 2, 2005, assigning all right, title and interest in and to the '838 patent to Arcom, *nunc pro tunc* as of January 1, 2004, but DENIES the remaining allegations in paragraph 25.

26. Tresness Trust DENIES the allegations contained in paragraph 26.

27. Tresness Trust DENIES that the PPC filters that have been accused of infringement of the '838 patent are of a superior quality, and that all asserted claims of the '838 patent have been unspecified, but ADMITS the remaining allegations in paragraph 27.

28. Tresness Trust DENIES that all asserted claims of the '838 patent have been unspecified, but ADMITS the remaining allegations in paragraph 28.

29. Replying to paragraph 29, Tresness Trust ADMITS that PPC is denying that its products infringe any claim of the '838 patent and that PPC is asserting that the claims of the '838 patent are invalid, but DENIES that these allegations have any merit.

30. Tresness Trust ADMITS the allegations contained in paragraph 30.

31. Tresness Trust ADMITS the allegations contained in paragraph 31.

32. Tresness Trust DENIES the allegations contained in paragraph 32.

33. Tresness Trust DENIES the allegations contained in paragraph 33.

34. Tresness Trust DENIES the allegations contained in paragraph 34.

35. Tresness Trust DENIES the allegations contained in paragraph 35.

## COUNTERCLAIM AGAINST JOHN MEZZALINGUA ASSOCIATES, INC.

Tresness Irrevocable Patent Trust ("Tresness Trust"), for its Counterclaim against John Mezzalingua Associates, Inc., doing business as PPC ("PPC"), alleges as follows:

### Nature of the Action

1. This is a civil action for patent infringement arising out of the Patent Laws of the United States, Title 35 of the United States Code.

### Parties

2. Counterclaimant Tresness Trust is a trust established under the laws of the State of New York with an office at 2030 Erie Boulevard East, Syracuse, New York 13224.

3. John Mezzalingua Associates, Inc., doing business as PPC, is a Delaware corporation having a principal place of business at 6176 East Molloy Road, East Syracuse, New York 13057.

### Jurisdiction and Venue

4. This court has subject matter jurisdiction of this action under 28 U.S.C. § 1338(a).

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391(c) because PPC is subject to personal jurisdiction in this district.

### Count for Patent Infringement

6. On April 28, 1998, the United States Patent and Trademark Office issued U.S. Patent 5,745,838 ("the '838 patent") entitled "Return Path Filter." A copy of the

597078v1

'838 patent was attached to the Complaint filed by Plaintiff Arrow Communication Laboratories, Inc., doing business as Arcom ("Arcom").

7. Counterclaimant Tresness Trust was the lawful owner of all right, title and interest in and to the '838 patent and has assigned its rights to Plaintiff Arcom.

8. PPC is infringing the '838 patent by manufacturing, selling and offering for sale in the United States, and by importing into the United States, electronic filters covered by one or more of the claims of the '838 patent, and PPC is actively inducing others to infringe said patent. The infringing electronic filters include, at least, PPC's Step Attenuators sold under model numbers, PPC Product #: SSA8-54, PPC Product #: SSA12-54, PPC Product #: SSA16-54, and Product #: SSA *-*.

9. PPC's infringement and active inducement of others to infringe has been willful and deliberate.

10. If Counterclaimant Tresness Trust retains any rights in the '838 patent, it has suffered damages as a consequence of PPC's infringement of the '838 patent and PPC's active inducement of others to infringe said patent.

11. If Counterclaimant Tresness Trust retains any rights in the '838 patent, it continues to suffer harm as a consequence of PPC's infringement of the '838 patent and PPC's active inducement of others to infringe said patent. This continued harm cannot be cured solely by monetary damages.

12. If Counterclaimant Tresness Trust retains any rights in the '838 patent, it will suffer additional damages unless PPC is enjoined from continuing its infringement of the '838 patent and its active inducement of others to infringe.

## DEMAND

**WHEREFORE**, Counterclaimant Tresness Trust demands judgment

(a) awarding Counterclaimant Tresness Trust damages together with interest and costs to compensate it for PPC's infringement of the '838 patent, in accordance with 35 U.S.C. § 284,

(b) increasing the award by three times the amount found or assessed, in accordance with 35 U.S.C. § 284,

(c) enjoining PPC, its officers, agents, servants, employees, and attorneys, and all those in concert or participation with PPC who receive actual notice, from engaging in acts of infringement of the '838 patent, in accordance with 35 U.S.C. § 283,

(d) awarding Counterclaimant Tresness Trust its attorneys' fees, in accordance with 35 U.S.C. § 285, and its costs, and

(e) such other and further relief as the Court may deem just and proper.

August 8, 2005                THE BAYARD FIRM

/s/ Richard D. Kirk
Richard D. Kirk (rk0922)
rkirk@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
*Attorneys for Counterclaim Defendant and Counterclaimant Tresness Irrevocable Patent Trust*

597078v1

OF COUNSEL:

R. Terrance Rader
Charles W. Bradley
Linda D. Kennedy
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
(248) 594-0600

Lawrence P. Trapani
4847 Enders Road
P.O. Box 555
Manlius, NY 13104
(315) 727-5304

597078v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 8, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B. Bove
Kevin Baird
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com
kbaird@cblh.com

The undersigned counsel further certifies that copies of the foregoing document were sent by email and by hand to the above local counsel and by email and first class mail to the following non-registered participants:

James R. Muldoon
John A. Wasleff
Wall, Marjama & Bilinski, LLP
101 South Salina Street, Suite 400
Syracuse, NY 13202

_____
Richard D. Kirk (#0922)