UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ARROW COMMUNICATION
LABORATORIES, INC.,

        Plaintiff,

-vs-

JOHN MEZZALINGUA
ASSOCIATES, INC., d/b/a PPC,

        Defendant.

Civil Action No.
1:05-CV-357-SLR

## DECLARATION OF STEPHEN MALAK

STEPHEN MALAK, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1. I am Vice President and General Counsel of John Mezzalingua Associates, Inc., which does business as PPC ("PPC"), Defendant in the above-captioned action. I make this Declaration in further support of PPC's motion to transfer venue of this action pursuant to 28 U.S.C. § 1404(a) to the Northern District of New York.

2. This factual information provided below is based on my own personal knowledge or after review of relevant corporate records by me or others under my direction.

3. The Dun & Bradstreet report that Arcom appears to rely upon in opposition to PPC's motion contains information that is substantially inaccurate and outdated. For example, of the twenty-eight individuals listed as employed by PPC in the report, twenty of them are no longer with the company. Some of the individuals listed haven't worked for PPC for at least ten years.

1

4. PPC presently employs approximately 500 individuals. Approximately 435 (87%) of PPC's employees are based out of PPC's principal place of business at 6176 East Molloy Road, East Syracuse, New York. The Syracuse based employees include PPC's modestly sized in-house U.S. sales force of approximately twelve employees who work from their home offices across the country, but not in Delaware, and approximately six employees or in sales offices outside of the United States.

5. The remaining approximately sixty or sixty-five employees work in PPC's facility in Denmark, which was created primarily to service an international market.

6. I have been personally involved in various negotiations between PPC and representatives of Arcom. The meetings have always occurred in or around Syracuse, New York because the principals of both PPC and Arcom, and Arcom's outside intellectual property counsel, Lawrence Trapani, all reside in the greater Syracuse metropolitan region.

7. In approximately February 2001, PPC and Arcom executed a Settlement Agreement submitted by Arcom regarding allegations that PPC's TSA series filters infringed the '838 patent. In our discussions with Arcom at that time, PPC has always contended that its products do not infringe the '838 patent and that the '838 patent is invalid.

8. Approximately 18 months later, PPC introduced its SSA series filters. As early as September 2002, PPC and Arcom were discussing Arcom's allegations or concerns that the SSA series infringed the '838 patent.

9. In approximately November 2002, PPC provided a sample of its SSA filters for Arcom to inspect and test. Shortly thereafter, Arcom explicitly asserted that the SSA series filters infringed the '838 patent. PPC has denied that the SSA filters infringe and again asserted that the '838 patent is invalid.

10. Discussions regarding this dispute have been held on and off for almost the past three years.

11. I understand that Arcom has presented a list of lawsuits in which PPC has litigated in various federal district courts, specifically mentioning Florida, Arizona, Colorado, Wisconsin, Tennessee and Oklahoma. After eliminating the double entries on the list, in those lawsuits where PPC was the plaintiff, the venue of these lawsuits was principally determined by PPC's ability to obtain jurisdiction over the defendants, or by the locus of substantial infringing activity.

12. For example, as noted in the copy of PPC's brief submitted by Arcom from the Florida Antec litigation, Florida was the single largest market for coaxial cable connectors encompassing approximately 30% of PPC drop connector sales. Moreover, there was substantial competition by the accused infringers in Florida, and one of the CATV industries largest trade shows occurred in Orlando, Florida. Therefore, Florida was an appropriate venue for these lawsuits, and Antec withdrew its motion to transfer venue within days after the filing of PPC's opposition to its motion to transfer venue.

13. The lawsuit in Arizona was originally filed in Florida for the same reasons set forth above, but was later transferred to the U.S. District Court in Phoenix.

14. The patent litigation in Colorado was commenced there because the defendants included an individual resident of that state and a small Colorado company. It would have been difficult to obtain jurisdiction over these defendants elsewhere.

15. PPC commenced two parallel patent infringement actions in the Western District of Wisconsin because that District was a location where jurisdiction over the defendant in each action was proper and the trials and discovery were able to be efficiently coordinated to

minimize the inconvenience to the parties and witnesses. In fact, the trials ran concurrently in adjacent courtrooms so the common witnesses were not inconvenienced by two extended absences from their employment.

16. The Oklahoma action was similarly venued in a location where substantial infringing activity (sales of infringing goods by the defendant) was occurring.

17. In the ongoing Tennessee action, PPC is a defendant and had no choice in determining venue.

18. In addition to the PPC employees likely to testify identified in the Declaration of John Mezzalingua submitted in support of this motion (John Mezzalingua, Frank Parella, Michael Stys and Ahmet Burak Olcen), two additional PPC technical employees are likely to testify regarding CATV filter products of PPC and its competitors and of the state of the art at the time of the invention of the '838 patent. They are Raymond Palinkas and Steven Shafer who are named inventors on several patents assigned to PPC in this technology.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August ___, 2005
at Syracuse, New York.

_____
STEPHEN MALAK

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

> Richard D. Kirk, Esquire
> The Bayard Firm
> 222 Delaware Avenue
> Suite 900
> Wilmington, DE 19801

I hereby certify that on August 8, 2005, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

| By Hand Delivery | By First Class Mail |
| --- | --- |
| Richard D. Kirk, Esquire<br>The Bayard Firm<br>222 Delaware Avenue<br>Suite 900<br>Wilmington, DE 19801 | Lawrence P. Trapani, Esquire<br>4847 Enders Road<br>P.O. Box 555<br>Manlius, NY 13104 |

/s/ Jeffrey B. Bove
Jeffrey B. Bove, #998
Kevin M. Baird, #4219
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899-2207
(302) 658-9141

*Attorneys for Defendant John Mezzalingua Associates, Inc. d/b/a PPC*