UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ARROW COMMUNICATION
LABORATORIES, INC.,

          Plaintiff,

      -vs-

JOHN MEZZALINGUA
ASSOCIATES, INC., d/b/a PPC,

          Defendant.

Civil Action No.
1:05-CV-357-SLR

## REPLY DECLARATION OF JAMES MULDOON

JAMES MULDOON, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.    I am a partner in the intellectual property law firm of Wall Marjama & Bilinski LLP, attorneys for John Mezzalingua Associates, Inc., which does business as PPC ("PPC"), Defendant in the above referenced lawsuit. I make this Reply Declaration in support of the motion of PPC to transfer venue of this action to the U. S. District Court for the Northern District of New York, Syracuse Division.

2.    Prior to moving my practice to Wall Marjama & Bilinski LLP, I was the Chair of the Intellectual Property Department of Hancock & Estabrook LLP in Syracuse, New York, and since approximately 1998, I was the attorney primarily responsible for coordination and oversight of PPC's legal matters handled by that firm.

3.    As I previously testified, for several years, attorneys for Plaintiff Arrow Communication Laboratories, Inc. ("Arcom") have corresponded and discussed with attorneys for Defendant PPC regarding Arcom's contention that PPC infringed U.S. Patent No. 5,745,838

("the '838 patent"). I was aware of and personally oversaw the communications between Arcom's outside attorney, Larry Trapani, and several attorneys at Hancock & Estabrook.

4.    Attached to this Reply Declaration as **Exhibit G**, is a copy of a letter dated September 6, 2002, from Attorney Trapani to my former partner George McGuire regarding PPC's SSA CATV filters and Arcom's concerns regarding possible infringement of the '838 patent.

5.    Attached to this Reply Declaration as **Exhibit H** is a copy of a letter dated September 24, 2002 from Mr. McGuire responding to Attorney Trapani's letter and forwarding a proposed confidentiality agreement for the disclosure of technical information regarding PPC's new filter design.

6.    Attached to this Reply Declaration as **Exhibit I** is a copy of a letter dated November 20, 2002, in which Hancock & Estabrook provided Attorney Trapani with a sample of the SSA filter product for testing and evaluation on behalf of Arcom.

7.    Shortly thereafter, Attorney Trapani communicated Arcom's assertion that PPC's SSA filters infringed the '838 patent.

8.    For at least the past ten years, I have practiced principally in the field of intellectual property litigation. The majority of the cases that I have been involved with are venued in the Northern District of New York.

9.    I have reviewed the list of actions posted in the PACER system for the U.S. District Court for the Northern District of New York. Over the past ten years, approximately 114 cases have been filed in the Northern District with a listing of "Patents" (code 830) as the subject matter of the lawsuit.

10. Based on my review of the PACER records, conversations with the Northern District Clerk's Office and with other intellectual property litigation specialists within the District, the cases on that list of which I am aware going to trial had an average time of filing to trial of approximately 23 months.

11. Attached to this Reply Declaration as **Exhibit J** is a copy of a recent listing of Fortune 500 companies and their respective revenues and profits.

12. In addition to the inaccuracies noted in the Declaration of Stephen Malak regarding the information contained in the Dun & Bradstreet report relied upon by Plaintiff, Arcom also submits a misleading list of PACER listings, which have double entries for each patent litigation in which PPC has been involved, and a misleading airline schedule which fails to take into account joint airline marketing practices of "code sharing" flights, such that a single flight can be listed by multiple airlines each using a different flight number for the same airplane departing Syracuse for Philadelphia. A print out from the United Airlines web page indicating that each of its flights between Syracuse and Philadelphia is operated by US Airways is attached to this Reply Declaration as **Exhibit K.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 8, 2005

at Syracuse, New York.

JAMES R. MULDOON

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

> Richard D. Kirk, Esquire
> The Bayard Firm
> 222 Delaware Avenue
> Suite 900
> Wilmington, DE 19801

I hereby certify that on August 8, 2005, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

| By Hand Delivery | By First Class Mail |
|---|---|
| Richard D. Kirk, Esquire<br>The Bayard Firm<br>222 Delaware Avenue<br>Suite 900<br>Wilmington, DE 19801 | Lawrence P. Trapani, Esquire<br>4847 Enders Road<br>P.O. Box 555<br>Manlius, NY 13104 |

/s/ Jeffrey B. Bove
Jeffrey B. Bove, #998
Kevin M. Baird, #4219
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899-2207
(302) 658-9141

*Attorneys for Defendant John Mezzalingua Associates, Inc. d/b/a PPC*

15