IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

ARROW COMMUNICATION                )
LABORATORIES, INC.,                )
a New York corporation,            )
                                   )
            Plaintiff,             )
                                   )
        v.                         )
                                   )    C.A. No. 05-357-SLR
JOHN MEZZALINGUA                   )
ASSOCIATES, INC.,                  )
a Delaware corporation,            )
                                   )
            Defendant.             )
                                   )
_____)

**[JOINT PROPOSED] SCHEDULING ORDER**

1. **Pre-Discovery Disclosures**. The parties will exchange by August 19, 2005 the

information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

(a) Discovery will be needed on the following subjects:

Plaintiff contends that discovery will be needed with respect to at least the

following: (1) Defendant's direct and indirect infringement of the valid and enforceable U.S.

Patent No. 5,745,838 ("the '838 patent"); (2) Defendant's willful infringement of the '838 patent;

(3) Defendant's settlement agreement regarding its earlier infringement of the '838 patent with

Tresness Irrevocable Patent Trust; (4) Damages resulting from Plaintiff's infringement, including

lost profits, reasonable royalty, and treble damages relating to willful infringement; and (5) Sales

of PPC's accused SSA filter products.

Defendant contends that discovery will be needed with respect to at least the

following: (1) Plaintiff's purported invention of the claimed subject matter of the '838 patent; (2)

597147v1

prosecution of the '838 patent application; (3) Plaintiff's first public use, sale or offer for sale of a product incorporating the claimed subject matter; (4) the scope and content of the prior art at the time of the claimed invention, including the manufacture, sale and importation of certain CATV filter products by Videotron, Ltd., a now defunct Canadian and U.K. corporation; (5) the structure, function and operation of the components of PPC's accused SSA filters; (6) notice of the accused infringing activity and delay in commencing this action; (7) the license agreement between Plaintiff and Tresness Irrevocable Patent Trust; (8) ownership of the rights in the '838 patent including the transfer of the interest therein from the Tresness Trust to Plaintiff on the eve of filing this action; (9) sales of PPC's accused SSA filter products; (10) damages discovery depending on the theory advanced by Plaintiff.

(b) All fact discovery shall be commenced in time to be completed by[1] [plaintiff proposes February 17, 2006] [defendant proposes March 31, 2006].

(1) Document production shall be completed on or before November 18, 2005.

(2) Maximum of 25 interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

---

[1] The parties differ in certain respects. Their differences are noted throughout in brackets showing both the plaintiff's proposal and the defendant's proposal.

(4) [Plaintiff proposes <u>no limit</u> on the number of requests for admission by each party to any other party.] [Defendant proposes a maximum of <u>50</u> requests for admission by each party to any other party.]

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Consistent with the Federal Rules of Civil Procedure, each side is limited to 10 fact depositions of no more than 7 hours each.

(c) Expert discovery shall be commenced in time to be completed by [plaintiff proposes <u>April 21, 2006</u>] [defendant proposes <u>May 26, 2006</u>].

(1) Expert reports on issues for which the parties have the burden of proof due [plaintiff proposes <u>March 3, 2006</u>] [defendant proposes <u>April 21, 2006</u>].  Rebuttal expert reports due [plaintiff proposes <u>March 17, 2006</u>] [defendant proposes <u>May 5, 2006</u>].

(2) Expert depositions to be limited to a maximum of <u>12</u> hours unless extended by agreement of the parties.

(3) All *Daubert* motions shall be filed on or before [plaintiff proposes <u>May 11, 2006</u>] [defendant proposes <u>June 9, 2006</u>].

(d) If willfulness has been asserted and absent agreement among the parties, the defendant must inform plaintiff as to whether it intends to rely on advice of counsel by [plaintiff proposes <u>October 3, 2005</u>] [defendant proposes <u>January 20, 2006</u>].  If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendant to its counsel and whatever other materials related to the issues in dispute that defendant had in its possession at the time the advice was sought.

597147v1

(e) Supplementations under Rule 26(e) shall be due on December 15, 2005, and again thirty days before the close of fact discovery and thirty days before the start of trial.

(f) **Discovery Disputes**.

(1) The court shall conduct in-person discovery status conferences on November 8, 2005 at _____m., and on [plaintiff proposes January 12, 2006] [defendant proposes January 26, 2006] at _____m., the time to be allocated equally among the parties.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before October 3, 2005.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on [plaintiff proposes May 18, 2006] [defendant proposes June 23, 2006], the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before [plaintiff proposes June 9, 2006] [defendant proposes July 21, 2006]. Briefing shall be pursuant to D. Del. LR 7.1.2.  No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

7. **Claim Construction**. The parties shall agree upon and file the Joint Claim Construction Statement on [plaintiff proposes May 25, 2006] [defendant proposes July 7, 2006], with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on [plaintiff proposes June 9, 2006] [defendant proposes July 21, 2006]. Simultaneous response briefs should be filed by [plaintiff proposes June 30, 2006] [defendant proposes August 11, 2006].  Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on [plaintiff proposes August ___, 2006] [defendant proposes September ___, 2006] at _____.m.

8. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions *in Limine***. **No** motions *in limine* shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference**. A pretrial conference will be held on [plaintiff proposes October __, 2006] [defendant proposes November 15, 2006] at __m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial**. This matter is scheduled for a [plaintiff and defendant jointly propose a jury trial of 7 trial days commencing on [plaintiff proposes November __, 2006] [defendant proposes December 4, 2006] in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

SO ORDERED:                                    _____

                                               United States District Judge