IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARROW COMMUNICATION<br>LABORATORIES, INC.,<br>a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MEZZALINGUA<br>ASSOCIATES, INC.,<br>a Delaware corporation,<br><br>Defendant. | C.A. No. 05-357-SLR |

**PLAINTIFF ARROW COMMUNICATION LABORATORIES, INC.'S
(1) MOTION TO STRIKE DECLARATION OF HENRY PIXLEY (D.I.21);
(2) MOTION TO STRIKE PORTION OF REPLY DECLARATION OF
JAMES MULDOON (D.I. 23); OR, IN THE ALTERNATIVE, MOTION
FOR LEAVE TO FILE SURREPLY BRIEF**

Plaintiff Arrow Communication Laboratories, Inc. ("Arcom") hereby moves

(1) to strike the Declaration of Henry Pixley (D.I. 21)(the "Pixley Declaration")

submitted in support of the motion of defendant John Mezzalingua Associates, Inc.

("PPC") to transfer this action; (2) to strike paragraph 10 of the Reply Declaration of

James Muldoon (D.I. 23)(the "Muldoon Reply Declaration"); or (3) in the alternative, for

leave to file a surreply brief.

Pursuant to Local Rule 7.1.2(a), Arcom waives its right to file a separate opening

brief in support of this motion. Instead, Arcom states in support of this motion as

follows:

## MOTION TO STRIKE PIXLEY DECLARATION

1.      PPC filed a Motion to Transfer on July 18, 2005 (D.I. 6)(the "Transfer

Motion").  In support thereof, PPC submitted the declarations of John Mezzalingua (D.I.

8) and James Muldoon (D.I. 9).

2.      At the time it submitted the Transfer Motion and the opening brief and

two supporting declarations, PPC knew or should have known of the many decisions of

this Court that turn, in significant part, on whether a movant had identified with

specificity and in the record any important witnesses who would be unavailable to testify

at trial in Delaware.  See *Kuck v. Veritas Software Corporation*, 2005 WL 123744 at *3

(D.Del. Jan. 14, 2005); *Jones Pharma, Inc. v. KV Phamaceuicals Co.*, C.A. No. 03-786-

JJF (D.Del. Feb. 17, 2004); *BAE Systems Aircraft Controls Inc. v. Eclipse Aviation Corp.*,

224 F.R.D. 581, 588 (D. Del. 2004); *Tsoukanelis v. Country Pure Foods, Inc.*, 337 F.

Supp. 2d 600, 604 (D.Del. 2004); *Argos v. Orthotec LLC*, 304 F. Supp. 2d 591, 598

(D.Del. 2004); *R2 Technology, Inc. v. Intelligent Systems Software, Inc.*, 2002 WL

31260049 at *2 (D.Del. Oct. 9, 2002); *Stratos Lightwave, Inc. v. E2O Communications,

Inc.*, 2002 U.S. Dist. LEXIS 5653, at *2 (D. Del. Mar. 26, 2002); and *Asten Inc. v.

Weavexx Corporation*, 2000 WL 1728354 at *5 (D.Del. Feb. 11, 2000).

3.      At the time it submitted the Transfer Motion and the opening brief and

two supporting declarations, PPC knew that Henry Pixley was a non-party witness whose

availability might become a focal point on the Transfer Motion.  PPC said,

> Additionally, Mr. Henry Pixley, a former employee of PPC was
> involved in the effort to design PPC's step attenuation filters. He
> would therefore have significant testimony pertaining to both
> infringement and willfulness. He also lives in the Syracuse area
> and is not subject to the subpoena power of this Court.

PPC's Reply Brief (D.I. 7) at 11.

4.     Nonetheless, PPC did not supply the Pixley Declaration with the Transfer
Motion and opening brief. Instead, PPC waited until after Arcom had noted its factual
deficiency before submitting the Pixley Declaration with its reply brief (D.I. 7).

5.     Local Rule 7.1.3 (c)(2) provides as follows: "The party filing the opening
brief shall not reserve material for the reply brief which should have been included in a
full and fair opening brief." PPC's submission of the Pixley Declaration with its reply
brief is in direct violation of Local Rule 7.1.3 (c)(2). Clearly, everything in the Pixley
Declaration was known or should have been known to PPC when it filed the Transfer
Motion and opening brief. A "full and fair" presentation of PPC's motion and opening
brief should have included the material later contained in the Pixley Declaration.

6.     Therefore, even though the Pixley declaration fails to assert that Mr.
Pixley refuses to attend trial in Wilmington, and PPC has presented no evidence that Mr.
Pixley's testimony is necessary, the Pixley Declaration has clearly been belatedly
introduced solely in support of PPC's claim of Mr. Pixley's unavailability.

7.     PPC cannot reasonably claim that the Pixley Declaration was just a
rebuttal to Arcom's Answering Brief. The Pixley Declaration was only a response to
Arcom's Answering Brief in the sense that Arcom had pointed out that PPC had not
supported its vague suggestions of witness unavailability with any specific declarations.

