IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARROW COMMUNICATION LABORATORIES, INC.,       )<br>)<br>Plaintiff/Counterclaim )<br>Defendant,      )<br>)<br>v.       )<br>)<br>JOHN MEZZALINGUA ASSOCIATES, INC., d/b/a PPC,      )<br>)<br>Defendant/Counterclaim )<br>Plaintiff.      ) | C.A. No. 05-357-SLR |

**DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S
<u>MOTION TO STRIKE AND FOR LEAVE TO FILE SURREPLY</u>**

CONNOLLY BOVE LODGE & HUTZ LLP
Jeffrey B. Bove (# 998)
Kevin M. Baird (# 4219)
The Nemours Building
1007 North Orange Street, Suite 878
Wilmington, DE 19801
Tel: (302) 658-9141
Fax: (302) 658-5614
jbove@cblh.com

*Attorneys for Defendant*

Of Counsel:

James R. Muldoon
WALL, MARJAMA & BILINSKI, LLP
101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile:  (315) 425-9114

I.  **INTRODUCTION**

Plaintiff's Motion to Strike is entirely without merit. Neither the Pixley declaration nor the Muldoon Reply declaration raises any new issue that was not part of PPC's opening motion papers. Rather, they merely respond to Plaintiff's contentions and supplement the factual record in further support of the arguments made in PPC's Opening Brief. Furthermore, most of the disputed material in the Muldoon Reply declaration is based on personal knowledge, and the balance is admissible under the Federal Rules of Evidence. As both declarations are factual in character and respond to issues raised by Plaintiff's opposition, Arcom is not entitled to a sur-reply. No further argument can alter the facts presented, and there is no need to hear Plaintiff's legal arguments yet again.

II.  **ARGUMENT**

Apparently unsatisfied to rest on the merits of the record before the Court, Plaintiff is attempting to purge the record of facts that do not favor maintaining this lawsuit between two Syracuse companies in the District of Delaware. Chiefly, Plaintiff argues that the Pixley declaration and paragraph 10 of the Muldoon Reply declaration should have been included in PPC's Opening Brief. Additionally, Plaintiff argues that attorney Muldoon's testimony in paragraph 10 is inadmissible hearsay.

The Delaware Local Rules,[1] however, explicitly provide for the submission of new factual matter that simply answers contentions made in plaintiff's answering brief.[2] The only

---

[1] Plaintiff attempts to firmly rely upon the Court's Local Rules where its own compliance with Del. LR 7.1.1 is suspect. On Friday morning, August 12, 2005 Arcom's attorney Richard Kirk sent an e-mail to PPC's lead attorney Muldoon while he was in depositions in Utah on that day. Mr. Kirk declared that if PPC did not immediately withdraw the Pixley and Muldoon declarations Plaintiff would file a motion to strike the testimony in question. Arcom's motions to strike were filed a few hours after the e-mail that afternoon without response from attorney Muldoon. This Court can determine whether on these facts Arcom is in compliance with the Local Rules. PPC acknowledges, however, that it has no intention of withdrawing the disputed material, and does not expect Arcom to be persuaded by its response.

1

limitation is that the reply brief should not unfairly surprise the plaintiff with new arguments or contentions that deny a legitimate opportunity to rebut. *See Multi-Tech, Inc. v. Components, Inc.*, 708 F. Supp. 615, 619 (D. Del. 1989) (purpose of corresponding former section of local rules is to ensure that answering party is not unfairly surprised by arguments first advanced in opponent's reply brief).

### A. The Pixley Declaration Merely Elaborates On The Assertions Made In The Opening Brief

In its Opening Brief and supporting declarations, PPC noted that Mr. Henry Pixley had significant knowledge of the design and development of the accused devices that would be important to PPC's defense. PPC also noted that he was now a non-party witness living in Syracuse, not under the control of PPC, and not subject to the subpoena power of this Court. (Declaration of John Mezzalingua dated July 15, 2005, ¶ 23; Opening Br. at 11).[3] From these facts, one can infer that traveling to Delaware would be at least an imposition on Mr. Pixley, which most people would not undertake gratuitously no matter how much goodwill they might have towards a former employer.

