UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ARROW COMMUNICATION
LABORATORIES, INC.,

    Plaintiff,

 -vs-

JOHN MEZZALINGUA
ASSOCIATES, INC., d/b/a PPC,

    Defendant.

C.A. No. 05-357-SLR
**JURY TRIAL DEMANDED**

JOHN MEZZALINGUA
ASSOCIATES, INC., d/b/a PPC,

    Counterclaim-Plaintiff,

 -vs-

ARROW COMMUNICATION
LABORATORIES, INC., and
TRESNESS PATENT TRUST,

    Counterclaim-Defendants.

## REPLY TO COUNTERCLAIM OF TRESNESS IRREVOCABLE PATENT TRUST

  Defendant and Counterclaim Plaintiff, John Mezzalingua Associates, Inc., doing business as PPC ("PPC"), for its Answer to the Counterclaim of Counterclaim Defendant Tresness Irrevocable Patent Trust ("Tresness Trust") alleges as follows:

  1. ADMITS that Tresness Trust has attempted to allege a claim in its Complaint, but DENIES the merits and sufficiency of the claim asserted therein and any remaining allegations contained in Paragraph 1 of the Tresness Trust's Counterclaim.

2. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Tresness Trust's Counterclaim.

3. ADMITS the allegations contained in Paragraph 3 of the Tresness Trust's Counterclaim.

4. ADMITS the allegations contained in Paragraph 4 of the Tresness Trust's Counterclaim.

5. ADMITS that while venue in the District of Delaware is technically proper, venue for this action ought to be in the Northern District of New York because (a) the District of Delaware has little to no connection with the asserted claim, (b) both Plaintiff and Defendant are headquartered in or around Syracuse, New York, and Tresness Trust purports to be a New York trust having an office in Syracuse, New York; (c) neither Plaintiff, Defendant, nor Tresness Trust has a physical presence or office in the State of Delaware; (d) the accused product is manufactured in the Northern District of New York; and (e) the convenience of both party and nonparty witnesses weighs heavily in favor of transfer of this action to the Northern District of New York, and therefore Defendant DENIES any remaining allegations contained in Paragraph 5 of the Tresness Trust's Counterclaim.

6. ADMITS that the United States Patent and Trademark Office issued U.S. Patent No. 5, 745,838 ("the '838 patent") on April 28, 1998, but DENIES that the '838 patent was duly issued or is valid or enforceable, and therefore denies any remaining allegations contained in Paragraph 6 of the Tresness Trust's Counterclaim.

7. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Tresness Trust's Counterclaim.

8. DENIES the allegations contained in Paragraph 8 of the Tresness Trust's Counterclaim.

9. DENIES the allegations contained in Paragraph 9 of the Tresness Trust's Counterclaim.

10. DENIES the allegations contained in Paragraph 10 of the Tresness Trust's Counterclaim.

11. DENIES the allegations contained in Paragraph 11 of the Tresness Trust's Counterclaim.

12. DENIES the allegations contained in Paragraph 12 of the Complaint.

### AS A FIRST AFFIRMATIVE DEFENSE

13. Tresness Trust's Counterclaim fails to state a claim upon which relief may be granted.

### AS A SECOND AFFIRMATIVE DEFENSE

14. The claims of the '838 patent are invalid for failing to satisfy the requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 132 and 305.

### AS A THIRD AFFIRMATIVE DEFENSE

15. No product of Defendant has infringed any valid claim of the '838 patent.

### AS A FOURTH AFFIRMATIVE DEFENSE

16. Tresness Trust claim for damages is limited for its failure to mark either its or Plaintiff's product with sufficient notice under 35 U.S.C. § 287.

### AS A FIFTH AFFIRMATIVE DEFENSE

17. Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

## AS A SIXTH AFFIRMATIVE DEFENSE

18. Upon information and belief, Tresness Trust lacks standing to assert this claim against Defendant.

## AS A SEVENTH AFFIRMATIVE DEFENSE

19. Venue of this action ought to be transferred to the Northern District of New York because (a) the District of Delaware has little to no connection with the asserted claim, (b) both Plaintiff and Defendant are headquartered in or around Syracuse, New York, and Tresness Trust purports to be a New York trust having an office in Syracuse, New York; (c) neither Plaintiff nor Defendant has a physical presence or office in the State of Delaware; (d) the accused product is manufactured in the Northern District of New York; and (e) the convenience of both party and nonparty witnesses weighs heavily in favor of transfer of this action to the Northern District of New York.

PPC hereby demands a trial by jury of all issues so triable.

WHEREFORE, PPC seeks judgment against ARCOM and Tresness Trust:

a. Dismissing ARCOM's Complaint and Tresness Trust's Counterclaim in their entirety;

b. Determining the respective interests of ARCOM and Tresness Trust in the '838 patent and whether ARCOM is the proper party plaintiff to assert its claims;

c. Declaring that PPC has not directly or contributorily infringed, or induced infringement of the '838 patent;

d. Declaring that the claims of the '838 patent are invalid;

e. Enjoining ARCOM from asserting or charging that PPC's or its customers' and distributors' manufacture, use, offer for sale, or sale of PPC's filter product constitutes infringement of the '838 patent;

f. Finding that this is an exceptional case pursuant to 35 U.S.C. § 285;

g. Awarding PPC its costs and reasonable attorneys' fees; and

h. Granting PPC such other and further relief as the Court deems just and proper.

Dated: August 22, 2005

                      CONNOLLY BOVE LODGE & HUTZ LLP

                      By:  /s/ Jeffrey B. Bove
                          Jeffrey B. Bove, #998
                          Kevin M. Baird, #4219
                          The Nemours Building
                          1007 North Orange Street
                          Suite 878
                          Wilmington, DE 19801
                          Tel: (302) 658-9141
                          Fax: (302) 658-5614

Of Counsel:

WALL, MARJAMA & BILINSKI, LLP
James R. Muldoon, Esq.
101 South Salina Street,
Suite 400
Syracuse, New York 13202
Telephone:  (315) 425-9000
Facsimile:   (315) 425-9114

*Attorneys for Defendant*
 *John Mezzalingua Associates, Inc. d/b/a PPC*

## CERTIFICATE OF SERVICE

I, Jeffrey B. Bove, hereby certify that on August 22, 2005, copies of the foregoing document was caused to be served upon the following parties in the manner indicated:

### BY ELECTRONIC FILING AND HAND DELIVERY

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19801

### BY EMAIL

R. Terrance Rader, Esq.
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304

Lawrence P. Trapani, Esq.
4847 Enders Road
P.O. Box 555
Manlius, NY 13104

/s/ Jeffrey B. Bove
Jeffrey B. Bove, #998
Kevin M. Baird, #4219
The Nemours Building
1007 North Orange Street
Suite 878
Wilmington, DE 19801
Tel: (302) 658-9141
Fax: (302) 658-5614