IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARROW COMMUNICATION LABORATORIES, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MEZZALINGUA ASSOCIATES, INC., a Delaware corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-357-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF ARROW COMMUNICATION LABORATORIES, INC.'S
REPLY BRIEF IN SUPPORT OF ITS
(1) MOTION TO STRIKE DECLARATION OF HENRY PIXLEY (D.I.21);
(2) MOTION TO STRIKE PORTION OF REPLY DECLARATION OF
JAMES MULDOON (D.I. 23); OR, IN THE ALTERNATIVE, MOTION
FOR LEAVE TO FILE SURREPLY BRIEF**

August 23, 2005

THE BAYARD FIRM

Richard D. Kirk (rk0922)
rkirk@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
*Attorneys for Arrow Communication Laboratories, Inc. and Tresness Irrevocable Patent Trust*

OF COUNSEL:

R. Terrance Rader
Charles W. Bradley
Linda D. Kennedy
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
(248) 594-0600

and

Lawrence P. Trapani
4847 Enders Road
P.O. Box 555
Manlius, NY 13104
(315) 727-5304

598487v1

INTRODUCTION

Plaintiff Arrow Communication Laboratories, Inc. ("Arcom") has moved [D.I. 31](1) to strike the Declaration of Henry Pixley [D.I. 21](the "Pixley Declaration") submitted in support of the motion of defendant John Mezzalingua Associates, Inc. ("PPC") to transfer this action; (2) to strike paragraph 10 of the Reply Declaration of James Muldoon [D.I. 23](the "Muldoon Reply Declaration"); or (3) in the alternative, for leave to file a surreply brief. PPC has filed an answering brief [D.I. 32]("Answer Brief").

ARGUMENT

1. **The Pixley Declaration Violates Local Rule 7.1.3 (c)(2) and Should Be Stricken.**

The Answer Brief argues that the Pixley Declaration does not violate Local Rule 7.1.3 (c)(2) because it merely supplies evidentiary support for the general assertions made in PPC's Opening Brief [D.I. 7] and supporting papers. That argument is contrary to case law in this District and mischaracterizes the import of the Pixley Declaration.

In *Advanced Medical Optics, Inc. v. Alcon, Inc.*, 361 F.Supp. 2d 404 (D.Del. 2005), Judge Jordan considered a motion for summary judgment of invalidity based on obviousness. The critical issue was motivation to combine prior art references. The movant attempted in its reply brief to supply evidence on motivation to combine. Judge Jordan rejected that attempt, saying:

> Delaware Local Rule 7.1.3 (c)(2) pertains to reply briefs and states: 'The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief...' It is beyond dispute that evidence of motivation to combine, if it exists, should be presented in an opening brief on the issue of obviousness, to allow the opposing party the opportunity to respond. Because Alcon has failed to do so, and evidence

>  of motivation to combine is required for a finding of obviousness, I must reject Alcon's argument.

361 F.Supp. 2d at 418 n.8.

In *American Medical*, the critical issue was motivation to combine. It was not enough for the movant simply to restate what the law required (that there must be a motivation to combine) or to state generally that there was a motivation to combine the prior art references in question. Rather, the movant was required to come forward in its motion and opening brief and show through proofs, such as expert testimony, that a person of ordinary skill in the art would be motivated to combine specific prior art references.

That is directly analogous to Arcom's Motion to Strike the Pixley Declaration. PPC's Motion to Transfer is to be decided according to a number of factors, as set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995). Among those factors, which are fact specific, is "witness inconvenience." It is not enough for a movant to say, "There *might* be some witnesses beyond the Court's subpoena power who *might* have important testimony and who *might* not come willingly to Delaware for trial." Rather, a party seeking transfer must, with its motion and opening brief, supply proofs, such as declarations, that (1) the testimony of one or more witnesses is important, and (2) the witnesses **may actually be unavailable for trial here**. *Jumara*, 55 F.3d at 879.

PPC simply did not do that in this case. In its opening brief, PPC said of Mr. Pixley,

> Additionally, Mr. Henry Pixley, a former employee of PPC was involved in the effort to design PPC's step attenuation filters. He would therefore have significant testimony pertaining to both infringement and willfulness. He also lives in the Syracuse area and is not subject to the subpoena power of this Court.

PPC's Opening Brief (D.I. 7) at 11.

That assertion in PPC's brief, in turn, is supported by the even vaguer statement in the Declaration of John Mezzalingua (D.I. 8):

> Additionally, one of PPC's former employees, Henry Pixley, was personally involved in the design and development of PPC's step attenuation filters. Upon information and belief, Mr. Pixley still resides in East Syracuse, New York and, therefore, would not be subject to process requiring him to testify in person at a trial in the District of Delaware.

Declaration of John Mezzalingua (D.I. 8) at ¶ 23.

That was the state of the evidence upon the filing of PPC's motion. Arcom called PPC on its evidentiary deficiency in Arcom's answering brief [D.I. 13], arguing,

> PPC failed to identify with specificity any witness who would both be needed for trial *and* be unavailable for trial in Delaware. PPC did not provide evidence, or even allege, that its former employee, Mr. Pixley, would be needed for trial or that he would not be willing to testify at trial voluntarily.

Arcom's Answering Brief [D.I. 13] at 9-10.

