IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ARROW COMMUNICATION LABORATORIES, INC., | ) ) ) ) ) |
| Plaintiff and Counterclaim Defendant, | ) ) ) ) |
| v. | ) ) ) |
| JOHN MEZZALINGUA ASSOCIATES, INC., | ) ) ) ) |
| Defendant and Counterclaim Plaintiff, | ) ) ) ) |
| v. | ) ) ) |
| TRESNESS IRREVOCABLE PATENT TRUST, | ) ) ) ) |
| Counterclaim Defendant. | ) ) |

C.A. No. 05-357-SLR

TRIAL BY JURY DEMANDED

## FIRST AMENDED COMPLAINT

### Nature of the Action

1.    This is a civil action for patent infringement arising out of the Patent Laws of the United States, Title 35 of the United States Code.

### Parties

2.    Plaintiff, Arrow Communication Laboratories, Inc., is a New York corporation having a principal place of business at 185 Ainsley Drive, Syracuse, New York 13210.

3.    Defendant, John Mezzalingua Associates, Inc., is a Delaware corporation having a principal place of business at 6176 East Molloy Road, East Syracuse, New York 13057.

603660v1

**Jurisdiction and Venue**

4.      This Court has jurisdiction of this action under 28 U.S.C. §1338(a).

5.      Venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391(c) because Defendant is subject to personal jurisdiction in this district.

**Count I for Patent Infringement**

6.      On April 28, 1998, the United States Patent and Trademark Office issued U.S. Patent No. 5,745,838 ("the '838 patent") entitled "Return Path Filter."   A copy of the '838 patent is attached hereto as Exhibit A.

7.      Plaintiff is the lawful owner of all right, title and interest in and to the '838 patent.

8.      Defendant is infringing the '838 patent by manufacturing, selling and offering for sale in the United States, and by importing into the United States, electronic filters covered by one or more of the claims of the '838 patent, and Defendant is actively inducing others to infringe said patent.   The infringing electronic filters include, at least, Defendant's Step Attenuators sold under model numbers, PPC Product #: SSA8-54, PPC Product #: SSA12-54, PPC Product #: SSA16-54, and PPC Product #: SSA*-*.   Upon information and belief, Defendant sells additional models of infringing Step Attenuators.

9.      Plaintiff gave Defendant actual notice of Plaintiff's contention that Defendant's Step Attenuator devices infringe the '838 patent at least as early as May 1998 and repeatedly thereafter until the filing of this lawsuit.

10.      Defendant's infringement and active inducement of others to infringe have been willful and deliberate.

11.      Plaintiff has suffered damages as a consequence of Defendant's infringement of the '838 patent and Defendant's active inducement of others to infringe said patent.

12.     Plaintiff continues to suffer harm as a consequence of Defendant's infringement of the '838 patent and Defendant's active inducement of others to infringe said patent. This continued harm cannot be cured solely by monetary damages.

13.     Plaintiff will suffer additional damages unless Defendant is enjoined from continuing its infringement of the '838 patent and its active inducement of others to infringe.

## Count II for Patent Infringement

14.     On January 6, 2004, the United States Patent and Trademark Office issued U.S. Patent No. 6,674,343 ("the '343 patent") entitled "Electronic Filter Assembly."   A copy of the '343 patent is attached hereto as Exhibit B.

15.     Plaintiff is the lawful owner of all right, title and interest in and to the '343 patent.

16.     Defendant is infringing the '343 patent by manufacturing, selling and offering for sale in the United States, and by importing into the United States, electronic filter assemblies covered by one or more of the claims of the '343 patent, and Defendant is actively inducing others to infringe said patent.

17.     Defendant's infringement and active inducement of others to infringe have been willful and deliberate.

18.     Plaintiff has suffered damages as a consequence of Defendant's infringement of the '343 patent and Defendant's active inducement of others to infringe said patent.

19.     Plaintiff continues to suffer harm as a consequence of Defendant's infringement of the '343 patent and Defendant's active inducement of others to infringe said patent. This continued harm cannot be cured solely by monetary damages.

20.     Plaintiff will suffer additional damages unless Defendant is enjoined from continuing its infringement of the '343 patent and its active inducement of others to infringe.

## Count For Breach of Contract

22.    On or about May 7, 1998, Counterclaimant Tresness Trust notified PPC (or its predecessor) that PPC's Step Attenuators infringed the '838 patent.

23.    Counterclaim Tresness Trust and PPC (or its predecessor) corresponded with each other regarding Counterclaimant's charge of infringement between May 1998 and February 2001, at which time a valid and binding Settlement Agreement dated February 12, 2001 (the "Settlement Agreement") was executed by Counterclaimant and PPC or a predecessor to PPC. A copy of the Settlement Agreement is attached hereto as Exhibit C.

24.    In the Settlement Agreement, under a paragraph entitled "Cease and Desist," PPC (or its predecessor) agrees that "For the remaining term of the '838 Patent, PPC and its subsidiaries and divisions, their respective successors and assigns, shall not manufacture, use, offer to sell, advertise for sale, or sell, in the United States, its territories and possessions, and shall not import into the United States, its territories and possessions, TSA Step Attenuators or any other filter circuit that falls within the protection of the '838 Patent."

