## SETTLEMENT AGREEMENT

**AGREEMENT** made by and between the TRESNESS IRREVOCABLE PATENT TRUST, a trust organized under the laws of New York State with an office at 2030 Erie Boulevard East, Syracuse, New York 13224 (hereinafter "TRESNESS"), and JOHN MEZZALINGUA ASSOCIATES, INC., d/b/a PPC, a New York corporation having a principal place of business at 6176 East Molloy Road, East Syracuse, New York, 13057-0278 (hereinafter "PPC").

## W I T N E S S E T H

**WHEREAS**, TRESNESS is the title owner of U.S. Patent No. 5,745,838, dated April 28, 1998, and entitled "Return Path Filter" (hereinafter "the `838 Patent");

**WHEREAS**, TRESNESS has alleged that PPC infringed the `838 Patent by manufacturing and selling step attenuators, and PPC has denied any such infringement;

**WHEREAS**, TRESNESS and PPC wish to avoid the expense and distraction of patent infringement litigation, and have agreed to settle their differences on the terms and conditions set forth hereinbelow;

**NOW THEREFORE**, in consideration of the above recitals and the following promises, covenants and representations, the parties hereby agree as follows:

1. **Representation**. PPC hereby warrants and represents that PPC and its subsidiaries and divisions sold no more than 303,572 "Tiny Series" step attenuators, comprised of models TSA 3-505, TSA 3-508 and TSA 3-511 (hereinafter "TSA Step Attenuators"). The parties hereto agree that the representations made herein by PPC do not constitute, and are not to be interpreted as, an admission of patent infringement or any other liability.

2. **Cease and Desist**. For the remaining term of the `838 Patent, PPC and its subsidiaries and divisions, their respective successors and assigns, shall not manufacture, use, offer to sell, advertise for sale, or sell, in the United States, its territories and possessions, and shall not import into the United States, its territories and possessions, TSA Step Attenuators or any other filter circuit that falls within the protection of the `838 Patent.

3. **Settlement Payment**. PPC shall pay to TRESNESS, as a settlement of TRESNESS' patent infringement claim, the sum of $182,143.20 ("Settlement Amount"), which represents 60 cents per Step Attenuator manufactured or sold by PPC and its affiliates. TRESNESS has agreed to the Settlement Amount in reliance upon PPC's representations made in Paragraph 1. Payment of the Settlement Amount will be made in two installments, as follows: (a) $91,071.60 upon execution of this Agreement by PPC; and (b) $91,071.60 due by June 1, 2001. If the second installment is not paid by June 1, 2001, it will be deemed late, and under such circumstances, PPC shall pay, as liquidated damages, $50 per day for each day the second installment is late.

4.     **Audits.** TRESNESS has the right, from the date of this Agreement until the second anniversary date of this Agreement, at reasonable times during normal business hours, but not more often than two (2) times per year, to conduct an audit of PPC's books and records, and those of its subsidiaries and divisions, for the purpose of verifying the number of TSA Step Attenuators sold by PPC and its subsidiaries and divisions as of the date of this Agreement. PPC shall pay to TRESNESS 60 cents per each additional TSA Step Attenuator over the originally represented 303,572 units, and the cost of any such audit shall be paid by PPC if the results thereof show that the number of TSA Step Attenuators sold by PPC as of the date of this Agreement exceeded 303,572 by more than five percent (5%). If either party to this agreement discovers information indicating that before the date of this Agreement more than 303,572 TSA Step Attenuators have been sold by PPC or any of its subsidiaries or divisions, that party shall promptly notify the other party of this discovery, and, after an independent audit of the sales figures, PPC shall pay to TRESNESS 60 cents per each additional TSA Step Attenuator over the 303,572, and the cost of such audit shall be paid by PPC if the number of TSA Step Attenuators that exceeds 303,572 is more than five perent (5%). Any auditor retained by TRESNESS to undertake an audit pursuant to this paragraph shall be an independent auditor, one who is not providing auditing services to TRESNESS, Arcom or any of Arcom's directors, and the only report the auditor shall relay to TRESNESS is the accuracy of the count of attenuators manufactured and sold. The language in this paragraph and throughout this entire Agreement shall not be construed as granting any license to PPC under the `838 Patent.

5.     **Release.** Subject to the conditions stated herein, TRESNESS releases and discharges PPC and its subsidiaries and divisions, their respective successors and assigns, from all causes of action, claims, damages, and other liabilities, arising out of the manufacture and sale of the 303,572 TSA Step Attenuators.

6.     **Law Governing.** This Agreement shall be construed, enforced and otherwise governed in accordance with the laws of New York State.

7.     **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, representatives, successors and assigns.

8.     **Entire Agreement.** This Agreement embodies the entire agreement and understanding between the parties hereto, and supersedes and terminates all prior agreements or understandings between them with respect to the subject matter herein.

9.     **Counterparts.** This Agreement may be executed in two or more counterparts each of which shall be deemed an original, and all of which together shall constitute a single document.

     **IN WITNESS WHEREOF**, the parties have caused this Agreement to be executed as of the dates indicated by their respective hands and seals.

| **TRESNESS IRREVOCABLE PATENT TRUST** | **JOHN MEZZALINGUA ASSOC., INC.** |
|---|---|
| By: _____ <br> ARNOLD J. HODES <br> CO-TRUSTEE | By: _____ <br> STEPHEN MALAK <br> VICE-PRESIDENT |
| Date: 2-14-01 | Date: 2-12-01 |

3