IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARROW COMMUNICATION LABORATORIES, INC.,<br><br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>v.<br><br>JOHN MEZZALINGUA ASSOCIATES, INC.,<br><br>    Defendant and<br>    Counterclaim Plaintiff,<br><br>v.<br><br>TRESNESS IRREVOCABLE PATENT TRUST,<br><br>    Counterclaim Defendant. | C.A. No. 05-357-SLR<br><br>TRIAL BY JURY DEMANDED |

**TRESNESS IRREVOCABLE PATENT TRUST'S
FIRST AMENDED COUNTERCLAIM**

Tresness Irrevocable Patent Trust ("Tresness Trust"), for its Counterclaim against John Mezzalingua Associates, Inc., doing business as PPC ("PPC"), alleges as follows:

**Nature of the Action**

1. This is a civil action for patent infringement arising out of the Patent Laws of the United States, Title 35 of the United States Code.

2. This is also a civil action for breach of contract, fraud, and unjust enrichment arising under the common law of the State of New York and the United States of America.

603658v1

### Parties

3. Counterclaimant Tresness Trust is a trust established under the laws of the State of New York with an office at 2030 Erie Boulevard East, Syracuse, New York 13224.

4. John Mezzalingua Associates, Inc., doing business as PPC, is a Delaware corporation having a principal place of business at 6176 East Molloy Road, East Syracuse, New York 13057.

### Jurisdiction and Venue

5. This court has subject matter jurisdiction of this action under 28 U.S.C. § 1338(a), 28 U.S.C. §1388(b) and 28 U.S.C. §1367.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391(c) because PPC is subject to personal jurisdiction in this district.

### Count I for Patent Infringement

7. On April 28, 1998, the United States Patent and Trademark Office issued U.S. Patent 5,745,838 ("the '838 patent") entitled "Return Path Filter." A copy of the '838 patent is attached hereto as Exhibit A.

8. Counterclaimant Tresness Trust was the lawful owner of all right, title and interest in and to the '838 patent and has assigned its rights to Plaintiff Arcom.

9. PPC is infringing the '838 patent by manufacturing, selling and offering for sale in the United States, and by importing into the United States, electronic filters covered by one or more of the claims of the '838 patent, and PPC is actively inducing others to infringe said patent. The infringing electronic filters include, at least, PPC's

Step Attenuators sold under model numbers, PPC Product #: SSA8-54, PPC Product #: SSA12-54, PPC Product #: SSA16-54, and Product #: SSA *-*. Upon information and belief, Defendant sells additional models of infringing Step Attenuators.

10. Counterclaimant gave Defendant actual notice of Counterclaimant's contention that Defendant's Step Attenuator devices infringe the '838 patent at least as early as May 1998 and repeatedly thereafter until the filing of this lawsuit.

11. PPC's infringement and active inducement of others to infringe has been willful and deliberate.

12. If Counterclaimant Tresness Trust retains any rights in the '838 patent, it has suffered damages as a consequence of PPC's infringement of the '838 patent and PPC's active inducement of others to infringe said patent.

13. If Counterclaimant Tresness Trust retains any rights in the '838 patent, it continues to suffer harm as a consequence of PPC's infringement of the '838 patent and PPC's active inducement of others to infringe said patent. This continued harm cannot be cured solely by monetary damages.

14. If Counterclaimant Tresness Trust retains any rights in the '838 patent, it will suffer additional damages unless PPC is enjoined from continuing its infringement of the '838 patent and its active inducement of others to infringe.

## Count II For Patent Infringement

15. On January 6, 2004, the United States Patent and Trademark Office issued U.S. Patent No. 6,674,343 ("the '343 patent") entitled "Electronic Filter Assembly." A copy of the '343 patent is attached hereto as Exhibit B.

16. Counterclaimant was the lawful owner of all right, title and interest in and to the '343 patent and has assigned its rights to plaintiff Arcom.

17. PPC is infringing the '343 patent by manufacturing, selling and offering for sale in the United States, and by importing into the United States, electronic filter assemblies covered by one or more of the claims of the '343 patent, and PPC is actively inducing others to infringe said patent.

18. PPC's infringement and active inducement of others to infringe have been willful and deliberate.

19. If Counterclaimant retains any rights in the '343 patent, Counterclaimant has suffered damages as a consequence of PPC's infringement of the '343 patent and PPC's active inducement of others to infringe said patent.

20. If Counterclaimant retains any rights in the '343 patent, Counterclaimant continues to suffer harm as a consequence of PPC's infringement of the '343 patent and PPC's active inducement of others to infringe said patent. This continued harm cannot be cured solely by monetary damages.

21. If Counterclaimant retains any rights in the '343 patent, Counterclaimant will suffer additional damages unless PPC is enjoined from continuing its infringement of the '343 patent and its active inducement of others to infringe.

### Count For Breach of Contract

22. On or about May 7, 1998, Counterclaimant Tresness Trust notified PPC (or its predecessor) that PPC's Step Attenuators infringed the '838 patent.

