IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARROW COMMUNICATION )<br>LABORATORIES, INC., )<br>    Plaintiff, )<br>    v. )<br>JOHN MEZZALINGUA )<br>ASSOCIATES, INC., d/b/a PPC, )<br>    Defendant. )<br>_____ )<br>)<br>JOHN MEZZALINGUA )<br>ASSOCIATES, INC., d/b/a PPC, )<br>    Counterclaim-Plaintiff, )<br>    v. )<br>ARROW COMMUNICATION )<br>LABORATORIES, INC., and )<br>TRESNESS PATENT TRUST, )<br>    Counterclaim-Defendants. )<br>_____ ) | C.A. No. 05-357-SLR |

<u>**SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF DEFENDANT'S**</u>
<u>**MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**</u>

                                                  CONNOLLY BOVE LODGE & HUTZ LLP
                                                  Jeffrey B. Bove, #998
                                                  The Nemours Building
                                                  1007 North Orange Street, Suite 878
                                                  Wilmington, DE 19801
                                                  Tel: (302) 658-9141
                                                  Fax: (302) 658-5614

Of Counsel:
WALL, MARJAMA & BILINSKI, LLP
101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile:  (315) 425-9114

*Attorneys for Defendant*
 *John Mezzalingua Associates, Inc. d/b/a PPC*

Dated: October 5, 2005

## INTRODUCTION

The purpose of PPC's Supplemental Brief in Further Support of Defendant's Motion to Transfer Venue is to address Arcom's attempt to shield from the Court compelling additional facts supporting transfer of this case until the last possible minute in the hopes that the Court would have already denied PPC's Motion. In its Amended Complaint, recently filed on the final day to amend pleadings, Arcom and Tresness Trust unloaded a litany of New York State law claims that they knew about long before filing the initial complaint over four months ago. The timing of Arcom's amendment can only lead to the conclusion that they intentionally withheld these claims, which provide further compelling reasons to transfer, in an attempt to prevent the Court from considering them when ruling on PPC's Motion. This type of gamesmanship should not be tolerated. In viewing PPC's Motion to Transfer in light of these new additional critical facts and claims, the conclusion that this case belongs in New York is even more compelling.

## STATEMENT OF FACTS REGARDING ARCOM'S NEW YORK STATE COMMON LAW CLAIMS

On or about February 21, 2001, PPC, then a New York Corporation having its principal offices in East Syracuse, New York[1], entered into an Agreement to resolve an outstanding dispute short of litigation with Counterclaim Defendant, Tresness Irrevocable Patent Trust ("Tresness Trust"), a trust organized under the laws of the State of New York, with an office in Syracuse, New York. *See* Preamble to Agreement, a copy of which is attached to the First Amended Complaint of Arcom as Exhibit C.[2] All evidence of record indicates that the

---

[1] PPC was not incorporated in Delaware until July 19, 2002. See Delaware Department of State, Division of Corporations record attached to this Supplemental Declaration as Exhibit A.

[2] Additional testimony regarding the Agreement was provided by the Declaration of Greg Tresness dated July 29, 2005, paragraph 5, submitted in opposition to PPC's Motion to Transfer Venue. Docket No. 15.

Agreement between these two New York State entities was negotiated and executed in or around Syracuse, New York. *See* Mezzalingua Decl. ¶ 27 Dckt. No. 8. The Agreement expressly recites that the representations contained in the Agreement do not constitute, and are not to be interpreted as, an admission of patent infringement or any other liability on the part of PPC. Agreement, ¶ 1. The Agreement further expressly states that it "shall be construed, enforced and otherwise governed in accordance with the laws of New York State." Id., ¶ 6. Arcom (but, inconsistently, not the Trust) alleges that, at some unspecified date, the Trust assigned the Agreement to Arcom. *See* Amended Complaint, ¶ 27. Arcom had previously raised issues regarding the PPC-Tresness Trust Agreement in opposition to PPC's pending motion to transfer venue of this action to the Northern District of New York (*see* Tresness Declaration, ¶ 5, Dckt No. 15).

It was not until October 3, 2005, however, that Arcom and Tresness Trust first asserted several New York State common law claims that are an integral part of the dispute between the parties. Arcom and the Trust now allege that PPC breached its Agreement with Tresness Trust by making, using and selling CATV filters that "fall within the protection of the '838 patent." Agreement, ¶ 2. As previously noted in PPC's Motion to Transfer Venue, PPC manufactures the accused CATV filters in its East Syracuse, New York facility. Mezzalingua Decl. ¶ 15, Docket No. 8.

Both Arcom and the Trust have asserted claims for breach of the Agreement and fraud in the inducement of the Agreement. Both Arcom and Tresness Trust have asserted that PPC committed fraud upon Tresness Trust by allegedly entering into the negotiations between May 1998 and February 2001 in bad faith and in concealment of purported plans to manufacture, sell and use CATV filters at a later date that fell within the "protection of the '838 patent." *Id.* ¶¶ 29-

2

30. Arcom and Tresness Trust also allege that PPC's repeated denials after February 2001 (including during the time that PPC was a New York corporation) that its redesigned CATV filters infringe the '838 patent made also constitute fraud upon Tresness Trust. *Id.* ¶¶ 31-32. It is undisputed that the numerous negotiations and discussions regarding Arcom's assertions relating to the '838 patent have always occurred in and around Syracuse, New York. Mezzalingua Decl. ¶ 27.

