IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARROW COMMUNICATION LABORATORIES, INC., <br><br>    Plaintiff and Counterclaim Defendant, <br><br>    v. <br><br>JOHN MEZZALINGUA ASSOCIATES, INC., <br><br>    Defendant and Counterclaim Plaintiff, <br><br>    v. <br><br>TRESNESS IRREVOCABLE PATENT TRUST, <br><br>    Counterclaim Defendant. | C.A. No. 05-357-SLR |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO TRANSFER**

October 14, 2005

THE BAYARD FIRM
Richard D. Kirk (Del. Bar No. 922)
rkirk@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
*Attorneys for Arrow Communication Laboratories, Inc. and Tresness Irrevocable Patent Trust*

OF COUNSEL:

R. Terrance Rader
Charles W. Bradley
Glenn E. Forbis
Shelly L. Hokenstad
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
(248) 594-0600

and

Lawrence P. Trapani
4847 Enders Road
P.O. Box 555
Manlius, NY 13104
(315) 727-5304

605201v1

# TABLE OF CONTENTS

                                                                  **Page**

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ....................................................................................................................1

      Progress To Date In This Suit ........................................................................................1

      The Issues Raised by Plaintiffs' Amended Pleadings ....................................................2

ARGUMENT ............................................................................................................................3

CONCLUSION .........................................................................................................................7

# TABLE OF AUTHORITIES

Page

Cases

BAE Systems Aircraft Controls Inc. v. Eclipse Aviation Corp.,
    224 F.R.D. 581 (D. Del. 2004) .................................................................. 4, 6

Berkshire International Corp. v. Marquez,
    69 F.R.D. 583 (E.D. Pa. 1976) ....................................................................... 6

Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.,
    2001 U.S. Dist. LEXIS 20803 (D. Del. 2001) ........................................... 3, 4

Davis Constructors v. Dartco Manufacturing, Inc.,
    668 F. Supp. 380 (D. Del. 1987) .................................................................. 6

Fleer Corporation v. Topps Chewing Gum, Inc.,
    539 A.2d 1060 (Del. 1988) ...................................................................... 4-5

Jumara v. State Farm Insurance Co.,
    55 F.3d 873 (3d Cir. 1995) ........................................................................... 5

Ocean Science and Engineering Inc. v. International Geomarine
    Corporation,
    312 F. Supp. 825 (D. Del. 1970) .................................................................. 6

Padcom, Inc. v. Netmotion Wireless, Inc.,
    2004 U.S. Dist. LEXIS 9658 (D. Del. 2004) ............................................... 6

Pennwalt Corporation v. Purex Industries, Inc.,
    659 F. Supp. 287 (D. Del. 1986) .................................................................. 5

Sharp v. Kosmalski,
    40 N.Y.2d 119 (N.Y. 1976) .......................................................................... 5

Statutes

28 U.S.C. § 1404(a) ................................................................................................ 5

## INTRODUCTION

This brief is in response to the supplemental brief filed by Defendant (dba "PPC") in support of its motion to transfer this case to the district court for the Northern District of New York ("NDNY"). Following plaintiff's filing of the complaint in this suit for infringement of patent 5,745,838, PPC filed a declaratory judgment action in the NDNY seeking to have the '838 patent declared invalid, unenforceable and not infringed. Thereafter, PPC filed a motion to have this case transferred to the NDNY.

More recently, on October 3, the last day for filing amended pleadings, PPC filed a Second Amended Answer and Counterclaims, while plaintiff Arrow Communication (dba "Arcom"), and counterclaim defendant Tresness Trust, filed certain amendments to their pleadings. For convenient reference, since Arcom and the Tresness Trust are both asserting the same claims against PPC, it will be convenient to refer to both as "Plaintiffs".

The PPC transfer motion has already been briefed, but PPC proposed filing a supplemental brief to permit it to pursue the question whether the state law claims raised by the Plaintiffs' amended pleadings tip the scales to the extent of warranting the grant of PPC's transfer motion. We agreed to PPC filing a supplemental brief, but disagree on the merits.

Progress To Date In This Suit

While the Court has not yet ruled on PPC's motion to transfer, this case has proceeded while the NDNY case has been stayed. Thus, both sides in this suit have undertaken document discovery and filed interrogatories and responses to interrogatories. Also, both sides have filed amendments to their initial pleadings, and a scheduling order has been entered, which, among other things, sets a 7-day trial to begin on November 27,

2006. (Dkt. # 29, ¶11) Meanwhile, by the agreement of both parties, there has been no action in the NDNY suit.

