IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ARROW COMMUNICATION LABORATORIES, INC., <br>     Plaintiff, <br> v. <br> JOHN MEZZALINGUA ASSOCIATES, INC., d/b/a PPC, <br>     Defendant. <br><br> JOHN MEZZALINGUA ASSOCIATES, INC., d/b/a PPC, <br>     Counterclaim-Plaintiff, <br> v. <br> ARROW COMMUNICATION LABORATORIES, INC., and TRESNESS PATENT TRUST, <br>     Counterclaim-Defendants. | C.A. No. 05-357-SLR |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS STATE LAW CLAIMS UNDER FED. R. CIV. P. 12(b)(6)**

CONNOLLY BOVE LODGE & HUTZ LLP
Jeffrey B. Bove, #998
Kevin M. Baird #4219
The Nemours Building
1007 North Orange Street, Suite 878
Wilmington, DE 19801
Tel: (302) 658-9141
Fax: (302) 658-5614

Of Counsel:
WALL, MARJAMA & BILINSKI, LLP
101 South Salina Street, Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile:    (315) 425-9114

*Attorneys for Defendant*
 *John Mezzalingua Associates, Inc. d/b/a PPC*

# TABLE OF CONTENTS

      **Page**

TABLE OF AUTHORITIES ............................................................................................................. ii

SUMMARY OF THE ARGUMENT ............................................................................................... 1

STATEMENT OF FACTS OF STATE LAW CLAIMS .................................................................. 2

ARGUMENT .................................................................................................................................... 3

I.    The Fraud Claim Is Legally Deficient and Must Be Dismissed ............................................. 3

    A.    The Fraud Claim Fails to Allege a Legally Sufficient Misrepresentation, Justifiable Reliance Or Any Damages ................................................................................................. 3

    B.    The Dismissal Should Be Without Leave To Replead On The Grounds Of Futility And Untimeliness ..................................................................................................................... 5

II.    The Unjust Enrichment Claims Must Be Dismissed ............................................................. 8

    A.    The Unjust Enrichment Claim Fails to Allege the Required Incremental Benefit Sought in Restitution ........................................................................................................................ 8

    B.    The Unjust Enrichment Claim Conflicts With United States Patent Law And New York State Contract Law .......................................................................................................... 10

III.    The Contract Claim Must Be Dismissed .............................................................................. 12

    A.    Tresness Cannot Recover For Contractual Rights It Assigned To Arcom ..................... 12

    B.    The Contract Claim Fails to Allege Damages ................................................................. 12

    C.    The Contract Claim Cannot Be Pursued In Addition To A Patent Claim Grounded On The Same Conduct ........................................................................................................... 12

CONCLUSION ................................................................................................................................ 14

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Bear Stearns Funding, Inc. v. Interface Group-Nevada, Inc.*,
  361 F. Supp. 2d 283 (S.D.N.Y. 2005) .................................................................... 7

*Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*,
  98 F.3d 13 (2d Cir. 1996) ................................................................................. 3, 6

*Chase v. Columbia National Corp.*,
  832 F. Supp. 654 (S.D. N.Y. 1993) ........................................................................ 6

*Club Protector, Inc. v. J.G. Peta*,
  2002 WL 1020782 at *3 (W.D.N.Y) ....................................................................... 9

*De Cew v. Union Bag & Paper Corp.*,
  57 F. Supp. 388 (D.N.J. 1944) ............................................................................. 13

*Grappo v. Alitalia Linee Aeree Italiane, S.p.A.*,
  56 F.3d 427 (2d Cir. 1995) ..................................................................................... 7

*Greenburg v. Chrust*,
  282 F. Supp. 2d 112 (S.D.N.Y. 2003) .................................................................... 6

*Grumman Allied Indus., Inc. v. Rohr Indus., Inc.*,
  748 F.2d 729 (2d Cir. 1984) ................................................................................... 6

*Hansen v. Safeway Stores*,
  238 F.2d 336 (9th Cir. 1956) ................................................................................ 13

*Harso Corp. v. Segui*,
  91 F.3d 337 (2d Cir. 1996) ................................................................................... 12

*Holloway v. King*,
  361 F. Supp. 2d 351 (S.D.N.Y. 2005) .................................................................... 3

