IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARROW COMMUNICATION LABORATORIES, INC.,<br>    Plaintiff,<br>v.<br>JOHN MEZZALINGUA ASSOCIATES, INC., d/b/a PPC,<br>    Defendant.<br><br>JOHN MEZZALINGUA ASSOCIATES, INC., d/b/a PPC,<br>    Counterclaim-Plaintiff,<br>v.<br>ARROW COMMUNICATION LABORATORIES, INC., and TRESNESS PATENT TRUST,<br>    Counterclaim-Defendants. | C.A. No. 05-357-SLR |

## ANSWER TO FIRST AMENDED COMPLAINT OF ARCOM AND COUNTERCLAIMS

Defendant and Counterclaim Plaintiff, John Mezzalingua Associates, Inc., doing business as PPC ("PPC"), for its Answer to the Complaint of Plaintiff Arrow Communication Laboratories, Inc. alleges as follows:

1. ADMITS that Plaintiff has attempted to allege claims for patent infringement in its First Amended Complaint, but DENIES the merits and sufficiency of the claims asserted therein.

2. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the First Amended Complaint.

3. ADMITS the allegations contained in Paragraph 3 of the First Amended Complaint.

1

4. ADMITS the allegations contained in Paragraph 4 of the First Amended Complaint.

5. ADMITS that while venue in the District of Delaware is technically proper, venue for this action ought to be in the Northern District of New York because (a) the District of Delaware has little to no connection with the asserted claims, (b) both Plaintiff and Defendant are headquartered in or around Syracuse, New York; (c) neither Plaintiff nor Defendant has a physical presence or office in the State of Delaware; (d) the accused products are manufactured in the Northern District of New York; (e) all alleged acts giving rise to Plaintiff's federal and state law claims occurred in the Northern District of New York and (f) the convenience of both party and nonparty witnesses weighs heavily in favor of transfer of this action to the Northern District of New York, and therefore Defendant DENIES any remaining allegations contained in Paragraph 5 of the First Amended Complaint.

6. ADMITS that the United States Patent and Trademark Office issued U.S. Patent No. 5,745,838 ("the '838 patent") on April 28, 1998, but DENIES that the '838 patent was duly issued or is valid or enforceable, and therefore denies any remaining allegations contained in Paragraph 6 of the First Amended Complaint.

7. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the First Amended Complaint.

8. DENIES the allegations contained in Paragraph 8 of the First Amended Complaint.

9. DENIES the allegations contained in Paragraph 9 of the First Amended Complaint.

10. DENIES the allegations contained in Paragraph 10 of the First Amended Complaint.

11. DENIES the allegations contained in Paragraph 11 of the First Amended Complaint.

12. DENIES the allegations contained in Paragraph 12 of the First Amended Complaint.

13. DENIES the allegations contained in Paragraph 13 of the First Amended Complaint.

14. ADMITS that the United States Patent and Trademark Office issued U.S. Patent No. 6,674,343 ("the '343 patent") but DENIES that the '343 patent was duly issued or is valid or enforceable, and therefore denies any remaining allegations contained in Paragraph 14 of the First Amended Complaint.

15. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Complaint.

16. DENIES the allegations contained in Paragraph 16 of the First Amended Complaint.

17. DENIES the allegations contained in Paragraph 17 of the First Amended Complaint.

18. DENIES the allegations contained in Paragraph 18 of the First Amended Complaint.

19. DENIES the allegations contained in Paragraph 19 of the First Amended Complaint.

20. DENIES the allegations contained in Paragraph 20 of the First Amended Complaint.

21. The First Amended Complaint has no Paragraph 21 in the version served upon Defendant.

22. PPC has moved to dismiss the claim entitled Breach of Contract for failing to state a claim for which relief can be granted and therefore does not respond to the allegations of Paragraphs 22-27 of the Amended Counterclaim at this time.

23. PPC has moved to dismiss the claim entitled Fraud for failing to state a claim for which relief can be granted and therefore does not respond to the allegations of Paragraphs 22-31 of the Amended Counterclaim at this time.

24. PPC has moved to dismiss the claim entitled Unjust Enrichment for failing to state a claim for which relief can be granted and therefore does not respond to the allegations of Paragraphs 22-33 of the Amended Counterclaim at this time.

