IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARROW COMMUNICATION LABORATORIES, INC.,<br>　　　Plaintiff,<br>　　v.<br>JOHN MEZZALINGUA ASSOCIATES, INC., d/b/a PPC,<br>　　　Defendant.<br><br>JOHN MEZZALINGUA ASSOCIATES, INC., d/b/a PPC,<br>　　　Counterclaim-Plaintiff,<br>　　v.<br>ARROW COMMUNICATION LABORATORIES, INC., and TRESNESS PATENT TRUST,<br>　　　Counterclaim-Defendants. | C.A. No. 05-357-SLR |

**REPLY TO THE FIRST AMENDED COUNTERCLAIMS
OF TRESNESS IRREVOCABLE PATENT TRUST**

Defendant and Counterclaim Plaintiff, John Mezzalingua Associates, Inc., doing business as PPC ("PPC"), for its Answer to the First Amended Counterclaim of Counterclaim-Defendant Tresness Irrevocable Patent Trust ("Tresness Trust") alleges as follows:

　　1.　　ADMITS that Tresness Trust has attempted to allege claims for patent infringement in its Complaint, but DENIES the merits and sufficiency of the claim asserted therein and any remaining allegations contained in Paragraph 1 of the Amended Counterclaim.

　　2.　　ADMITS that Tresness Trust purports to allege claims for breach of contract, fraud and unjust enrichment under New York law in its Complaint, but DENIES the merits and sufficiency of the claim asserted therein and any remaining allegations contained in Paragraph 2 of the Amended Counterclaim.

1

3. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Counterclaim.

4. ADMITS the allegations contained in Paragraph 4 of the Amended Counterclaim.

5. ADMITS the allegations contained in Paragraph 5 of the Amended Counterclaim.

6. ADMITS that while venue in the District of Delaware is technically proper, venue for this action ought to be in the Northern District of New York because (a) the District of Delaware has little to no connection with the asserted claims, (b) both Plaintiff and Defendant are headquartered in or around Syracuse, New York, and Tresness Trust purports to be a New York trust having an office in Syracuse, New York; (c) neither Plaintiff, Defendant, nor Tresness Trust has a physical presence or office in the State of Delaware; (d) the accused products are manufactured in the Northern District of New York; (e) all alleged acts giving rise to Plaintiff's federal and state law claims occurred in the Northern District of New York and (f) the convenience of both party and nonparty witnesses weighs heavily in favor of transfer of this action to the Northern District of New York, and therefore Defendant DENIES any remaining allegations contained in Paragraph 6 of the Amended Counterclaim.

7. ADMITS that the United States Patent and Trademark Office issued U.S. Patent No. 5,745,838 ("the '838 patent") on April 28, 1998, but DENIES that the '838 patent is valid or enforceable, and therefore denies any remaining allegations contained in Paragraph 7 of the Amended Counterclaim.

8. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Counterclaim.

9. DENIES the allegations contained in Paragraph 9 of the Amended Counterclaim.

10. DENIES the allegations contained in Paragraph 10 of the Amended Counterclaim.

11. DENIES the allegations contained in Paragraph 11 of the Amended Counterclaim.

12. DENIES the allegations contained in Paragraph 12 of the Amended Counterclaim.

13. DENIES the allegations contained in Paragraph 13 of the Amended Counterclaim.

14. DENIES the allegations contained in Paragraph 14 of the Amended Counterclaim.

15. ADMITS that the United States Patent and Trademark Office issued U.S. Patent No. 56,674,343 ("the '343 patent") on January 6, 2004, but DENIES that the '343 patent is valid or enforceable, and therefore denies any remaining allegations contained in Paragraph 15 of the Amended Counterclaim.

16. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Counterclaim.

17. DENIES the allegations contained in Paragraph 17 of the Amended Counterclaim.

18. DENIES the allegations contained in Paragraph 18 of the Amended Counterclaim.

19. DENIES the allegations contained in Paragraph 19 of the Amended Counterclaim.

20. DENIES the allegations contained in Paragraph 20 of the Amended Counterclaim.

21. DENIES the allegations contained in Paragraph 21 of the Amended Counterclaim.

22. PPC has moved to dismiss the claim entitled Breach of Contract for failing to state a claim for which relief can be granted and therefore does not respond to the allegations of Paragraphs 22-26 of the Amended Counterclaim at this time.

23. PPC has moved to dismiss the claim entitled Fraud for failing to state a claim for which relief can be granted and therefore does not respond to the allegations of Paragraphs 27-31 of the Amended Counterclaim at this time.

24. PPC has moved to dismiss the claim entitled Unjust Enrichment for failing to state a claim for which relief can be granted and therefore does not respond to the allegations of Paragraphs 22-33 of the Amended Counterclaim at this time.