Considering the Pixley Declaration as a rebuttal to Arcom's Answering Brief would allow PPC to circumvent the requirements of Local Rule 7.1.3 (c)(2).

WHEREFORE, Arcom respectfully requests the Court to strike the Pixley Declaration because its submission with PPC's reply brief clearly contravenes Local Rule 7.1.3 (c)(2).

## MOTION TO STRIKE PORTION OF REPLY DECLARATION

8.      In support of the Transfer Motion, PPC submitted the deposition of its counsel, James Muldoon (D.I. 9)(the "First Muldoon Declaration"). The First Muldoon Declaration incorporated as Exhibits D and E pages from the Federal Courts Management Statistics Report on the Federal Courts website (www.uscourts.gov) showing "Judicial Caseload Profiles." Part of those exhibits compared the median time "from filing to trial" for the District of Delaware (Exhibit D) and the Northern District of New York (Exhibit E). By submitting those exhibits, the declarant asked the Court to rely on them.

9.      In its answering brief, Arcom accepted as true the data contained in Exhibits D and E to the First Muldoon Declaration. Arcom's Answering Brief (D.I. 13) at 3.

10.     In connection with its Reply Brief (D.I. 7), PPC submitted the Muldoon Reply Declaration. In paragraph 10 of the Muldoon Reply Declaration, the declarant states that, based on his own undocumented review of certain information and conversations with other people, he believes that the "time of filing to time of trial" for patent cases known to him in the Northern District of New York is something other than what was shown in Exhibit E to the First Muldoon Declaration.

11.    Local Rule 7.1.3 (c)(2) provides as follows: "The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." Paragraph 10 of the Muldoon Reply Declaration is a violation of Local Rule 7.1.3 (c)(2). Mr. Muldoon submitted Exhibits D and E with the First Muldoon Declaration. If he did not believe they contained accurate data for patent cases he could have conducted whatever independent research he wanted to in time to include the results thereof in the First Muldoon Declaration, so that Arcom would have the ability to test it out. By waiting until the Reply Brief, the declarant violated Local Rule 7.1.3 (c)(2).

12.    Additionally, paragraph 10 should be stricken because it consists largely of hearsay: The declarant states, in essence, that he spoke to other people and that, based on what they told him, he believes something to be true. That is hearsay and should be disregarded in any event.

WHEREFORE, Arcom respectfully requests the Court to strike paragraph 10 of the Muldoon Reply Declaration because its submission with PPC's reply brief contravenes Local Rule 7.1.3 (c)(2) and because it is based on inadmissible hearsay.

<u>MOTION FOR LEAVE TO SUBMIT SUR-REPLY</u>

12.    If the Court were inclined to deny Arcom's motions to strike, Arcom respectfully moves, in the alternative, for leave to file a sur-reply brief on the Transfer Motion to address the matters submitted for the first time in PPC's Reply Brief and supporting papers.

August 12, 2005

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
rkirk@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
*Attorneys for Arrow Communication*
*Laboratories, Inc. and Tresness*
*Irrevocable Patent Trust*

OF COUNSEL:

R. Terrance Rader
Charles W. Bradley
Linda D. Kennedy
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI  48304
(248) 594-0600

and

Lawrence P. Trapani
4847 Enders Road
P.O. Box 555
Manlius, NY 13104
(315) 727-5304

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ARROW COMMUNICATION LABORATORIES, INC., a New York corporation, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) C.A. No. 05-357-SLR |
| JOHN MEZZALINGUA ASSOCIATES, INC., a Delaware corporation, | ) ) ) ) |
| Defendant. | ) ) ) ) |

## LOCAL RULE 7.1.1 STATEMENT

Plaintiff Arrow Communication Laboratories, Inc., by and through its attorneys,

hereby states, pursuant to Local Rule 7.1.1, that its attorneys making the within Motion to

Strike have made a reasonable effort to reach agreement with opposing counsel on the

matters set forth in the motion, but that agreement was not forthcoming.

August 12, 2005

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
rkirk@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
*Attorneys for Arrow Communication
Laboratories, Inc. and Tresness
Irrevocable Patent Trust*

OF COUNSEL:
R. Terrance Rader
Charles W. Bradley
Linda D. Kennedy
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
(248) 594-0600

and

Lawrence P. Trapani
4847 Enders Road
P.O. Box 555
Manlius, NY 13104
(315) 727-5304

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 1, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

> Jeffrey B. Bove, Esquire
> Kevin Baird, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899-2207
> jbove@cblh.com
> kbaird@cblh.com

The undersigned counsel further certifies that copies of the foregoing document were sent by email and by hand to the above local counsel and by email and first class mail to the following non-registered participants:

> James R. Muldoon, Esquire
> John A. Wasleff, Esquire
> Wall, Marjama & Bilinski, LLP
> 101 South Salina Street, Suite 400
> Syracuse, NY 13202

/s/ Richard D. Kirk (rk0922)
rkirk@bayardfirm.com

596264v1