Ignoring these factual assertions of the Mezzalingua Declaration, Plaintiff protested that PPC had made an insufficient showing that Mr. Pixley was, in fact, unavailable as a witness for trial in Delaware.[4] Therefore, PPC contacted Mr. Pixley, a non-party witness, and gave him the

---

[2] Del. Loc. R. 7.1.2 refers to the reply brief *and accompanying affidavits*. Moreover, Del. Loc. R. 7.1.3(c)(2) states that there shall not be repetition of materials contained in the opening brief.

[3] Paragraph 23 of the Mezzalingua Declaration states:
> Additionally, one of PPC's former employees, Henry Pixley, was personally involved in the design and development of PPC's step attenuation filters. Upon information and belief, Mr. Pixley's still resides in East Syracuse, New York and, therefore, would not be subject to process requiring him to testify in person at a trial in the District of Delaware.

[4] To some extent, such a requirement requires litigants to become prophets without their gift. Potential witnesses can change their minds one way or another, and events can intervene to alter the availability of

opportunity to express in his own words his employment situation and his attitude as to his availability to testify in Delaware. Now Plaintiff complains because PPC walked through the door that it opened, and moves to strike the Pixley declaration.

Plaintiff's complaint is not that the Pixley declaration gives rise to an entirely new line of argument, only that it presents further evidence about which Plaintiff's comments have not been heard. Arcom cannot reasonably argue, however, that it is aware of facts that could refute the statements in the Pixley declaration. It is his statement of his current work responsibilities and his attitude towards coming to Delaware to give testimony. A sur-reply could only allow Plaintiff to argue that the declaration is legally inadequate, which it has already done in its Motion to Strike.[5]

Neither can Arcom complain that the declaration constitutes a surprise. In fact, the Pixley declaration only adds his credibility to the factual assertions PPC made in the first instance. PPC initially argued that it would be very difficult if not impossible for PPC to obtain Mr. Pixley's testimony in Delaware. The declaration confirms that it will be very difficult if not impossible to obtain Mr. Pixley's testimony in Delaware. It is also no surprise that a busy man would be disinclined to take from his limited vacation or other personal days to testify in another state without being suitably compensated for that sacrifice.

---

witnesses as the time of trial approaches. Furthermore, it is difficult for either party to predict its witness list at the outset of litigation. As noted in the Opening Brief, the Syracuse area is the residence of many individuals having knowledge as to the state of the art at various times, prior art devices, and the meaning of claim terms to a person of ordinary skill in the art. In advance of discovery, however, PPC has limited capability to evaluate the testimony of such third party witnesses, much less prove that they would not come to trial in Delaware. As a general matter, however, such persons would be much more unlikely to assist in PPC's defense if it means coming to Delaware.

[5] What Arcom has to say about the Pixley declaration is quite evident in paragraph 6 of their motion to strike. A sur-reply would merely allow them to say it again with more verbiage.

3

Unfortunately, the law prohibits compensation that is commensurate with the real value of such personal time. Whether these facts add up to unavailability in Mr. Pixley's case is for the Court to decide. In any view of the matter, however, this situation deserves consideration by the Court in ruling on the transfer motion. Mr. Pixley's difficulty in appearing as a witness in Delaware is evident on the face of his declaration. The Court does not need further legal argument to evaluate his situation in light of the "convenience of witnesses" factor. His declaration therefore furnishes no pretext for a sur-reply brief.

### B. Paragraph 10 Of The Muldoon Reply Declaration Is Largely Based On Personal Knowledge And The Balance Is Admissible Under Fed. R. Evid. 807

Plaintiff moves to strike paragraph 10 of the Muldoon Reply declaration. Arcom argues that the content of this paragraph should have been included in the Opening Brief, and further that the Muldoon testimony is inadmissible hearsay. These arguments are entirely without merit.

In its Opening Brief, PPC submitted official data available from the federal court management center, and argued that data regarding the mean time to disposition and the weighted court filings support transfer of this action (since the vast majority of patent cases settle). PPC had neither any basis nor any obligation to speculate that Arcom's response would ignore these statistics and argue that the mean time to trial of all civil actions was more pertinent to the Court's transfer decision. Once Arcom attempted to justify its position on that basis, however, PPC was certainly permitted to present other evidence and analysis to refute Plaintiff's contention.