Clearly, then, PPC's submission of the Pixley Declaration was intended to supply evidentiary support that was lacking in its motion papers. Just as clearly, it was something that could easily have been done earlier. As PPC itself describes it, "PPC contacted Mr. Pixley, a non-party witness, and gave him the opportunity to express in his own words his employment situation and his attitude as to his availability to testify in

Delaware." Answer Brief (D.I. 32) at 2-3.[1] The fact that it was not done earlier is fatal, for the reasons set forth in *American Medical*.

Arcom submits that the Pixley Declaration should be stricken because it violates Local Rule 7.1.3 (c)(2).

> 2. **Paragraph 10 of the Muldoon Reply Declaration [D.I. 23 ]Violates Local Rule 7.1.3 (c)(2) and Should Be Stricken.**

The Answer Brief makes no discernible attempt to argue that submission of paragraph 10 of the Muldoon Reply Declaration complies Local Rule 7.1.3 (c)(2). In fact, the Answer Brief actually establishes that paragraph 10 of the Muldoon Reply Declaration *does* violate Local Rule 7.1.3 (c)(2). The most important paragraph from the Answer Brief on this point says this:

> Since this is a patent case, *the mean time to trial for patent cases in the Northern District is the statistic that would be most helpful to the Court's consideration.* Although the Northern District does not furnish statistics by category of civil cases, this gap in official records does not mean that there is no relevant information available. The Muldoon Reply declaration *presents more pertinent data than that available from the publicly available court records* of the Northern District of New York.

Answer Brief [D.I. 32] at 4-5 (emphasis added).

The obvious questions are these: If "the mean time to trial for patent cases in the Northern District is *the statistic that would be most helpful* to the Court's consideration," why was it not presented with PPC's Transfer Motion and in the First Muldoon Declaration? Why was it mentioned for the first time in the Reply Muldoon Declaration? Nothing in the law changed between the filing of the opening brief and the filing of the

---

[1] By moving to strike improperly submitted reply evidence, Arcom does not implicitly agree that the Pixley Declaration is legally sufficient under *Jumara*. Arcom simply notes again that the Pixley Declaration fails to assert that Mr. Pixley refuses to attend trial in Wilmington, and that PPC has presented no evidence that Mr. Pixley's testimony is necessary to its case.

reply brief. And, if paragraph 10 of the Muldoon Reply Declaration "*presents more pertinent data* than that available from the publicly available court records of the Northern District of New York," why was that information not presented with PPC's Transfer Motion and the First Muldoon Declaration? Why was it mentioned for the first time in the Reply Muldoon Declaration? Nothing in the facts changed between the filing of the opening brief and the filing of the reply brief.

In fact, paragraph 10 of the Muldoon Reply Declaration shows precisely why Local Rule 7.1.3 (c)(2) is important. In an effort to "prove" what the mean time to trial for patent cases in the Northern District is, PPC proffers the undocumented, *ipsi dixit* pronouncement of Mr. Muldoon, PC's principal counsel, who caused the Transfer Motion to be filed and who seeks in that motion to transfer this case to his professional home court. That would be suspect enough if it had been done in connection with the opening brief. Its submission for the first time with the reply papers deprives Arcom of any ability to contest the accuracy of Mr. Muldoon's self-serving and unsupported assertions.

Arcom submits that paragraph 10 of the Muldoon Reply Declaration should be stricken because it violates Local Rule 7.1.3 (c)(2).

    3.    **To the Extent It Relies on Hearsay, Paragraph 10 of the Muldoon Reply Declaration [D.I. 23 ] Should Be Disregarded.**

Arcom stands by its arguments regarding the nature of Mr. Muldoon's reliance on hearsay for the assertions contained in paragraph 10 of the Muldoon Reply Declaration.

Arcom believes paragraph 10 should be stricken for violating Local Rule 7.1.3 (c)(2). If the Court denies Arcom's motion to strike, Arcom believes the Court will accord paragraph 10 the minimal weight such unsupported, self-serving assertions deserve.

**CONCLUSION**

For the reasons and based on the authorities set forth herein and in Arcom's Motion to Strike [D.I. 31], Arcom respectfully requests the Court to strike the Pixley Declaration [D,I, ], strike paragraph 10 of the Reply Muldoon Declaration [D.I. ], or, in the alternative, to grant Arcom leave to file a sur-reply brief addressing the new matter submitted by PPC in its reply brief and papers.

August 23, 2005

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
rkirk@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
*Attorneys for Arrow Communication Laboratories, Inc. and Tresness Irrevocable Patent Trust*

OF COUNSEL:

R. Terrance Rader
Charles W. Bradley
Linda D. Kennedy
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
(248) 594-0600

and

Lawrence P. Trapani
4847 Enders Road
P.O. Box 555
Manlius, NY 13104
(315) 727-5304

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on August 23, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B. Bove, Esquire
Kevin Baird, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
jbove@cblh.com
kbaird@cblh.com

The undersigned counsel further certifies that copies of the foregoing document were sent by email and by hand to the above local counsel and by email and first class mail to the following non-registered participants:

James R. Muldoon, Esquire
John A. Wasleff, Esquire
Wall, Marjama & Bilinski, LLP
101 South Salina Street, Suite 400
Syracuse, NY 13202

/s/ Richard D. Kirk (rk0922)
rkirk@bayardfirm.com

596264v1