25.    The Settlement Agreement further states that "This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, representatives, successors and assigns."

26.    PPC (or its predecessor) has, since February 12, 2001, manufactured, offered to sell and sold Step Attenuator filter circuits that fall within the protection of the '838 Patent, thereby materially breaching the Settlement Agreement.

27.    Counterclaimant has assigned the Settlement Agreement to Plaintiff.

### Count For Fraud

28.    Plaintiff hereby incorporates the allegations set forth in paragraphs 6-27.

29.     In connection with entering into the Settlement Agreement, Defendant or its predecessor represented to Counterclaimant that it would not manufacture, use, offer to sell, advertise for sale, or sell any filter circuit that falls within the protection of the '838 Patent.

30.     Upon information and belief, Defendant's (or its predecessor's) dealings under the Settlement Agreement alleged in paragraph 29 were in bad faith and with concealment of the fact that Defendant (or its predecessor) planned to and did, resume manufacturing and selling filter circuits that fall within the protection of the '838 Patent.

31.     Further, subsequent to February 12, 2001, Defendant (or its predecessor) repeatedly represented to Counterclaimant and Arcom that Defendant (or its predecessor) was not manufacturing or selling filter circuits that fall within the protection of the '838 Patent, knowing this to be false.

32.     Upon information and belief, Defendant's (or its predecessor's) representations alleged in paragraph 31 were made in bad faith and with knowledge that they were false, as Defendant (or its predecessor) thereafter resumed manufacturing and selling filter circuits that fell within the protection of the '838 Patent and thereby misappropriated the property of the Counterclaimant Tresness Patent Trust.

33.     As a result, Defendant (or its predecessor) fraudulently misled Counterclaimant and Arcom with respect to the nature of PPC's filter circuit devices for several years subsequent to February 12, 2001, while benefiting commercially at the expense of Counterclaimant Tresness Trust.

## Count For Unjust Enrichment

34.     Plaintiff hereby incorporates the allegations set forth in paragraphs 6-33.

35.     As a result of the PPC's conduct as alleged hereinabove, Defendant has been unjustly enriched, in that it has established a position and reputation as a supplier of step

attenuators for the CATV field and has gained a substantial market share with respect to such step attenuators, and, as a result thereof, has unlawfully generated substantial profits for itself. Thus, Defendant has received a benefit, the retention of which would be unjust, without paying restitution to Counterclaimant and Plaintiff.

**Demand**

**WHEREFORE,** Plaintiff demands judgment

a)   awarding Plaintiff damages together with interest and costs to compensate it for Defendant's infringement of the '838 patent and the '343 patent, in accordance with 35 U.S.C. § 284,

b)   increasing the award by three times the amount found or assessed, in accordance with 35 U.S.C. § 284,

c)   enjoining Defendant, its officers, agents, servants, employees, and attorneys, and all those in concert or participation with Defendant who receive actual notice, from engaging in acts of infringement of the '838 patent and acts of infringement of the '343 patent, in accordance with 35 U.S.C.§ 283,

d)   awarding Plaintiff its attorneys' fees, in accordance with 35 U.S.C. § 285, and its costs,

(e)   awarding Plaintiff damages for Defendant's (and its predecessor's) breach of the Settlement Agreement,

(f)   awarding Plaintiff as restitution for unjust enrichment the value of the benefits received by Defendant (and its predecessor) from the unlawful use of Plaintiff's

property, including Defendant's (and its predecessor's) enhanced standing and reputation as a supplier in the CATV field, Defendant's (and its predecessor's) profits derived from selling its Step Attenuator products and other filters that fall within the protection of the '838 Patent, and compensation for the unlawful use of Plaintiff's property, in addition to the damages award under 35 U.S.C. § 284,

(g)     enjoining Defendant and all those in privity with Defendant from violating the covenant in paragraph 2 of the Settlement Agreement, not to manufacture, use, offer to sell, advertise for sale, or sell, in the United States, its territories and possessions, and not to import into the United States, its territories and possessions, for the remaining term of the '838 patent, any filter circuit that falls within the protection of the '838 Patent, and

(h)     such other and further relief as the Court may deem just and proper.


October 3, 2005                                          THE BAYARD FIRM

                                                         /s/ Richard D. Kirk (rk0922)
                                                         222 Delaware Avenue, Suite 900
                                                         P.O. Box 25130
                                                         Wilmington DE 19899
                                                         (302) 655-5000
                                                         rkirk@bayardfirm.com
                                                         Attorneys for Plaintiff,
                                                         Arrow Communication Laboratories, Inc.

OF COUNSEL:

R. Terrance Rader
Charles W. Bradley
Glenn E. Forbis
Shelly L. Hokenstad
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI  48304
(248) 594-0600

and

Lawrence P. Trapani
4847 Enders Road
P.O. Box 555
Manlius, NY 13104
(315) 727-5304
btrapan1@twcny.rr.com