23. Counterclaim Tresness Trust and PPC (or its predecessor) corresponded with each other regarding Counterclaimant's charge of infringement between May 1998

603658v1

and February 2001, at which time a valid and binding Settlement Agreement dated February 12, 2001 (the "Settlement Agreement") was executed by Counterclaimant and PPC or a predecessor to PPC. A copy of the Settlement Agreement is attached hereto as Exhibit C.

24. In the Settlement Agreement, under a paragraph entitled "Cease and Desist," PPC (or its predecessor) agrees that "For the remaining term of the '838 Patent, PPC and its subsidiaries and divisions, their respective successors and assigns, shall not manufacture, use, offer to sell, advertise for sale, or sell, in the United States, its territories and possessions, and shall not import into the United States, its territories and possessions, TSA Step Attenuators or any other filter circuit that falls within the protection of the '838 Patent."

25. The Settlement Agreement further states that "This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, representatives, successors and assigns."

26. PPC (or its predecessor) has, since February 12, 2001, manufactured, offered to sell and sold Step Attenuator filter circuits that fall within the protection of the '838 Patent, thereby materially breaching the Settlement Agreement.

### Count For Fraud

27. In connection with entering into the Settlement Agreement, PPC or its predecessor represented to Counterclaimant that it would not manufacture, use, offer to sell, advertise for sale, or sell any filter circuit that falls within the protection of the '838 Patent.

603658v1

28. Upon information and belief, PPC's (or its predecessor's) dealings under the Settlement Agreement alleged in paragraph 27 were in bad faith and with concealment of the fact that PPC (or its predecessor) planned to and did, resume manufacturing and selling filter circuits that fall within the protection of the '838 Patent.

29. Further, subsequent to February 12, 2001, PPC (or its predecessor) repeatedly represented to Counterclaimant that PPC (or its predecessor) was not manufacturing or selling filter circuits that fall within the protection of the '838 Patent, knowing this to be false.

30. Upon information and belief, PPC's (or its predecessor's) representations alleged in paragraph 29 were made in bad faith and with knowledge that they were false, as PPC (or its predecessor) thereafter resumed manufacturing and selling filter circuits that fell within the protection of the '838 Patent and thereby misappropriated the property of the Counterclaimant Tresness Patent Trust.

31. As a result, PPC (or its predecessor) fraudulently misled Counterclaimant with respect to the nature of PPC's filter circuit devices for several years subsequent to February 12, 2001, while benefiting commercially at the expense of Counterclaimant Tresness Trust.

## Count For Unjust Enrichment

32. Counterclaimant hereby incorporates the allegations set forth in paragraphs 22-31.

33. As a result of the PPC's conduct as alleged hereinabove, PPC has been unjustly enriched, in that it has established a position and reputation as a supplier of step attenuators for the CATV field and has gained a substantial market share with respect to

603658v1

such step attenuators, and, as a result thereof, has unlawfully generated substantial profits for itself. Thus, Defendant has received a benefit, the retention of which would be unjust, without paying restitution to Counterclaimant and Plaintiff.

## DEMAND

**WHEREFORE**, Counterclaimant Tresness Trust demands judgment

(a) awarding Counterclaimant Tresness Trust damages together with interest and costs to compensate it for PPC's infringement of the '838 patent and the '343 patent, in accordance with 35 U.S.C. § 284,

(b) increasing the award by three times the amount found or assessed, in accordance with 35 U.S.C. § 284,

(c) enjoining PPC, its officers, agents, servants, employees, and attorneys, and all those in concert or participation with PPC who receive actual notice, from engaging in acts of infringement of the '838 patent and acts of infringement of the '343 patent, in accordance with 35 U.S.C. § 283,

(d) awarding Counterclaimant Tresness Trust its attorneys' fees, in accordance with 35 U.S.C. § 285, and its costs,

(e) awarding Counterclaimant Tresness Trust damages for PPC's (and its predecessor's) breach of the Settlement Agreement.

(f) awarding Counterclaimant Tresness Trust as restitution for unjust enrichment the value of the benefits received by PPC (and its predecessor) from the unlawful use of counterclaimant's property, including PPC's (and its predecessor's) enhanced standing and reputation as a supplier in the CATV field, PPC's (and its predecessor's) profits derived from selling its Step

603658v1

Attenuator products and other filters that fall within the protection of the '838 Patent, and compensation for the unlawful use of Counterclaimant's property, in addition to the damages award under 35 U.S.C. § 284,

(g) enjoining PPC and all those in privity with PPC from violating the covenant in paragraph 2 of the Settlement Agreement, not to manufacture, use, offer to sell, advertise for sale, or sell, in the United States, its territories and possessions, and not to import into the United States, its territories and possessions, for the remaining term of the '838 patent, any filter circuit that falls within the protection of the '838 Patent, and

(h) such other and further relief as the Court may deem just and proper.

October 3, 2005

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
rkirk@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
*Attorneys for Counterclaim Defendant and Counterclaimant Tresness Irrevocable Patent Trust*

OF COUNSEL:

R. Terrance Rader
Charles W. Bradley
Glenn E. Forbis
Shelly L. Hokenstad
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
(248) 594-0600

and

Lawrence P. Trapani
4847 Enders Road
P.O. Box 555
Manlius, NY 13104
(315) 727-5304

603658v1