Finally, Arcom and Tresness Trust assert that the alleged breach of the Argreement with the Trust and its purported fraud upon the Trust have unjustly enriched PPC. All of the alleged facts and transactions related to the Agreement and the purported fraud occurred (if at all) in New York, and all of PPC's operations relative to the step attenuation filters at issue in these common law claims are in New York. Therefore, the newly asserted claims for unjust enrichment must similarly have arisen in New York.

## ARGUMENT

### With the Assertion of Several New York State Common Law Claims by Arcom and Tresness Trust, Additional Public Interests Weigh Strongly for Transfer of Venue

With their respective amended pleadings, Arcom and Tresness Trust add more reasons for transfer of the venue this case to the Northern District of New York. A few days ago, Arcom and the Trust asserted additional claims for fraud, breach of contract, and unjust enrichment. Under the facts alleged, each of these causes of action necessarily arise under New York State law and involves conduct that occurred exclusively in New York and principally between two New York entities –Tresness Trust (a trust established under New York law) and PPC (for most of the relevant period, a New York corporation). While Arcom initially based its opposition to PPC's transfer motion, in significant part, on the expertise of the Delaware Courts in patent law,

3

these new claims require a familiarity with New York State law. That familiarity is readily available in federal courts sitting in New York State.

Even before this latest development, both the convenience of the parties and the public interests of justice weighed strongly in favor of transfer. Both parties are located within a few miles of the Northern District of New York court house in Syracuse, New York. The Northern District is familiar with both parties, and the general technology of their businesses. The Northern District offers a forum whose proximity minimizes expenses for both parties and maximizes the convenience of all known witnesses. The subpoena power of the Northern District would assure the availability of important third party witnesses with knowledge of the facts in this case, as well as facts concerning the general state of knowledge in the cable TV art. All manufacturing and sales activities pertaining to the patent claims in this case took place in or around Syracuse. Moreover, the patent disputes between two companies headquartered in Syracuse are a matter of significant local interest. All these facts and rationales are even more pertinent and applicable with the addition of the New York State law claims.

Under the seminal Third Circuit case of *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), the public interest factors to be considered include the familiarity of the trial judge with the applicable state law and the preference of having local issues of law and fact determined by local courts and juries. Choice of law becomes a factor in a transfer request because "it is preferable for a court of the state whose substantive law controls the action to hear the case...." *Davis Constructors v. Dartco Mfg., Inc.*, 668 F. Supp. 380, 385 (D. Del. 1987). In addition to every advantage the Northern District offers with respect to the patent claims, a judge sitting in that Court has expertise on New York State law that can be brought to bear on the newly asserted pendent state law claims.

By waiting until the last possible date to assert these latest claims, Arcom and the Trust obviously hoped to foreclose the Court's consideration of these additional public interest factors in connection with the transfer motion. Plaintiffs were aware of any issues under the Agreement, since they referred to the Agreement in their Answering Brief, and appended it to their materials in opposition to the transfer motion. The Court should neither countenance this type of gamesmanship nor neglect the implications that these new claims have on the balance of the interests of the parties' and the justice system applicable to the issue of transfer.

These new claims raise the very concerns that require federal judges to develop specialized expertise in the law of the jurisdiction in which they sit. Plaintiff's filings now seek to burden this Court not only with patent disputes having no connection with Delaware, but also with common law claims that must be resolved according to the laws of New York and deal almost exclusively with the conduct of local New York entities arising in Syracuse, New York. There is therefore less reason than ever to honor plaintiff's capricious choice of the Delaware forum; as the compelling private and public interests compel that PPC's motion for transfer be granted.

## CONCLUSION

The addition of three pendent common law claims that must be resolved under New York State law decidedly tips the scale in favor of transfer. For these additional reasons, PPC's motion for transfer venue of this action to the Northern District of New York should be granted.

                    CONNOLLY BOVE LODGE & HUTZ LLP

                    /s/ Jeffrey B. Bove
                    Jeffrey B. Bove, #998
                    The Nemours Building
                    1007 North Orange Street
                    Suite 878
                    Wilmington, DE 19801
                    Tel: (302) 658-9141
                    Fax: (302) 658-5614

Of Counsel:

WALL, MARJAMA & BILINSKI, LLP
James R. Muldoon, Esq.
101 South Salina Street,
Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile: (315) 425-9114

*Attorneys for Defendant*
 *John Mezzalingua Associates, Inc. d/b/a PPC*

6

## CERTIFICATE OF SERVICE

I, Jeffrey B. Bove, hereby certify that on October 5, 2005, copies of the foregoing document was caused to be served upon the following parties in the manner indicated:

### BY ELECTRONIC FILING AND HAND DELIVERY

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19801

### BY EMAIL

R. Terrance Rader, Esq.
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304

Lawrence P. Trapani, Esq.
4847 Enders Road
P.O. Box 555
Manlius, NY 13104

/s/ Jeffrey B. Bove
Jeffrey B. Bove (# 998)

7