The Issues Raised by Plaintiffs' Amended Pleadings

Turning to the contract issues that attend Plaintiffs' recent amended complaint and counterclaim, these issues stem from a Settlement Agreement reached by the parties in February 2001. (Ex. C) Several years ago, Arcom accused PPC of infringing the '838 patent in suit, and the parties settled that dispute short of litigation in early 2001. In that settlement, PPC agreed to pay for its allegedly infringing activity and agreed that it and its successors and assigns "shall not manufacture, use, offer to sell, advertise for sale, or sell, ... TSA Step Attenuators or any other filter circuit that falls within the protection of the '838 Patent." (Ex. C, ¶2)

Plaintiffs' amended pleadings assert a breach of the Settlement Agreement by PPC and that PPC concealed the fact that, contrary to its promise not to manufacture, use, sell, etc., which is set forth in the Settlement Agreement, PPC has undertaken to make and sell filter circuits that fall within the protection of the '838 patent -- with consequent profits and other unjust enrichment.

## ARGUMENT

In addition to the issues that attend plaintiffs' recent amendments adding a contract claim, PPC's Supplemental Brief speaks of the parties both having headquarters in Syracuse, and Syracuse being most convenient location for the witnesses (D. Br. 4), but it does not assert that travel between Syracuse and Delaware is difficult. (PPC Reply Br., Dkt. #20, p. 10, n.9, "PPC never contended that traveling to Delaware is inordinately difficult.") It also, refers to the subpoena power of the Court in the NDNY, but it still has identified no witness who has refused to appear at a trial in Wilmington, or the nature or importance of the testimony that would be adduced from such a witness. PPC also urges that a transfer to the NDNY will minimize expenses, but the savings brought about by a far speedier time-to-trial in Delaware will far outweigh the expense incurred because of travel and hotel costs that will be required for a week-long trial in Delaware. Also, the shorter time-to-trial will bring about a swifter resolution between the parties and a swifter end to the confusion that currently exists in the marketplace. See Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., 2001 U.S. Dist. LEXIS 20803, *9 (D. Del. 2001) ("ICS focuses on how much more convenient California would be instead of establishing any special inconvenience by litigating in Delaware. ...ICS, however, must establish that litigating in Delaware would pose a 'unique or unusual burden' on their operations. ... ICS has not identified any particular piece of evidence or document that would be especially difficult to transport to Delaware.")

Moreover, while PPC espouses the benefits of proceeding in Syracuse, it has invoked the jurisdiction of this Court both in a declaratory action counterclaim concerning the Arcom patent in suit (Amended Answer And Counterclaim, Dkt. 10, ¶20 et. seq.) and, more recently, in a new count charging Arcom with infringement of a PPC

patent. (Dkt. 48, ¶36 et. seq.) Also, PPC speaks of Syracuse having a local interest in the outcome of this suit, but it is unclear why such an interest would favor a trial in Syracuse rather than in Wilmington. Delaware similarly has an interest in litigation regarding companies, such as PPC, that are incorporated within its jurisdiction. BAE Systems Aircraft Controls Inc. v. Eclipse Aviation Corp., 224 F.R.D. 581, 589 (D. Del. 2004).

In addition, the record developed on PPC's transfer motion shows that the parties in suit are national corporations, promoting and transacting business throughout the U.S., as well as elsewhere. Also, it shows that PPC is accustomed to carrying on patent litigation throughout the U.S., at locations that are much further from Syracuse than Delaware is, in most cases at its instance. Further, there is no evidence that this far flung litigation has imposed an undue burden on PPC. See Cypress Semiconductor Corp., 2001 U.S. Dist. LEXIS 20803 at *10 ("Likewise, both plaintiff and defendant are corporations that operate on a national or worldwide scale. In view of this status, convenience based on expense is uncompelling especially when the practical realities are that discovery will likely take place in California regardless of the trial venue.")

With regard to the Settlement Agreement, PPC asserts that since this agreement is controlled by New York law, its motion to transfer to the Northern District of New York should be granted. However, although PPC has the burden of proof on its motion to transfer, it has pointed to no issues concerning of the Settlement Agreement that it will challenge, or how any applicable New York law departs to such an extent from general principles of law as to make those issues difficult for a Court sitting in Delaware. In fact, the relevant law in New York closely parallels that in Delaware and it will pose no problem to a Court sitting in Delaware. Compare, e.g., Fleer Corporation v. Topps

Chewing Gum, Inc., 539 A.2d 1060 (Del. 1988), with Sharp v. Kosmalski, 40 N.Y.2d 119 (N.Y. 1976).

In this regard, in Pennwalt Corporation v. Purex Industries, Inc., 659 F. Supp. 287, 292 (D. Del. 1986), the Court stated that

> Although the choice of law factor is important in cases where the foreign law to be applied is difficult or unsettled, ... it is less crucial in other cases. ...Plaintiff Pennwalt's claims involve straightforward issues of contract and tort, with which this Court is familiar. The application of foreign law in the context of this case does not clearly tip the balance in favor of transfer.