*IKEA North American Services, Inc. v. Northeast Graphics, Inc.*,
  56 F. Supp.2d 340 (S.D.N.Y. 1999) ....................................................................... 8

*International Cabletel Inc. v. Le Groupe Videotron LTEE*,
  978 F. Supp. 483 (S.D.N.Y. 1997) .................................................................. 6, 11

*Jacobs v. Lewis*,
  689 N.Y.S.2d 468 (App. Div. 1999) ....................................................................... 6

*John Paul Mitchell Systems v. Quality King Distributors, Inc.*,
  2001 WL 910405 at *5 (S.D.N.Y) .......................................................................... 8

*Lum v. Bank of America*,
  361 F.3d 217 (3d Cir. 2004) ................................................................................... 4

*NationalConversion Corp. v. CedarBuilding Corp.*,
   246 N.E.2d 351 (Ct. App. 1969) ............................................................................... 5

*R. H. Damon & Co., Inc. v. Softkey Software Products, Inc.*,
   811 F. Supp. 986 (S.D.N.Y. 1993) ............................................................................ 6

*Stanley v. Bray Terminals, Inc.*,
   197 F.R.D. 224 (N.D.N.Y. 2000) ............................................................................... 3

*State Farm Mutual Automobile Insurance Co. v. CPT Medical Services, P.C.*,
   375 F. Supp. 2d 141 (E.D.N.Y. 2005) ....................................................................... 8

*Telecom Int'l America, Ltd. v. AT & T Corp.*,
   280 F.3d 175 (2d Cir. 2001) ....................................................................................... 7

*Tucker Leasing Capital Corp. v. Marin Medical Management, Inc.*,
   833 F. Supp. 948 (E.D.N.Y. 1993) ............................................................................ 3

*TVT Records v. The Island DEF Jam Music Group*,
   412 F.3d 82 (2d Cir. 2005) ..................................................................................... 3, 7

*Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*,
   411 F.3d 1369 (Fed. Cir. 2005) ..................................................................... 9, 10, 11

*Union Carbide Corp. v. Montell N.V.*,
   9 F. Supp. 2d 405 (S.D.N.Y. 1998) ........................................................................... 6

*United States v. Oregon Lumber Co.*,
   260 U.S. 90 (1922) ................................................................................................... 14

*VTECH Holdings Ltd. v. Lucent Technologies, Inc.*,
   172 F. Supp. 2d 435 (S.D. N.Y. 2001) ...................................................................... 7

*Waner v. Ford Motor Co.*,
   331 F.3d 851 (Fed. Cir. 2003) ................................................................................. 11

*Water Techonlogies Corp. v. Calco, Ltd.*,
   850 F.2d 660 (Fed. Cir. 1988),
   *cert. denied*, 488 U.S. 968 (1988) ........................................................................... 10

## SUMMARY OF THE ARGUMENT

Plaintiff Arrow Communication Laboratories, Inc. ("Arcom") and Counterclaim Defendant Tresness Trust ("Tresness") recently filed an amended complaint and an amended counterclaim, respectively, both of which assert three pendent common law claims. Specifically, Arcom and Tresness assert claims for breach of contract, common law fraud, and unjust enrichment all grounded upon facts associated with the alleged infringement of the '838 patent.

These claims are ill considered and facially invalid. As a matter of pleading, none of the three claims survives even preliminary scrutiny. Arcom and Tresness fail to plead the requisite elements with the specificity required by law. They have also failed to inform themselves of controlling New York and federal patent law that negates the very premise of their claims. Therefore, Defendant hereby moves the Court to dismiss all of these claims, pursuant to Fed. R. Civ. P. 12(b)(6).

As a substantive matter, the factual allegations supporting the fraud and unjust enrichment claims demonstrate that they are excluded by controlling New York law.[1] Moreover, Defendants are unable to allege damages for these new claims without making the claims redundant with the patent law claims or conflicting with federal patent law. Although the contract claim is potentially viable, it may not be asserted alongside a patent claim that covers the same subject matter. By asserting the patent claim, Arcom and Tresness have made an election of remedies that precludes a parallel contract claim in this Court. Thus, all three claims should be dismissed without leave to replead, at least on the grounds of futility.