## AS A FIRST AFFIRMATIVE DEFENSE

25. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## AS A SECOND AFFIRMATIVE DEFENSE

26. The claims of the '838 patent and/or the '343 patent are invalid for failing to satisfy the requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 132 and 305.

## AS A THIRD AFFIRMATIVE DEFENSE

27. No product of Defendant has infringed any valid claim of the '838 patent and/or the '343 patent.

## AS A FOURTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims for damages is limited for its failure to mark its product with sufficient notice under 35 U.S.C. § 287.

## AS A FIFTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## AS A SIXTH AFFIRMATIVE DEFENSE

30. Upon information and belief, Plaintiff lacks standing to assert this claim against Defendant.

## AS A SEVENTH AFFIRMATIVE DEFENSE

31. Venue of this action ought to be transferred to the Northern District of New York because (a) the District of Delaware has little to no connection with the asserted claims, (b) both Plaintiff and Defendant are headquartered in or around Syracuse, New York; (c) neither Plaintiff nor Defendant has a physical presence or office in the State of Delaware; (d) the accused products are manufactured in the Northern District of New York; (e) all alleged acts giving rise to Plaintiff's federal and state law claims occurred in the Northern District of New York and (f) the convenience of both party and nonparty witnesses weighs heavily in favor of transfer of this action to the Northern District of New York.

## AS A EIGHTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred by the doctrine of election of remedies.

## AS A NINTH AFFIRMATIVE DEFENSE

33. The '343 patent is unenforceable on the basis that the subject matter of the '343 patent was invented by Michael Lamb of Eagle Comtronics, Inc., then a subordinate of Jerry Gould, a named inventor of the '343 patent. Upon information and belief, Jerry Gould executed

5

a false declaration claiming that he had invented the subject matter of the '343 patent with the knowledge that he was not an inventor of the such subject matter. Upon further information and belief, during the prosecution of the '343 patent, Arcom, Andrew Tresness and the Tresness Trust had knowledge that Gould was not a true inventor and yet continued with the prosecution of the patent application through issue.

## AS A TENTH AFFIRMATIVE DEFENSE

34.    The '343 patent is also unenforceable on the basis that Arcom and Tresness Trust have attempted to enforce a patent known to be invalid under the Patent Laws including but not limited to 35 U.S.C. §§ 102(b), 102(f), 103(a) and has therefore committed patent misuse.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff John Mezzalingua Associates, Inc., doing business as PPC, for its Counterclaims as against Plaintiff and Counterclaim-Defendant Arrow Communications Laboratories, Inc., and Counterclaim-Defendant Tresness Irrevocable Patent Trust, alleges as follows:

## AS A FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT

35.    PPC asserts counterclaims for declaratory judgment of patent non-infringement, invalidity, and unenforceability, and for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code and Declaratory Judgment Act, 28 U.S.C §§ 2201 and 2202, for violations of the Antitrust Laws of the United States, Title 15 of the United States Code.

36.    The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1331, 1337(a), 1338(a), 1338(b) and 1367(a).

37. Defendant and Counterclaim-Plaintiff John Mezzalingua Associates, Inc., doing business as PPC ("PPC") is a corporation formed under the laws of the State of Delaware and has its principal place of business at 6176 East Molloy Road, East Syracuse, New York 13057.

38. Upon information and belief, Plaintiff and Counterclaim-Defendant Arrow Communications Laboratories, Inc., ("ARCOM"), is a New York corporation and has its principal place of business at 185 Ainsley Drive, Syracuse, New York 13210.

39. Upon information and belief, Counterclaim-Defendant Tresness Irrevocable Patent Trust ("Tresness Trust") is a trust established under the laws of the State of New York with a place of business of 2030 Erie Boulevard East, Syracuse, New York 13224.

40. From at least April 28, 1998 until at least June 2, 2005, Tresness Trust was the assignee of U.S. Patent No. 5,745,838 ("the '838 patent).

41. From at least January 6, 2004 until at least May 19, 2004, Tresness Trust was the assignee of U.S. Patent No. 6,674,343 ("the '343 patent).

42. Upon information and belief, on May 19, 2004, Tresness Trust assigned at least a portion of its interest in the '343 patent to ARCOM.

43. Upon information and belief, on June 2, 2005, Tresness Trust assigned at least a portion of its interest in the '838 patent to ARCOM.