### AS A FIRST AFFIRMATIVE DEFENSE

25. Tresness Trust's Counterclaim fails to state a claim upon which relief may be granted.

### AS A SECOND AFFIRMATIVE DEFENSE

26. The claims of the '838 patent and the '343 patent are invalid for failing to satisfy the requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 132 and 305.

### AS A THIRD AFFIRMATIVE DEFENSE

27. No product of Defendant has infringed any valid claim of the '838 patent or the '343 patent.

### AS A FOURTH AFFIRMATIVE DEFENSE

28. Tresness Trust's claim for damages is limited for its failure to mark either its or Plaintiff's product with sufficient notice under 35 U.S.C. § 287.

### AS A FIFTH AFFIRMATIVE DEFENSE

29. Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

### AS A SIXTH AFFIRMATIVE DEFENSE

30. Upon information and belief, Tresness Trust lacks standing to assert this claim against Defendant.

## AS A SEVENTH AFFIRMATIVE DEFENSE

31.     Venue of this action ought to be transferred to the Northern District of New York because (a) the District of Delaware has little to no connection with the asserted claim, (b) both Plaintiff and Defendant are headquartered in or around Syracuse, New York, and Tresness Trust purports to be a New York trust having an office in Syracuse, New York; (c) neither Plaintiff nor Defendant has a physical presence or office in the State of Delaware; (d) the accused products are manufactured in the Northern District of New York; (e) all alleged acts giving rise to Plaintiff's federal and state law claims occurred in the Northern District of New York and (f) the convenience of both party and nonparty witnesses weighs heavily in favor of transfer of this action to the Northern District of New York.

## AS A EIGHTH AFFIRMATIVE DEFENSE

32.     Plaintiff's claims are barred by the doctrine of election of remedies.

## AS A NINTH AFFIRMATIVE DEFENSE

33.     The '343 patent is unenforceable on the basis that the subject matter of the '343 patent was invented by Michael Lamb of Eagle Comtronics, Inc., then a subordinate of Jerry Gould, a named inventor of the '343 patent. Upon information and belief, Jerry Gould executed a false declaration claiming that he had invented the subject matter of the '343 patent with the knowledge that he was not an inventor of the such subject matter. Upon further information and belief, during the prosecution of the '343 patent, Arcom, Andrew Tresness and the Tresness Trust had knowledge that Gould was not a true inventor and yet continued with the prosecution of the patent application through issue.

### AS A TENTH AFFIRMATIVE DEFENSE

34. The '343 patent is also unenforceable on the basis that Arcom and Tresness Trust have attempted to enforce a patent known to be invalid under the Patent Laws including but not limited to 35 U.S.C. §§ 102(b), 102(f), 103(a) and has therefore committed patent misuse.

### AS A FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT

35. PPC asserts counterclaims for declaratory judgment of patent non-infringement, invalidity, and unenforceability under the Patent Laws of the United States, Title 35 of the United States Code and Declaratory Judgment Act, 28 U.S.C §§ 2201 and 2202.

36. The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1331 and 1338(a).

37. Defendant and Counterclaim-Plaintiff John Mezzalingua Associates, Inc., doing business as PPC ("PPC") is a corporation formed under the laws of the State of Delaware and has its principal place of business at 6176 East Molloy Road, East Syracuse, New York 13057.

38. Upon information and belief, Plaintiff and Counterclaim-Defendant Arrow Communications Laboratories, Inc., ("ARCOM"), is a New York corporation and has its principal place of business at 185 Ainsley Drive, Syracuse, New York 13210.

39. Upon information and belief, Counterclaim-Defendant Tresness Irrevocable Patent Trust ("Tresness Trust") is a trust established under the laws of the State of New York with a place of business of 2030 Erie Boulevard East, Syracuse, New York 13224.

40. From at least April 28, 1998 until at least June 2, 2005, Tresness Trust was the assignee of U.S. Patent No. 5,745,838 ("the '838 patent).

41. From at least January 4, 2004 until at least May 19, 2004, Tresness Trust was the assignee of U.S. Patent No. 6,674,343 ("the '343 patent).

42. Upon information and belief, on May 19, 2004, Tresness Trust assigned at least a portion of its interest in the '343 patent to ARCOM.

43. Upon information and belief, on June 2, 2005, Tresness Trust assigned at least a portion of its interest in the '838 patent to ARCOM.

44. Upon information and belief, depending on the specific nature and content of the transaction between Tresness Trust and ARCOM, either ARCOM or Tresness Trust does not have standing to sue for infringement of the '838 patent and/or the '343 patent.

45. PPC manufactures and sells a superior quality filter for incorporation in cable television networks which, upon information and belief, ARCOM asserts and Tresness Trust has asserted that PPC infringes unspecified claims of the '838 patent.