Since this is a patent case, the mean time to trial for patent cases in the Northern District is the statistic that would be most helpful to the Court's consideration. Although the Northern District does not furnish statistics by category of civil cases, this gap in official records does not mean that there is no relevant information available. The Muldoon Reply declaration presents

more pertinent data than that available from the publicly available court records of the Northern District of New York.

Plaintiff discovers a newfound allegiance to the Federal Rules of Evidence and argues that Mr. Muldoon's analysis is inadmissible hearsay. It is worth nothing that were Arcom's own submissions to be examined in light of the hearsay rule, several of them would not survive even preliminary scrutiny.[6]

In any event, however, Arcom is wrong. In the main, paragraph 10 is not hearsay at all, but rather testimony based on personal experience in litigating before the Northern District of New York, including his involvement in what is believed to be the majority of the patent trials in that District. Mr. Muldoon could testify at any hearing on the transfer motion concerning matters of which he has personal knowledge. Fed. R. Evid. 602.

His reply declaration lays the foundation for his testimony as to the time to trial in patent cases by stating that he has practiced in the Northern District of New York in the field of intellectual property litigation for at least the last ten years, the period for which statistics relating to patent trials were submitted to this Court. (Muldoon Reply Decl., ¶ 8). He is therefore personally aware of the majority of patent cases that went to trial in that period. It is entirely proper for him to testify of the time to trial for those cases of which he is personally aware.

---

[6] To begin, Arcom presents the alleged statement of a third party declarant, Arnold J. Hodges, the New York trustee of the Tresness Irrevocable Trust, that Hodges will appear for trial and asks the Court to accept the truth of the statement. (Tresness Decl., ¶ 13). The trust is a separate legal entity that by definition is not under the control of Arcom. This is classic hearsay. Fed. R. Evid. 801. Further, Arcom has submitted a magazine article with unsubstantiated statements about the customer base of Comcast (Tresness Decl., ¶ 7 & Ex. C thereto), an out of date and inaccurate Dun & Bradstreet report rife with errors that are evident on the face of the document (Ex. B to Kennedy Decl.), and an airline schedule information not authenticated or confirmed by any airline officer (Ex. E to Kennedy Decl.). In none of these instances did Arcom even attempt to show that the material submitted is admissible under any hearsay exception.

To the extent that attorney Muldoon confirms or supplements that personal knowledge through inquiry with court clerks and colleagues, the testimony is admissible under Fed. R. Evid. 807. He has made reasonable investigation in the Northern District to supplement his own recollection. Mr. Muldoon is an officer of that court, an active member of that Court throughout the period under consideration, and bound by the ethical rules of both the State and federal bars in New York. His testimony therefore has "circumstantial guarantees of trustworthiness." Fed. R. Evid. 807. The facts in paragraph 10 are material to the Court's consideration of the transfer motion, "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts," and its admission serves the interests of justice. *Id.*

### III.   CONCLUSION

The material in the Pixley and Muldoon Reply declarations is neither untimely nor inadmissible. It deserves the consideration of this Court in ruling on PPC's motion to transfer. Because the declarations only present relevant facts, and do not give rise to any new issue or arguments, there is no reason for Arcom to submit a sur-reply. Arcom's latest motions should be denied in their entirety.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Jeffrey B. Bove
Jeffrey B. Bove  (# 998)
Kevin M. Baird (# 4219)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Tel: (302) 658-9141
jbove@cblh.com
kbaird@cblh.com

*Attorneys for Defendant*

Of Counsel:

James R. Muldoon, Esq.
WALL, MARJAMA & BILINSKI, LLP
101 South Salina Street,
Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile:   (315) 425-9114

Dated: August 18, 2005

...

## CERTIFICATE OF SERVICE

I, Kevin M. Baird, hereby certify that on August 18, 2005, copies of the foregoing document was caused to be served upon the following parties in the manner indicated:

### BY ELECTRONIC FILING AND HAND DELIVERY

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19801

### BY EMAIL

R. Terrance Rader, Esq.
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304

Lawrence P. Trapani, Esq.
4847 Enders Road
P.O. Box 555
Manlius, NY 13104

/s/ Kevin M. Baird
Kevin M. Baird (#4219)