PPC notes that the Settlement Agreement itself contains an express provision saying that the Agreement shall be "construed, enforced and otherwise governed in accordance with the laws of New York State." (Ex. C, ¶6) That may, however, prove too much. Even though the parties turned their attention to the question of what law will govern (which would have been New York law even without an express provision), they included no requirement that those laws must be pursued in any particular forum.[1]

It is common practice for Courts to resolve cases that are governed by foreign law. Thus, in denying a motion to transfer a maritime case to California because of a provision that the interpretation and application of the contract terms are governed exclusively by the laws of California, the Court stated that:

> Assuming, however, that reference to California law may be necessary, this Court expects no difficulty in applying that law. For this Court to apply foreign law is not such an unusual circumstance as to require transfer.

---

[1] Actually, as the Court held in Jumara, even a forum selection provision in an agreement is not controlling in the case of a motion to transfer under §1404(a). Jumara v. State Farm Insurance Co., 55 F.3d 873, 880 (3d Cir. 1995).

Ocean Science and Engineering Inc. v. International Geomarine Corporation, 312 F. Supp. 825, 830 (D. Del. 1970). See also Berkshire International Corp. v. Marquez, 69 F.R.D. 583, 591 (E.D. Pa. 1976) ("It is, of course, not unusual for a United States district court to apply the law of another jurisdiction and little weight should be attached to the fact that foreign law controls the disposition of the case."). And see this Court's recent opinion declining to grant a transfer motion in Padcom, Inc. v. Netmotion Wireless, Inc., 2004 U.S. Dist. LEXIS 9658 (D. Del. 2004), which involved alleged intentional and wrongful interference with contractual and business relations with potential customers, in addition to patent infringement counts.

The only authority PPC cites in support of its cause is Davis Constructors v. Dartco Manufacturing, Inc., 668 F. Supp. 380, 385 (D. Del. 1987). PPC quotes from the opinion in Davis that "[Generally speaking,] it is preferable for a court of the state whose substantive law controls the action to hear the case …". (D.Br. 4)  However, PPC omitted the Court's ruling on the issue, which appears in the following sentence, namely:

> That fact that Georgia law governs the contract is not, however, a decisive factor which requires transfer.

Davis v. Dartco, 668 F. Supp. at 385.

In short, PPC has failed to meet the heavy burden required to deny Plaintiffs their choice of forum.  PPC has not, and cannot, challenge the fact that it is a national company, fully familiar with litigating patent matters outside New York state, generally at its own instance.  Clearly, PPC cannot establish, or even assert that this litigation in Delaware will pose a "unique or unusual burden" on its operations. See BAE Systems Aircraft v. Eclipse Aviation, 224 F.R.D. at 588.  On the contrary, as already indicated, a prompt resolution of this case in Delaware will benefit both parties and the public.

## CONCLUSION

PPC's motion to transfer was lacking before the recent amendatory pleadings and it is still lacking. Its motion should be denied.[2]

October 14, 2005

THE BAYARD FIRM

/s/ Richard D. Kirk

Richard D. Kirk (rk0922)
rkirk@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
*Attorneys for Arrow Communication Laboratories, Inc. and Tresness Irrevocable Patent Trust*

OF COUNSEL:
R. Terrance Rader
Charles W. Bradley
Glenn E. Forbis
Shelly L. Hokenstad
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
(248) 594-0600

Lawrence P. Trapani
4847 Enders Road
P.O. Box 555
Manlius, NY 13104
(315) 727-5304

---

[2] Regrettably, PPC's attorney once again asserts that there is bad faith on the part of plaintiffs' attorneys. This time it is because plaintiffs' attorneys did not include the contract count in the initial complaint, but only added it on the last day of the time set to amend the pleadings -- presumably, according to PPC's attorneys, hoping that the Court would have rejected PPC's transfer motion in the meantime. PPC characterizes this as gamesmanship and an attempt to shield the Court from compelling additional facts. (PPC Supp. Br. 1, 5) In fact, at the time amended pleadings were filed by both sides, PPC requested Plaintiffs to agree to PPC filing a Supplemental Brief on the transfer issue, and we agreed to its request. Even without such an agreement, PPC would have been free to assert (without merit, we believe) that the presence of the contract issues tip the scale in favor of a transfer. Indeed, this could have occurred before or after the Court had ruled on the propriety of a transfer based on the other factors. No gamesmanship is involved.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on October 14, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

>Jeffrey B. Bove, Esquire
>Kevin M. Baird, Esquire
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899-2207

The undersigned counsel further certifies that copies of the foregoing document were sent by email and by hand to the above local counsel and by email and first class mail to the following non-registered participants:

>James R. Muldoon, Esquire
>John A. Wasleff, Esquire
>Wall, Marjama & Bilinski, LLP
>101 South Salina Street, Suite 400
>Syracuse, NY 13202

/s/ Richard D. Kirk (rk0922)