---

[1] As set forth in detail in PPC's Supplemental Brief in Further Support of Defendant's Motion to Transfer Venue, New York law is applicable to all three claims. The settlement agreement at issue contains a choice of law provision specifying New York law. The related fraud and unjust enrichment claims are both grounded on transactions taking place in Upstate New York between New York residents. There is no other state – particularly not Delaware – that has any interest in the application of its law to these claims. Thus, under any choice of law analysis, the application of New York law is indicated.

1

## STATEMENT OF FACTS OF STATE LAW CLAIMS

Beginning in May 1998, Tresness Trust, at that time the owner of the '838 patent, began asserting that PPC's TSA series of step attenuator filters infringed that patent. Arcom's First Amended Complaint ("Amended Complaint"), ¶ 22. Since the volume of sales for this product was of modest proportions, PPC elected to settle the dispute without litigation. On February 12, 2001, PPC and Tresness executed a Settlement Agreement that contained an explicit disclaimer of infringement by PPC. *See* Settlement Agreement, Amended Complaint, Ex. C, ¶ 1. Arcom alleges that Counterclaimant (Tresness) assigned the settlement agreement to Arcom. Amended Complaint, ¶ 22.

The text of the agreement included a clause by which PPC agreed to cease selling the TSA attenuator filters, "or any other filter circuit that falls within the protection of the '838 patent." *Id.*, ¶ 3; Amended Complaint, ¶ 24. When PPC began selling another line of step attenuator filters (the accused SSA Series), Tresness accused these new products of infringement, which PPC has consistently denied. *Id.*, ¶ 31. The continuing dispute about the SSA series of attenuator filters led to the filing of this lawsuit in June 2005. *Id.*, ¶ 8.

All three of the new pendent state law claims are ultimately grounded on the alleged infringement of the '838 patent. The breach of contract claim is based on an alleged violation of the clause pledging PPC not to make or sell any filter that "falls within the protection of the '838 patent," which is essentially a pledge not to infringe. Amended Complaint, ¶ 24. Thus, the proof needed to establish the breach of contract claim is coextensive with the claim for infringement of the '838 patent. The fraud claim is grounded on two premises: (1) that PPC never intended to abide by its pledge of noninfringement, and statements to the contrary leading up to the settlement agreement are therefore fraudulent, *Id.*, ¶¶ 29-30 and (2) that PPC's post-

2

settlement denials of infringement also constitute fraudulent statements, *Id.*, ¶¶ 31, 32. Finally, the unjust enrichment claim asserts that PPC's alleged infringement yielded unspecified benefits to PPC that should be awarded to Arcom and/or Tresness in restitution. *Id.*, ¶ 35.

## ARGUMENT

### I. The Fraud Claim Is Legally Deficient and Must Be Dismissed

#### A. The Fraud Claim Fails to Allege a Legally Sufficient Misrepresentation, Justifiable Reliance Or Any Damages

To prove a basic claim for fraud under New York law, a plaintiff must show (1) the defendant made a material false representation (2) the defendant intended to defraud the plaintiff thereby (3) the plaintiff reasonably relied upon the representation and (4) the plaintiff suffered damage as a result of such reliance. *Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*, 98 F.3d 13, 19 (2d Cir. 1996). A variant of the basic fraud claim is fraud in the inducement, which requires a misrepresentation of a material fact, which is untrue or known to be untrue, which is offered to deceive the other party to induce them to act upon it, and injury or damages. *Holloway v. King*, 361 F. Supp. 2d 351, 359 (S.D.N.Y. 2005); *Stanley v. Bray Terminals, Inc.*, 197 F.R.D. 224, 228 (N.D.N.Y. 2000); *Tucker Leasing Capital Corp. v. Marin Medical Management, Inc.*, 833 F. Supp. 948, 958 (E.D.N.Y. 1993). Another variant is fraudulent concealment, which requires (1) failure to discharge a duty to disclose (2) intention to defraud, or scienter (3) reliance and (4) damages. *TVT Records v. The Island DEF Jam Music Group*, 412 F.3d 82, 90-91 (2d Cir. 2005). It is not abundantly clear from their allegations which of these fraud based claims Arcom and Tresness intend to assert.