44. Upon information and belief, depending on the specific nature and content of the transaction between Tresness Trust and ARCOM, ARCOM and/or Tresness Trust does not have standing to sue for infringement of the '838 patent and/or the '343 patent.

45. PPC manufactures and sells a superior quality filter for incorporation in cable television networks which, upon information and belief, ARCOM asserts and Tresness Trust has asserted that PPC infringes unspecified claims of the '838 patent.

46. PPC manufactures and sells unspecified other filters which ARCOM and Tresness Trust have asserted infringe unspecified claims of the '343 patent.

47. ARCOM and Tresness Trust have also purportedly asserted that sale and use of PPC's filters by its distributors and customers infringe unspecified claims of the '838 patent and the '343 patent.

48. PPC denies that any of its products infringe any valid claim of the '838 patent or the '343 patent and asserts that each and every asserted claim of the '838 patent and the '343 patent is invalid.

49. A justiciable controversy exists between PPC, ARCOM and Tresness Trust as to the ownership, validity, enforceability and alleged infringement of the '838 patent and the '343 patent by any actions of PPC.

50. The claims of the '838 patent and the '343 patent fail to satisfy the requirements of patentability under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 132 and 305.

51. The claims of the '838 patent and the '343 patent are invalid.

52. The '838 patent and the '343 patent are unenforceable.

53. PPC has not infringed any valid claim of the '838 patent or the '343 patent.

### AS A SECOND COUNTERCLAIM FOR PATENT UNENFORCEABILITY

54. PPC repeats and realleges the allegations contained in paragraphs 35 through 53 above as if fully restated herein.

55. Jerry M. Gould ("Gould") purports to be a named inventor of the '343 patent.

56. From approximately February 1987 through May 1997, Gould was employed by Eagle Comtronics, Inc. ("Eagle"), of Liverpool, New York. From approximately 1988 through 1997, Gould served as Eagle's Manager of Manufacturing Engineering.

57. From at least 1987 through 2005, Eagle has manufactured and sold electronic filters and traps for inclusion in community antenna television ("CATV") and broadband signal distribution systems.

58. From approximately May 1991 through March 1997, Gould supervised the work of Michael Lamb.

59. During approximately 1992, Michael Lamb, in the course of his duties as an employee of Eagle, worked on designing a collet assembly for a female end of a CATV filter that utilized a round pin collet assembly, a insulator that fit snugly around the round pin collet assembly and an O-ring between the insulator and the inside of the female terminal connector of a CATV filter. A copy of one of the designs created by Michael Lamb in 1992 is attached to this Answer as Exhibit B.

60. During approximately 1992, Gould directly supervised Lamb and would regularly review design drawings prepared by Lamb. Upon information and belief, during approximately 1992, Gould reviewed the design created by Lamb attached hereto as Exhibit B.

61. Mr. Gould routinely attended senior staff and product meetings during the course of his employment at Eagle. Mr. Gould attended at least several product meetings in approximately 1992 during which employees of Eagle discussed a project incorporating Lamb's design utilizing a round pin collet assembly.

62. During at least approximately 1992, Mr. Gould was actively involved in Eagle's round pin collet assembly project.

9

63. The subject matter of the parent application of the '343 patent, Application Ser. No. 09/382,064 ("the '064 application"), was not invented by Gould, but rather was derived from the 1992 invention of Michael Lamb.

64. By letter dated May 25, 2001, Eagle's counsel notified Arcom's counsel, Lawrence P. Trapani, that at least a portion of the subject matter of the '064 application was invented by Lamb working under Gould's supervision in 1992.

65. After receiving notice of Lamb's invention of the subject matter of the '064 application, Arcom allowed the '064 application to issue as U.S. Patent 6,323,743 and filed a continuation application, Application Ser. No. 09/898,543 ("the '543 application"), which claimed priority of invention to the '064 application and which ultimately issued as the '343 patent.

66. The prosecution of the '343 patent was undertaken by Arcom and Tresness Trust with knowledge that Gould was not the inventor of the subject matter of '543 application or '064 application.

67. On or about January 6, 2003, Arcom and Tresness Trust filed in the PTO with respect to the '543 application an Amendment, Declaration of Gregory A. Tresness and Declaration Jerry M. Gould pursuant to 37 C.F.R. § 1.132.

68. In the Tresness and Gould Declarations, Arcom and Tresness Trust represented to the Patent Office, under penalty of perjury, that Arcom did not begin working on the subject matter of the '064 application until March 1999 and did not complete its design until June 1999.