46. PPC manufactures and sells unspecified other filters which ARCOM and Tresness Trust have asserted infringe unspecified claims of the '343 patent.

47. ARCOM and Tresness Trust have also purportedly asserted that sale and use of PPC's filters by its distributors and customers infringe unspecified claims of the '838 patent and the '343 patent.

48. PPC denies that any of its products infringe any valid claim of the '838 patent or the '343 patent and asserts that each and every asserted claim of the '838 patent and the '343 patent is invalid.

49. A justiciable controversy exists between PPC, ARCOM and Tresness Trust as to the ownership, validity, enforceability and alleged infringement of the '838 patent and the '343 patent by any actions of PPC.

50. The claims of the '838 patent and the '343 patent fail to satisfy the requirements of patentability under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 132 and 305.

51. The claims of the '838 patent and the '343 patent are invalid.

52. The claims of the '838 patent and the '343 patent are unenforceable.

53. PPC has not infringed any valid claim of the '838 patent or the '343 patent.

**AS A SECOND COUNTERCLAIM FOR PATENT UNENFORCEABILITY**

54. PPC repeats and realleges the allegations contained in paragraphs 35 through 53 above as if fully restated herein.

55. Jerry M. Gould ("Gould") purports to be an inventor of the '343 patent.

56. From approximately February 1987 through May 1997, Gould was employed by Eagle Comtronics, Inc. ("Eagle"), of Liverpool, New York. From approximately 1988 through 1997, Gould served as Eagle's Manager of Manufacturing Engineering.

57. From at least 1987 through 2005, Eagle has manufactured and sold electronic filters and traps for inclusion in community antenna television ("CATV") signal distribution systems.

58. From approximately May 1991 through March 1997, Gould supervised the work of another Eagle employee, Michael Lamb.

59. During approximately 1992, Michael Lamb, in the course of his duties as an employee of Eagle, worked on designing a collet assembly for a female terminal connector of a CATV filter that utilized a round pin collet assembly, a insulator that fit snugly around the round pin collet assembly and an O-ring between the insulator and the inside of the female terminal

connector of a CATV filter. A copy of one of the designs created by Michael Lamb in 1992 is attached to this Reply as Exhibit A.

60. During approximately 1992, Gould directly supervised Lamb and would regularly review design drawings prepared by Lamb. Upon information and belief, during approximately 1992, Gould reviewed the design created by Lamb attached hereto as Exhibit A.

61. Mr. Gould routinely attended senior staff and product meetings during the course of his employment at Eagle. Mr. Gould attended at least several product meetings in approximately 1992 during which employees of Eagle discussed a project incorporating Lamb's design utilizing a round pin collet assembly.

62. During at least approximately 1992, Mr. Gould was actively involved in Eagle's round pin collet assembly project.

63. The subject matter of the parent application of the '343 patent, Application Ser. No. 09/382,064 ("the '064 application"), was not invented by Gould, but rather was derived from the 1992 invention of Michael Lamb.

64. By letter dated May 25, 2001, Eagle's counsel notified Arcom's and Tresness Trust's counsel, Lawrence P. Trapani, that at least a portion of the subject matter of the '064application was invented by Lamb working under Gould's supervision in 1992.

65. After receiving notice of Lamb's invention of the subject matter of the parent application, Arcom and Tresness Trust allowed the '064 application to issue as U.S. Patent 6,323,743 and filed a continuation application, Application Ser. No. 09/898,543 ("the '543 application"), which claimed priority of invention to the '064 application and ultimately issued as the '343 patent.

66. The prosecution of the '343 patent was undertaken by Arcom and Tresness Trust with knowledge that Gould was not the inventor of the subject matter of '343 patent application or the '064 application.

67. On or about January 6, 2003, Arcom and Tresness Trust filed in the PTO with respect to the '543 application that ultimately issued as the '343 patent, an Amendment, Declarations of Gregory A. Tresness and Declaration Jerry M. Gould pursuant to 37 C.F.R. § 1.132.

68. In the Tresness and Gould Declarations, Arcom and Tresness Trust represent to the Patent Office, under penalty of perjury, that Arcom did not begin working on the subject matter of the '064 application until March 1999 and did not complete its design until June 1999.

69. On or about December 23, 1999, PPC filed a Declaration of Raymond Palinkas in the Northern District of New York in Civil Action No. 99-CV-1320-HGM-GLS. The Palinkas Declaration included drawings of two versions of PPC's SHP3-50 high pass filter. The drawings contained revision blocks showing a date of invention of PPC's SHP3-50 filter at least as early as September 25, 1998.

70. Between approximately January 2000 and April 2000, Arcom and Tresness Trust attorney Lawrence Trapani obtained a copy of the Palinkas Declaration and attached drawings of PPC's SHP3-50 connectors.