The amended pleadings, however, fail to allege the requisite elements of any of these claims. As discussed in the next section, none of the statements asserted in the pleadings are legally sufficient misrepresentations upon which a fraud claim can be grounded. They allege no

3

duty to disclose on the part of PPC. The pleadings do not allege reasonable reliance or any damages whatsoever, much less with the particularity required by Fed. R. Civ. P. 9(b).

Under Third Circuit law, Rule 9(b) requires Arcom and Tresness to plead the date, place and time of the fraudulent statements, or provide "alternative means of injecting precision and some measure of substantiation into their allegations." *Lum v. Bank of America*, 361 F.3d 217, 224 (3d Cir. 2004). At a minimum, they must allege who made the alleged statements to whom. *Id.*

The first allegation of a fraudulent statement reads as follows.

> In connection with entering into the Settlement Agreement, Defendant or its predecessor represented to Counterclaimant that it would not manufacture, use, offer to sell, advertise for sale, or sell any filter circuit that falls within the protection of the '838 patent.

Amended Complaint, ¶ 29. This allegation contains no identification of the speaker, and no indication of where and when these statements were made. The Amended Counterclaim is similarly deficient in regards to its discussion of these statements.

The second allegation of allegedly fraudulent statements is even more deficient.

> Further, subsequent to February 12, 2001, Defendant (or its predecessor) repeatedly represented to Counterclaimant and Arcom the Defendant (or its predecessor) was not manufacturing or selling filter circuits that fall within the protection of the '838 patent, knowing this to be false.

Amended Complaint, ¶ 31. Again there is no attempt to identify any speaker who made the allegedly fraudulent statements. There is no indication of when the statements were made, except on multiple occasions sometime between February 12, 2001 and (presumably) October 3, 2005. This is hardly an injection of precision or substantiation. There is also no effort at all to identify where the statements were made.

4

The foregoing allegations do not even come close to pleading a fraud claim with sufficient particularity. The pleadings also fail to allege, much less specify, any damages resulting from reasonable reliance. The fraud claims must therefore be dismissed as failing to satisfy the requirements of Fed. R. Civ. P. 9(b).

### B. The Dismissal Should Be Without Leave To Replead On The Grounds Of Futility And Untimeliness

Paragraph 3 of the Court's Scheduling Order provides that motions to join other parties and amend pleadings were to be filed on or before October 3, 2005. Thus, leave to replead is now governed by the standards of Fed. R. Civ. P. 16(b) ("for good cause shown"). Arcom and Tresness have been aware of the settlement agreement on which the state common law claims are based since before this lawsuit began; indeed, they have referred to it in their opposition to the transfer motion that is pending before the Court. They have therefore had every opportunity to assess what claims they might have had on the basis of the settlement agreement and any activities leading thereto. They cannot show good cause for advancing any further allegations than those presented in their Amended Pleading and Counterclaim.

While they might be allowed to correct technical defects in those pleadings, the Court need not grant such an opportunity when the claims at issue are demonstrably futile. That is the situation before this Court.

The alleged misrepresentations are legally insufficient to state a fraud claim under New York Law.[2] To maintain a claim of fraud under New York law relating to statements of intent to

---

[2] Because the allegations are so facially defective as to require dismissal, there is no need to convert this motion into a summary judgment motion. It is doubtful, however, that the newly pleaded fraud claims could survive a summary judgment motion. The post-contractual assertions of noninfringement are obviously nothing more than opinions about a legal matter that could not be conclusively determined without an authoritative claim construction, which would probably require two courts to establish. Under New York law, statements of opinion are not grounds for a fraud claim unless it can be proven that the opinion expressed is not sincerely held. *NationalConversion Corp. v. CedarBuilding Corp.*, 246 N.E.2d

5

perform under contract, a plaintiff must allege, and ultimately prove, a misrepresentation that is collateral or extraneous to the contract.[3] *Bridgestone/Firestone, supra,* 98 F.3d at 20;[4] *International Cabletel Inc. v. Le Groupe Videotron LTEE*, 978 F. Supp. 483, 487 (S.D.N.Y. 1997): *Chase v. Columbia National Corp.*, 832 F. Supp. 654, 660 (S.D. N.Y. 1993)("While New York law recognizes a cause of action for fraud in the inducement of a contract, this claim cannot be based solely upon the failure to perform the promises of future acts which constitute the contractual obligations themselves.").