69. On or about December 23, 1999, PPC filed a Declaration of Raymond Palinkas in the Northern District of New York in Civil Action No. 99-CV-1320-HGM-GLS. The Palinkas Declaration included drawings of two versions of PPC's SHP3-50 high pass filter. The drawings

contained revision blocks showing a date of invention of PPC's SHP3-50 filter at least as early as September 25, 1998.

70.  Between approximately January 2000 and April 2000, Arcom and Tresness Trust attorney Lawrence Trapani obtained a copy of the Palinkas Declaration and drawings of PPC's SHP3-50 connectors.

71.  On or about April 27, 2000, Trapani submitted a Supplemental Information Disclosure Statement with respect to the '064 application.

72.  The Supplemental Information Disclosure Statement included excerpts of the drawings of the PPC SHP3-50 drawings from the Palinkas Declaration. Arcom's and Tresness Trust attorney Trapani redacted various portions of the drawings, including but not limited to the revision blocks showing the dates of the invention by PPC in 1998, well before Arcom and its employees began working on the subject matter of the '064 application.

73.  Upon information and belief, Trapani redacted the dates on PPC's drawings with the intent to mislead the Examiner as to the priority of invention of PPC's SHP3-50 filters over the subject matter of the '064 patent.

74.  On or about April 27, 2000, Arcom and Tresness Trust attorney Trapani prepared a Preliminary Amendment and two Supplemental Declarations for Patent Application.

75.  The Preliminary Amendment added claims 23-25 that were intended to read upon PPC's SHP3-50 product. Claims 23-25 substantially issued as claims 1-3 of the '343 patent.

76.  The Supplemental Declaration executed by Jerry Gould on April 24, 2000 claims that Gould is the original, first and sole inventor of the subject matter of the Preliminary Amendment.

77. The Supplemental Declaration executed by Gould was false and was known to be false by at least Gould and Trapani as they had in their possession copies of the drawings attached to the Palinkas Declaration showing a date of invention by PPC in 1998.

78. Upon information and belief, the Supplemental Declaration executed by Gould was submitted to the PTO by and on behalf of Arcom with the intent of misleading the Examiner as to the priority of invention of PPC's SHP3-50 filters over the subject matter of the '064 patent.

79. But for the false, fraudulent and knowing misrepresentations, omissions and declarations submitted by or on behalf of Arcom, the claims of the '343 patent would not have issued.

80. To the extent that such false, fraudulent and knowing misrepresentations, omissions and declarations were made on behalf of Tresness Trust, they have been ratified, approved, endorsed and encouraged by Arcom.

81. The '343 patent is unenforceable by reason of inequitable conduct and fraud upon the Patent Office by Arcom and Tresness Trust.

### AS A THIRD COUNTERCLAIM FOR MONOPOLIZATION

82. PPC repeats and realleges the allegations contained in paragraphs 35 through 81 above as if fully restated herein.

83. A cable television filter is a small generally cylindrical device that serves to condition, improve or selectively block access to at least a portion of the signals carried on a cable television or broadband signal distribution network. Filters typically have a cylindrical housing and at least one female and one male terminal connector.

84. Arcom and PPC are each engaged in the business of developing and selling products for the cable television and broadband industries, including cable television filters that

include a filter housing with moisture seals at the female terminal connector to prevent the ingress of moisture and contaminants that might degrade the performance of the filter.

85. Upon information and belief, Arcom has monopolized the market for cable television filters which include a filter housing with moisture seals at the female terminal end ("Sealed Filters") since approximately 2001.

86. Upon information and belief, Arcom controls between 30 and 40 percent of the market for cable television Sealed Filters.

87. Arcom's Sealed Filter products are the subject of U.S. Patent Nos. 6,323,743 ("the '743 patent") and U.S. Patent No. 6,674,343 ("the '343 patent").

88. Upon information and belief, the '743 patent and the '343 patent issued to Tresness Trust, but have been recently assigned to Arcom.

89. The '743 patent and the '343 patent were procured through inequitable conduct and fraud upon the Patent Office and are unenforceable.

90. The '743 patent and the '343 patent are invalid over the prior art and were not invented by the named inventors, but rather were wrongfully derived from the 1992 invention of Michael Lamb.