71. On or about April 27, 2000, Trapani submitted to the PTO a Supplemental Information Disclosure Statement with respect to the '064 application.

72. The Supplemental Information Disclosure Statement included excerpts of the drawings of the PPC SHP3-50 drawings from the Palinkas Declaration. Arcom's and Tresness Trust's attorney Trapani redacted various portions of the drawings, including but not limited to

the revision blocks showing the dates of the invention by PPC in 1998, well before Arcom and its employees began working on the subject matter of the '064 application.

73. Upon information and belief, Trapani redacted the dates on PPC's drawings with the intent to mislead the PTO Examiner as to the priority of invention of PPC's SHP3-50 filters over the subject matter of the '064 patent.

74. On or about April 27, 2000, Arcom and Tresness Trust attorney Trapani prepared a Preliminary Amendment and two Supplemental Declarations for Patent Application.

75. The Preliminary Amendment added claims 23-25 that were intended to read upon PPC's SHP3-50 product. Claims 23-25 substantially issued as claims 1-3 of the '343 patent.

76. The Supplemental Declaration executed by Jerry Gould on April 24, 2000 claims that Gould is the original, first and sole inventor of the subject matter of the Preliminary Amendment.

77. The Supplemental Declaration executed by Gould was false and was known to be false by at least Gould and Trapani as they had in their possession the drawings attached to the Palinkas Declaration showing completed drawings in 1998.

78. Upon information and belief, the Supplemental Declaration executed by Gould was submitted to the PTO by and on behalf of Arcom with the intent of misleading the Examiner as to the priority of invention of PPC's SHP3-50 filters over the subject matter of the '064 patent.

79. But for the false, fraudulent and knowing misrepresentations, omissions and declarations submitted by or on behalf of Arcom, the claims of the '343 patent would not have issued.

80. To the extent that such false, fraudulent and knowing misrepresentations, omissions and declarations were made on behalf of Arcom, they have been ratified, approved, endorsed and encouraged by Tresness Trust.

81. The '343 patent is unenforceable by reason of inequitable conduct and fraud upon the Patent Office by Arcom and Tresness Trust.

PPC hereby demands a trial by jury of all issues so triable.

WHEREFORE, PPC seeks judgment against ARCOM and Tresness Trust:

a. Dismissing ARCOM's Complaint and Tresness Trust's Counterclaim in their entirety;

b. Determining the respective interests of ARCOM and Tresness Trust in the '838 patent and whether ARCOM is the proper party plaintiff to assert its claims;

c. Declaring that PPC has not directly or contributorily infringed, or induced infringement of the '838 patent or the '343 patent;

d. Declaring that the claims of the '838 patent and the '343 patent are invalid;

e. Declaring that the '343 patent is unenforceable;

f. Enjoining ARCOM from asserting or charging that PPC's or its customers' and distributors' manufacture, use, offer for sale, or sale of PPC's filter product constitutes infringement of the '838 patent or the '343 patent;

g. Finding that this is an exceptional case pursuant to 35 U.S.C. § 285;

h. Awarding PPC its costs and reasonable attorneys' fees; and

i. Granting PPC such other and further relief as the Court deems just and proper.

Dated: October 18, 2005

                        CONNOLLY BOVE LODGE & HUTZ LLP

                        /s/ Jeffrey B. Bove
                        Jeffrey B. Bove (#998)
                        Kevin M. Baird (#4219)
                        The Nemours Building
                        1007 North Orange Street
                        Wilmington, DE 19801
                        Tel: (302) 658-9141
                        Fax: (302) 658-5614
                        jbove@cblh.com

Of Counsel:

WALL, MARJAMA & BILINSKI, LLP
James R. Muldoon, Esq.
101 South Salina Street,
Suite 400
Syracuse, New York 13202
Telephone:  (315) 425-9000
Facsimile:   (315) 425-9114

*Attorneys for Defendant*
 *John Mezzalingua Associates, Inc. d/b/a PPC*

## CERTIFICATE OF SERVICE

I, Jeffrey B. Bove, hereby certify that on October 18, 2005, copies of the foregoing document was caused to be served upon the following parties in the manner indicated:

### BY ELECTRONIC FILING AND HAND DELIVERY

Richard D. Kirk, Esq.
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19801

### BY EMAIL

R. Terrance Rader, Esq.
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304

Lawrence P. Trapani, Esq.
4847 Enders Road
P.O. Box 555
Manlius, NY 13104

/s/ Jeffrey B. Bove
Jeffrey B. Bove  (# 998)
The Nemours Building
1007 North Orange Street
Suite 878
Wilmington, DE 19801
Tel: (302) 658-9141
Fax: (302) 658-5614