The first allegedly fraudulent statements – the pledges to avoid infringement – were not collateral or extraneous to the settlement agreement. They were explicitly drafted into the settlement agreement as a principal obligation of PPC. Thus, the first set of allegedly fraudulent

---

351, 355 (Ct. App. 1969). Discovery will yield no proof of insincerity on the part of PPC. *See also Union Carbide Corp. v. Montell N.V.*, 9 F.Supp.2d 405, 409 (S.D.N.Y. 1998)(no reasonable reliance about opinion grounded on interpretation of contract agreement; "This rule has particular force when the opinion relates to an issue that was known to be in dispute at the time the statement was made.").
   Furthermore, Arcom and Tresness would be required to prove that they reasonably relied on the assertions of noninfringement and were damaged thereby. As a threshold matter, the idea that a company so experienced in patent litigation justifiably relied on the assertions of a competitor borders on the absurd. The evidence would also show that within four months of PPC's first sale of the SSA filters Tresness had in its possession information enabling it to make its own investigation of the matter. *See Grumman Allied Indus., Inc. v. Rohr Indus., Inc.*, 748 F.2d 729, 737 (2d Cir. 1984)(justifiable reliance properly rejected where plaintiff had access to materials enabling a proper investigation); *Greenburg v. Chrust*, 282 F.Supp.2d 112,118 (S.D.N.Y. 2003)(courts wary of finding reliance reasonable with two sophisticated parties in arm's length negotiations and party claiming reliance had opportunity to discover information allegedly relied upon); *Jacobs v. Lewis*, 689 N.Y.S.2d 468 (App. Div. 1999)(where plaintiff made own investigation, no reasonable reliance on representations of defendant). It is also difficult to envision what reliance damages Arcom and Tresness could have accrued in four months.

[3] At least one court has stated that in order to determine if a fraud claim alleges facts extraneous to and collateral to the contract, courts should look to the source of the damages alleged. *R. H. Damon & Co., Inc. v. Softkey Software Products, Inc.*, 811 F. Supp. 986, 992 (S.D.N.Y. 1993). Thus, to defeat a motion to dismiss common law fraud claims, a plaintiff must allege that they sustained damages in addition to those they could have anticipated in the event of a breach. *Id.* This requirement makes Arcom's and Tresness' failure to plead damages with respect to the fraud claims all the more egregious.

[4] Arcom and Tresness do not and cannot allege that PPC has a legal duty separate from the contract duty to perform under the contract, or that they seek special damages caused by the misrepresentation and unrecoverable as contract damages, which are the other two possibilities mentioned by the *Bridgestone/Firestone* Court. Furthermore, Rule 9(g) requires that special damages be specifically stated in the pleadings.

statements amount to nothing more than an assertion by Arcom and Tresness that PPC never intended to perform this obligation under the contract.

The cases are uniform in holding that a false representation of intent to perform under the contract is insufficient for a fraud claim. *See, e.g., Telecom Int'l America, Ltd. v. AT & T Corp.*, 280 F.3d 175, 196 (2d Cir. 2001) (where fraud claim arises out of same facts as breach of contract claim, with only additional allegation that defendant never intended to perform premises in contract, fraud claim is redundant and sole remedy is breach of contract); *Grappo v. Alitalia Linee Aeree Italiane, S.p.A.*, 56 F.3d 427, 434 (2d Cir. 1995) (cause of action for fraud does not generally lie where plaintiff alleges only that defendant entered into contract with no intention of performing); *VTECH Holdings Ltd. v. Lucent Technologies, Inc.*, 172 F. Supp. 2d 435, 439 (S.D. N.Y. 2001)(mere allegation that defendant did not intend to perform a contract when he made it fails to state a claim for fraud and will be dismissed as duplicative).

Furthermore, the intent to breach does not give rise to a duty to disclose. *TVT Records, supra,* 412 F.3d at 91 ("the intention to breach does not give rise to a duty to disclose." Duty must exist separately from duty to perform under contract). Thus, the first set of allegedly fraudulent statements do not give rise to a claim for fraud in the inducement, fraudulent concealment, or any other type of fraud based claim.