91. At the time Arcom asserted that PPC infringed the '343 patent, Arcom, Tresness Trust and its attorneys knew that the claims of the '343 patent were invalid and unenforceable.

92. Upon information and belief, Arcom and Tresness Trust devised a scheme to assert the invalid and unenforceable '343 patent against PPC in order to harm PPC's cable television filter business and, thereby, to further Arcom's monopoly of the Sealed Filter market.

93. In furtherance of this scheme, Tresness Trust assigned the '743 patent and '343 patent to Arcom knowing the claims to be invalid and the '343 patent to be unenforceable, for

the purposes of attempting to extract royalties and/or damages from PPC, and/or to exclude PPC from the market for Sealed Filters.

94. On October 3, 2005, Arcom asserted that PPC infringed the claims of the '343 patent knowing that the claims were invalid and that the '343 patent was obtained through inequitable conduct and fraud upon the Patent Office.

95. The assertion of a claim for infringement of the '343 patent has been in bad faith and for the purpose of harming PPC's Sealed Filter business and to wrongly perpetuate its monopoly of the Sealed Filter market.

96. As such, Arcom's claim of infringement of the '343 patent is intended to extend the scope of the '343 patent beyond its permissible bounds, thereby, to impermissibly exclude competition from the Sealed Filter market.

97. PPC has been injured by reason of Arcom's wrongful acts and has suffered pecuniary harm in an amount to be determined at trial.

98. At all relevant times, Arcom has acted with the specific intent to harm PPC and to eliminate PPC from competing in the Sealed Filter market.

99. Arcom has engaged in willful, exclusionary and anticompetitive conduct in violation of 15 U.S.C. § 2.

100. Arcom possesses monopoly power in the Untied States in the market for Sealed Filters.

101. Arcom's attempts to enforce its patent rights and its assertion of a claim of infringement of the '343 patent against PPC and others, including but not limited to Eagle Comtronics, Inc., have been made in bad faith, inasmuch as Arcom at all times knew that PPC infringed any valid or enforceable claim of the '343 patent.

102. Arcom's enforcement of the '343 patent constitutes a willful attempt to extend the scope of protection afforded by the Patent Laws beyond their permissible bounds constitutes misuse of said patents and is impermissible exclusionary and anticompetitive conduct under 15, U.S.C. § 2.

103. Arcom's impermissible exclusionary and anticompetitive conduct has had a significant and substantial effect on interstate commerce.

104. Arcom has unlawfully monopolized United States commerce in the Sealed Filter market through impermissible exclusionary and anticompetitive conduct.

105. PPC has suffered and will suffer substantial damages by reason of Arcom's misuse of its patents in furthering and maintaining its monopolization of the Sealed Filter market.

106. PPC is entitled to recover treble damages and costs, including attorneys' fees, by reason of Arcom's misuse of its patents in furthering and maintaining its monopolization of the Sealed Filter market pursuant to 15 U.S.C. § 15.

107. PPC is entitled to injunctive relief against threatened loss or damage by reason of Arcom's misuse of its patents in furthering and maintaining its monopolization of the Sealed Filter market, pursuant to 15 U.S.C. § 26.

### AS A FOURTH COUNTERCLAIM FOR ATTEMPTED MONOPOLIZATION

108. PPC repeats and realleges the allegations contained in paragraphs 35 through 107 above as if fully restated herein.

109. Arcom has engaged in willful, exclusionary and anticompetitive conduct in violation of 15 U.S.C. § 2. Arcom has acted with the specific intent to monopolize the Sealed Filter market in the United States.

110. To the extent that Arcom does not already possess monopoly power in the Sealed Filter market in the United States, there is a dangerous probability that Arcom's willful, exclusionary and anticompetitive actions will, if left unchecked, enable Arcom to achieve monopoly power in the Untied States over the Sealed Filter market.

111. PPC has suffered and will suffer substantial damages by reason of Arcom's attempted monopolization in an amount to be determined at trial.

112. PPC is also entitled to recover treble damages and costs, including attorneys' fees, by reason of Arcom's attempted monopolization of the Sealed Filter market pursuant to 15 U.S.C. § 15.

113. PPC is entitled to injunctive relief against threatened loss or damage by reason of Arcom's attempted monopolization of the Sealed Filter market, pursuant to 15 U.S.C. § 26.