The only other alleged fraudulent statements – repeated post-contractual denials of infringement – are likewise insufficient to give rise to a legally cognizable fraud claim. Assuming that PPC's denials of infringement with regard to the SSA filters were wrong, and further assuming that PPC knew them to be wrong, these statements of noninfringement would still not support a claim for fraud. Under New York law, even intentionally misleading statements concealing the breach of a contract do not give rise to an action for fraud. *Bear*

7

*Stearns Funding, Inc. v. Interface Group-Nevada, Inc.*, 361 F. Supp. 2d 283, 311 (S.D.N.Y. 2005); *John Paul Mitchell Systems v. Quality King Distributors, Inc.*, 2001 WL 910405 at *5 (S.D.N.Y)[5]; *IKEA North American Services, Inc. v. Northeast Graphics, Inc.*, 56 F. Supp. 2d 340, 342 (S.D.N.Y. 1999).

The IKEA Court elaborated on the reason for this rule of law.

> [V]irtually every dispute over breach of contract involves an allegation that the breaching party has lied about its performance. It would materially chill commerce if every time a contracting party suffered what it believed was a breach of performance the party could also bring a tort claim for fraud.

56 F. Supp. 2d at 342, n2. In view of this settled policy of New York law, the fraud claims grounded on the protestations of noninfringement are insufficient, even accepting the truth of every factual allegation.

In view of the contractual obligations extant between Tresness and PPC, neither Arcom nor Tresness can prove any set of facts entitling them to relief on the alleged fraud claims. The two allegedly fraudulent statements set forth in the pleadings cannot form the basis of a fraud claim. Moreover, Arcom and Tresness are out of time to make any additional allegations of fraudulent statements. The fraud claims should therefore be dismissed without leave to replead.

## II.   The Unjust Enrichment Claims Must Be Dismissed

### A.   The Unjust Enrichment Claim Fails to Allege the Required Incremental Benefit Sought in Restitution

To state a claim for unjust enrichment under New York law, a plaintiff must allege (1) that defendant was enriched (2) that the enrichment was at plaintiff's expense and (3) that the circumstances are such that in equity and good conscience the defendant should return the money

---

[5] Unreported cases are attached hereto as Exhibit A.

or property to the plaintiff. *State Farm Mutual Automobile Insurance Co. v. CPT Medical Services, P.C.*, 375 F. Supp. 2d 141, 154 (E.D.N.Y. 2005) (citing cases).

Neither Arcom nor Tresness allege any specific benefits that were conferred on PPC by which it was enriched beyond damages that may be awarded for infringement. This omission is significant, because the preemption doctrine requires that they plead "an incremental benefit *over and above* the benefit the public received when ... [patentee's] patents issued." *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1379 (Fed. Cir. 2005) (emphasis added).

While an unjust enrichment claim may, under certain conditions, stand together with a claim for patent infringement, the alleged enrichment must be different than the damages provided for in the patent statute as a *quid pro quo* for the benefit of early disclosure conferred on the public through the patent system. As in *Ultra-Precision*, neither Arcom nor Tresness have alleged – nor could they—that they enjoyed a confidential relationship with PPC or that any of its technical information enjoyed trade secret protection.

Furthermore, unlike *Ultra-Precision*, neither of the amended pleadings suggests any appropriate measure of the unspecified enrichment that PPC might have gained – apart from infringement damages. While Arcom and Tresness vaguely allege enhanced reputation and market share, these allegations provide no tangible benefits capable of objective assessment.

Paragraph 32 of the fraud allegations of the Amended Complaint, incorporated by reference into the unjust enrichment claim, concludes with a vague allegation that PPC's sales of the accused filter circuits "misappropriated the property of the Counterclaimant Tresness Patent Trust." To the extent that this allegation might be intended to suggest some sort of conversion tort, that notion is precluded. New York law recognizes no claim for conversion of intangible

9

property, such as patents. *Club Protector, Inc. v. J.G. Peta*, 2002 WL 1020782 at *3 (W.D.N.Y) (citing cases).

### B. The Unjust Enrichment Claim Conflicts With United States Patent Law And New York State Contract Law

These pleadings are insufficient to avoid preemption by federal patent law. If the unjust enrichment complained of amounts to no more than the damages provided by the patent statute, the claim is duplicative of the patent claim and should be dismissed for that reason.