## AS A FIFTH COUNTERCLAIM FOR UNFAIR COMPETITION

114. PPC repeats and realleges the allegations contained in paragraphs 35 through 113 above as if fully restated herein.

115. Arcom's conduct as described above constitutes unfair competition in violation of the common law of the State of New York.

116. PPC has been injured by reason of said violations, and has suffered damages in an amount to be determined at trial.

117. PPC is also entitled to punitive damages in an amount that is just and adequate to punish Arcom for its wanton, willful and malicious conduct.

## AS A SIXTH COUNTERCLAIM FOR PATENT INFRINGEMENT

118. This is an action for patent infringement under the Patent Laws of the United States, including 35 U.S.C. § 271.

119. On May 18, 2004, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,737,935 ("the '935 patent") entitled DIPLEX CIRCUIT FORMING BANDSTOP FILTER to PPC. A copy of the '935 patent is attached as Exhibit A.

120. PPC has been the lawful owner of all right, title and interest in the '935 patent at all times since it issued.

121. Defendant has been and still is infringing one or more of the claims of the '935 patent by importing into the United States, using, selling and offering for sale diplex circuit forming bandstop filters that are covered by at least one claim of the '935 patent.

122. PPC has suffered damage by reason of Defendant's infringement of the '935 patent, and will continue to suffer additional damage unless this Court enjoins Defendant from continuing such infringing acts in the future.

123. Defendant's infringement has been deliberate and in willful disregard of PPC's rights in the '935 patent.

124. PPC has no adequate remedy at law.


Defendant and Counterclaim-Plaintiff hereby demands a trial by jury of all issues so triable.

WHEREFORE, Defendant and Counterclaim-Plaintiff PPC seeks judgment against ARCOM and Tresness Trust:

    a. Dismissing Arcom's Complaint in its entirety;

    b. Determining the respective interests of ARCOM and Tresness Trust in the '838 patent and whether ARCOM is the proper party plaintiff to assert its claims;

    c. Declaring that PPC has not directly or contributorily infringed, or induced infringement of the '838 patent;

d. Declaring that the claims of the '838 patent are invalid;

e. Declaring that the '343 patent is unenforceable;

f. Enjoining ARCOM from asserting or charging that PPC's or its customer's and distributor's manufacture, use, offer for sale, or sale of PPC's filter product constitutes infringement of the '838 patent or the '343 patent;

g. Entering judgment in PPC's favor on its antitrust, unfair competition and patent infringement claims and awarding PPC compensatory damages in final amounts to be determined at trial;

h. Awarding PPC punitive damages in an amount that is just and adequate to punish Arcom for its wanton, willful and malicious conducts

i. Preliminarily and permanently enjoining Arcom from its impermissible exclusionary and anticompetitive conduct and from infringing the '935 patent;

j. Awarding PPC damages to compensate for Arcom's infringement of the '935 patent;

k. Awarding treble damages for Arcom's antitrust violations and willful infringement of the '935 patent;

l. Awarding to PPC interest on the amount of damages found, including prejudgment interest;

m. Finding that this is an exceptional case pursuant to 35 U.S.C. § 285;

n. Awarding PPC its costs in this action, including reasonable attorneys' fees; and

o. Granting PPC such other and further relief as the Court deems just and proper.

Dated: October 18, 2005

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)
Kevin M. Baird (#4219)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
Tel: (302) 658-9141
Fax: (302) 658-5614
jbove@cblh.com

Of Counsel:

WALL, MARJAMA & BILINSKI, LLP
James R. Muldoon, Esq.
101 South Salina Street,
Suite 400
Syracuse, New York 13202
Telephone: (315) 425-9000
Facsimile:  (315) 425-9114

*Attorneys for Defendant*
  *John Mezzalingua Associates, Inc. d/b/a PPC*

## CERTIFICATE OF SERVICE

I, Jeffrey B. Bove, hereby certify that on October 18, 2005, copies of the foregoing document was caused to be served upon the following parties in the manner indicated:

### BY ELECTRONIC FILING AND HAND DELIVERY

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19801

### BY EMAIL

R. Terrance Rader, Esq.
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304

Lawrence P. Trapani, Esq.
4847 Enders Road
P.O. Box 555
Manlius, NY 13104

/s/ Jeffrey B. Bove
Jeffrey B. Bove  (# 998)
The Nemours Building
1007 North Orange Street
Suite 878
Wilmington, DE 19801
Tel: (302) 658-9141
Fax: (302) 658-5614