It is insufficient to argue that the unjust enrichment theory provides alternative relief should the patent infringement claim fail for some reason that does not invalidate the patent, such as unenforceability. The subject matter of the '838 patent is unquestionably in the possession of the public, albeit temporarily restricted by the patent monopoly. If the patent statute does not allow damages, there can be no unjust enrichment claim seeking restitution based on the use of an idea in the public domain. *See Ultra-Precision, supra,* 411 F.3d at 1380 (In the absence of an incremental benefit, federal patent law preempts any attempt to obtain under rubric of state unjust enrichment law a patent-like royalty for the making, using, or selling of a product embodying information plaintiff is unsuccessful in protecting under federal patent laws).

The amended pleadings do allege that PPC "has generated substantial profits for itself." So perhaps the unjust enrichment claim should be interpreted as asserting that PPC's profits should be awarded to Arcom and/or Tresness in restitution. If that is their intent, it is at odds with settled patent law. An accounting of the infringer's profits is not among the remedies provided by the patent statute. *Water Techonlogies Corp. v. Calco, Ltd.*, 850 F.2d 660 (Fed. Cir. 1988), *cert. denied*, 488 U.S. 968 (1988). Although the infringer's profits can serve as a

comparison to assess the reasonableness of the claim for the *patentee's* lost profits,[6] there can be no claim for an *infringer's* profits per se.

Federal patent law has preempted the field as to what damages may be awarded for patent infringement, and under what conditions. *See Ultra-Precision,* 411 F.3d at 1379 ("[a]bsent secrecy, state law cannot create a collateral set of rights available as an adjunct or expansion to patent rights.") (quoting *Waner v. Ford Motor Co.*, 331 F.3d 851, 856 (Fed. Cir. 2003)). Therefore, Arcom and Tresness cannot recover PPC's profits under the guise of a state law restitution theory when such recovery is prohibited under federal patent law.

The unjust enrichment claim is further precluded by New York State contract law. *See International Cabeltel, supra,* 978 F. Supp. at 491 (and cases cited thereat) (dismissing unjust enrichment claim; "a valid contract governing a particular matter precludes recovery in quasi-contract for events arising out of the same subject matter."). Unjust enrichment does not exist as an independent cause of action. Rather, it is an alternative theory of recovery in contract law that is invoked when there is either no enforceable contract or the contract is invalid.

In this case, there is no contention that the settlement agreement is not a valid and enforceable contract. While Arcom and Tresness assert fraudulent statements that are typical of fraudulent inducement claims, their prayer for relief does not ask the Court to set aside the settlement agreement. Moreover, as shown in the fraud discussion, the statements alleged are legally insufficient to void the settlement agreement if Arcom and Tresness were to seek that relief. Therefore, they are limited to contractual damages, and cannot recover a second award under a theory of unjust enrichment.

---

[6] The case law under the patent statute establishes the conditions under which the patentee should be awarded lost profits. If the patentee fails to prove those conditions, their lost profits cannot be awarded under the rubric of unjust enrichment without conflicting with federal patent law.

11

### III. The Contract Claim Must Be Dismissed

#### A. Tresness Cannot Recover For Contractual Rights It Assigned To Arcom

Arcom, but not Tresness, alleges that it is now the assignee of the settlement agreement, which would include the right to receive damages for breach. Assuming this allegation to be true, Tresness cannot recover damages for breach of the agreement. Its counterclaim for breach of the settlement agreement should therefore be dismissed. If, on the other hand, Tresness has not assigned its rights, Arcom's claim for breach of the settlement agreement should be dismissed since it has no rights thereunder. In any event, there can be no double recovery.

#### B. The Contract Claim Fails to Allege Damages

To state a claim for breach of contract under New York law, a plaintiff need only allege (1) the existence of an agreement (2) adequate performance of the contract by the plaintiff (3) breach of contract by the defendant, and (4) damages. *Harso Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). The Amended Complaint and First Amended Counterclaim fail to satisfy even this minimal standard. One will look in vain for any allegation of damages flowing from the breach.

It well may be that Arcom and Tresness intend that the contract damages be coextensive with and dependent upon the infringement damages. They have not so alleged, however, and if that is their intent, the contract claim is redundant with the patent claim. As detailed in the next section, Arcom and Tresness cannot maintain both claims, covering the same subject matter, in the same suit.

#### C. The Contract Claim Cannot Be Pursued In Addition To A Patent Claim Grounded On The Same Conduct.

While Arcom has a potentially valid contract claim, as the assignee of Tresness Trust, that claim cannot be pursued in this Court simultaneously with a patent claim covering the same conduct. The amended pleadings allege no contractual obligation that was breached, other than to refrain from infringement, and allege no damages at all, except perhaps by inference the patent infringement damages. Clearly, there can be no double recovery for the same acts of infringement.

More important, the assertion of a patent infringement claim constitutes an election of remedies that precludes the contract claim. *De Cew v. Union Bag & Paper Corp.*, 57 F. Supp. 388, 401 (D.N.J. 1944). *See also Hansen v. Safeway Stores*, 238 F.2d 336, 338 (9th Cir. 1956) (plaintiff made election of remedies to seek relief under infringement action, and was therefore barred from seeking damages under breach of contract theory).

The reason implicit in these cases is that pursuing both contract and infringement claims would lead to inconsistent burdens of proof, inconsistent remedies, and prejudicial evidentiary conundrums. In a contract claim, for instance, Arcom and Tresness would have to prove that the SSA series of filters fell "within the protection of the '838 patent" in order to establish that there was a breach. Their proof would have to include the validity of the patent, since an invalid patent protects nothing. Under the patent law, however, the burden of proving invalidity would be on PPC. Under a contract claim, there would be no provision for an award of attorneys' fees or punitive damages, both of which are effectively provided for in the patent statute.

Moreover, evidence of the settlement agreement would be both irrelevant and unduly prejudicial in the patent claim. *See* Fed. R. Evid. 401-403, 407. In view of the disclaimer of infringement with respect to the TSA series of filters – which are no longer made -- evidence of the existence of the settlement agreement and payments thereunder would have no tendency to

make infringement by the accused SSA series any more or less likely. Instead, this evidence would have a marked tendency to confuse or prejudice the jury. The only fact of consequence to this lawsuit that might be served in this case by the introduction of evidence about the settlement agreement is to establish PPC's awareness of the '838 patent, which is not in dispute.

Therefore, the patent and contract claims covering the same subject matter are inherently inconsistent. Thus, Arcom and Tresness are put to an election of inconsistent remedies. It is to be assumed that by asserting a patent claim with its attendant burdens of proof and remedies -- both of which are more liberal to Arcom and Tresness – that they have elected to forego the contract claim. *See generally, United States v. Oregon Lumber Co.*, 260 U.S. 90 (1922) (plaintiff who decides to bring suit on basis of one of two inconsistent remedies has made his election).

While the contract claim might be correctable as a matter of pleading, the assertion of it alongside a patent claim for the same conduct is precluded. The Court should therefore dismiss this claim without leave to replead.

## CONCLUSION

For the reasons set forth herein, all three of the state law pendent claims should be dismissed. The amended pleadings fail to allege the requisite elements of any of the claims. Moreover, in view of the asserted facts, Arcom and Tresness cannot make out a claim that does not collide with New York state and federal law. The dismissal should therefore be without leave to replead, on the grounds of futility.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
Kevin M. Baird (#4219)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Tel: (302) 658-9141
Fax: (302) 658-5614
jbove@cblh.com

Of Counsel:

WALL, MARJAMA & BILINSKI, LLP
James R. Muldoon, Esq.
101 South Salina Street,
Suite 400
Syracuse, New York 13202
Telephone:  (315) 425-9000
Facsimile:   (315) 425-9114

*Attorneys for Defendant*
 *John Mezzalingua Associates, Inc. d/b/a PPC*

15

## CERTIFICATE OF SERVICE

I, Jeffrey B. Bove, hereby certify that on October 18, 2005, copies of the foregoing document was caused to be served upon the following parties in the manner indicated:

### BY ELECTRONIC FILING AND HAND DELIVERY

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19801

### BY EMAIL

R. Terrance Rader, Esq.
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304

Lawrence P. Trapani, Esq.
4847 Enders Road
P.O. Box 555
Manlius, NY 13104

/s/ Jeffrey B. Bove
Jeffrey B. Bove  (# 998)
The Nemours Building
1007 North Orange Street
Suite 878
Wilmington, DE 19801
Tel: (302) 658-9141
Fax: (302) 658-5614