IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARROW COMMUNICATION LABORATORIES, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> JOHN MEZZALINGUA ASSOCIATES, INC., <br><br> Defendant and Counterclaim Plaintiff, <br><br> v. <br><br> TRESNESS IRREVOCABLE PATENT TRUST, <br><br> Counterclaim Defendant. | C.A. No. 05-357-SLR <br><br> TRIAL BY JURY DEMANDED |

**PLAINTIFF ARROW COMMUNICATION LABORATORIES, INC.'S AND COUNTERCLAIM DEFENDANT TRESNESS IRREVOCABLE PATENT TRUST'S**

**(1) REPLY TO COUNTERCLAIM PLAINTIFF'S
SECOND AMENDED COUNTERCLAIMS
AND
(2) COUNTERCLAIMS AGAINST DEFENDANT / COUNTERCLAIM
PLAINTIFF JOHN MEZZALINGUA ASSOCIATES, INC.**

Plaintiff and Counterclaim-Defendant Arrow Communication Laboratories, Inc., doing business as Arcom ("Arcom") and Counterclaim Defendant and Counterclaim Plaintiff Tresness Irrevocable Patent Trust ("Tresness Trust"), for their Reply to the Second Amended Counterclaim of Defendant and Counterclaim Plaintiff John Mezzalingua Associates, doing business as PPC ("PPC"), alleges as follows, using the same paragraph numbers as in the Counterclaim:

606322v1                                1

## REPLY TO PPC'S FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT

20. Arcom and Tresness Trust ADMIT the allegations contained in paragraph 20.

21. Arcom and Tresness Trust ADMIT the allegations contained in paragraph 21.

22. Arcom ADMITS the allegations contained in paragraph 22.

23. Tresness Trust ADMITS the allegations contained in paragraph 23.

24. Arcom and Tresness Trust DENY the allegations contained in paragraph 24.

25. Arcom and Tresness Trust ADMIT that an assignment was executed by the Tresness Irrevocable Patent Trust on June 2, 2005, assigning all right, title and interest in and to the '838 patent to Arcom, *nunc pro tunc* as of January 1, 2004, but DENIES the remaining allegations in paragraph 25.

26. Arcom and Tresness Trust DENY the allegations contained in paragraph 26.

27. Arcom and Tresness Trust DENY that the PPC filters that have been accused of infringement of the '838 patent are of a superior quality, and that all asserted claims of the '838 patent have been unspecified, but ADMIT the remaining allegations in paragraph 27.

28.  Arcom and Tresness Trust DENY that all asserted claims of the '838 patent have been unspecified, but ADMIT the remaining allegations in paragraph 28.

29.  Replying to paragraph 29, Arcom and Tresness Trust ADMIT that PPC is denying that its products infringe any claim of the '838 patent and that PPC is asserting that the claims of the '838 patent are invalid, but DENY that these allegations have any merit.

30.  Arcom and Tresness Trust ADMIT the allegations contained in paragraph 30.

31.  Arcom and Tresness Trust ADMIT the allegations contained in paragraph 31.

32.  Arcom and Tresness Trust DENY the allegations contained in paragraph 32.

33.  Arcom and Tresness Trust DENY the allegations contained in paragraph 33.

34.  Arcom and Tresness Trust DENY the allegations contained in paragraph 34.

35.  Arcom and Tresness Truest DENY the allegations contained in paragraph 35.

**REPLY TO PPC'S SECOND COUNTERCLAIM FOR PATENT INFRINGEMENT**

36. Arcom and Tresness Trust ADMIT the allegations contained in paragraph 36.

37. Arcom and Tresness Trust ADMIT that the U.S. Patent and Trademark Office issued U.S. Patent No. 6,737,935 entitled DIPLEX CIRCUIT FORMING BANDSTOP FILTER (the '935 patent") to PPC on May 18, 2004. Arcom and Tresness Trust DENY that the '935 patent was duly and legally issued.

38. Arcom and Tresness Trust DENY the allegations contained in paragraph 38.

39. Assuming the term Defendant has reference to Arcom and Tresness Trust, they DENY the allegations contained in paragraph 39.

40. Assuming the term Defendant has reference to Arcom and Tresness Trust, they DENY the allegations contained in paragraph 40.

41. Assuming the term Defendant has reference to Arcom and Tresness Trust, they DENY the allegations contained in paragraph 41.

42. Arcom and Tresness Trust DENY the allegations contained in paragraph 42 and further DENY that PPC is entitled to any remedy.

**ARCOM'S AND TRESNESS TRUST'S AFFIRMATIVE DEFENSES**

43. The claims of the '935 patent are invalid for failing to satisfy the requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 132 and 305.

44. The claims of the '935 patent are unenforceable for inequitable conduct on the part of PPC in filing a patent application and securing the '935 patent while knowing

that Mr. Zelenz is the true inventor, or at least a co-inventor of the subject matter claimed.

45. No product of Arcom has infringed any valid claim of the '935 patent.

46. Tresness Trust does not manufacture, use, sell or offer for sale any products.

47. PPC's claim is barred, in whole or in part, by the doctrine of laches.

48. PPC is not the lawful owner of the '935 patent.

49. Arcom is the owner of an implied license in the '935 patent.

## ARCOM'S AND TRESNESS TRUST'S COUNTERCLAIMS AGAINST PPC

Plaintiff and Counterclaim Defendant Arrow Communication Laboratories, Inc., doing business as Arcom ("Arcom") and Tresnss Irrevocable Patent Trust ("Tresness Trust"), for their counterclaims against Defendant and Counterclaim Plaintiff John Mezzalingua Associates, inc., doing business as PPC, allege as follows:

### Common Allegations

50. Arcom is a New York corporation and has its principal place of business at 185 Ainsley Drive, Syracuse, New York 13210.

51. Tresness Trust is a trust established under the laws of the State of New York with a place of business at 2030 Erie Boulevard East, Syracuse, New York 13224.

52. Upon information and belief, PPC is a corporation formed under the laws of the State of Delaware and has its principal place of business at 6176 East Molloy Road, East Syracuse, New York 13057.

53. This is an action for declaratory judgment of patent non-infringement, invalidity, unenforceability, implied license and an action to compel an assignment of the

'935 patent to Arcom, all under the Patent Laws of the United States, title 35 of the United States Code and Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

54. This is also an action under 35 U.S.C. § 256 for an order correcting the inventor named in the '935 patent, and an action for fraudulent concealment of the filing of a patent application, unjust enrichment and damages.

55. PPC has alleged that Arcom and/or Tresness Trust has infringed the '935 patent.

56. Arcom and Tresness Trust have each denied that any of their products infringe any valid claim of the '935 patent and assert that each and every claim of the '935 patent is invalid. Arcom and Tresness Trust also assert that Arcom is the true and rightful owner of the '935 patent and/or has an implied license under the '935 patent.

57. A justiciable controversy exists between PPC, Arcom and Tresness Trust as to the ownership, validity, enforceability, alleged infringement and right to practice the claimed invention of the '935 patent.

58. This Court has subject matter jurisdiction of the controversy pursuant to 28 U.S.C. §§ 1338(a), 2001(a) and 2002.

### Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity and Unenforceability

59. The claims of the '935 patent fail to satisfy the requirements of patentability under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 132 and 305.

60. The claims of the '935 patent are invalid.

61. The claims of the '935 patent are unenforceable.

62. Neither Arcom nor Tresness Trust has infringed any valid claim of the '935 patent.

### Counterclaim for Declaratory Judgment of Implied License

63. Steven Shafer, the listed inventor of the '935 patent, was employed by Arcom between approximately October 18, 1999 and April 21, 2001.

64. Mr. Shafer was employed by Arcom as an electrical engineer to design filter circuits for use in CATV systems. Mr. Shafer was assigned by Arcom to work on technology such as that disclosed and claimed in the '935 patent.

65. Mr. Shafer's work on the subject matter disclosed and claimed in the '935 patent occurred during the time that he was employed by Arcom and assigned to work on such subject matter by Arcom.

66. Subsequent to Mr. Shafer no longer being employed by Arcom, PPC or Mr. Shafer, unbeknownst to Arcom, filed a United States patent application that ultimately issued as the '935 patent.

67. Mr. Shafer worked on the subject matter claimed in the '935 patent in the ordinary course of his employment with Arcom, during normal working hours, on the premises of Arcom and using and employing other resources of Arcom, including but not limited to technical assistance by other Arcom personnel.

68. Accordingly, Arcom, at the very least, has an implied royalty-free license under the '935 patent.

### Counterclaim Compelling Assignment of '935 Patent to Arcom

69. Paragraphs 63-68 are hereby incorporated in their entireties.

70. While employed by Arcom, Mr. Shafer was obligated to assign intellectual property rights, including rights in United States patents and patent applications, for inventions developed by Mr. Shafer during his employment to Arcom.

71. Accordingly, Arcom is the rightful assignee of the '935 patent.

**Counterclaim To Correct Inventorship Under 35 U.S.C. §256**

72. Paragraphs 63-71 are hereby incorporated in their entireties.

73. Martin Zelenz, an employee of Arcom, and other employees of Arcom worked with Mr. Shafer on the subject matter claimed in the '935 patent during Mr. Shafer's time of employment with Arcom.

74. Mr. Zelenz is either the proper sole inventor or at least co-inventor of the subject matter disclosed and claimed in the '935 patent.

75. Mr. Zelenz, Mr. Shafer, and other employees of Arcom, were obligated to assign intellectual property rights, including rights in United States patents and patent applications, for inventions that they developed during their respective employments at Arcom.

**Counterclaim For Fraudulent Concealment of Patent Application**

76. Paragraphs 63-75 are hereby incorporated in their entireties.

77. Mr. Shafer and PPC intentionally, and with intent to deceive Arcom, withheld information from Arcom relating to the fact that PPC or Mr. Shafer was preparing to file and did file the patent application that ultimately issued as the '935 patent.

78. Mr. Shafer's and PPC's actions constitute fraudulent concealment of the patent application that ultimately issued as the '935 patent.

79. Arcom has been damaged by PPC's and Mr. Shafer's actions.

## Counterclaim for Unjust Enrichment

80. Paragraphs 63-79 are hereby incorporated in their entireties.

81. As a result of PPC's conduct as alleged hereinabove, PPC has been unjustly enriched, at the expense of Arcom, in that it has established a position and reputation as a supplier of certain bandstop filters for use in the CATV field and has gained a substantial market share with respect to such products, and substantial profits have been bestowed on PPC. Thus, PPC has received a benefit, the retention of which would be unjust, without paying restitution to Arcom.

## Counterclaims for Damages

82. Paragraphs 63-81 are hereby incorporated in their entireties.

83. As a result of PPC's conduct as alleged hereinabove, Arcom has been deprived of revenue that it would have otherwise been entitled to, at least in the form of royalty payments from PPC and others practicing the technology claimed in the '935 patent.

84. Arcom is entitled to receive damages from PPC to compensate Arcom for the above-described lost revenue.

## PRAYERS FOR RELIEF

Wherefore, Arcom and Tresness Trust respectfully request this Court to enter judgment in its favor:

   a. Dismissing PPC's counterclaim for infringement of the '935 patent with prejudice;

b. Declaring that the '935 Patent and each of its claims are not infringed by Arcom or Tresness Trust;

c. Declaring that the '935 Patent and each of its claims are invalid and/or unenforceable;

d. Declaring that Arcom has an implied license under the '935 patent;

e. Declaring that Mr. Zelenz is the sole inventor or at least a co-inventor of the subject matter claimed in the '935 patent and that Arcom is the sole owner or at least a co-owner of the subject matter claimed in the '935 Patent and/or any related or derivative patents or patent applications;

f. Ordering correction of the '935 patent at the United States Patent and Trademark Office to reflect that Mr. Zelenz is the sole inventor or at least a co-inventor of the subject matter claimed in the '935 patent and that Arcom is the sole owner or at least a co-owner of the subject matter claimed in the '935 Patent and/or any related or derivative patents or patent applications;

g. Awarding damages to Arcom in an amount to be determined to compensate for the fraudulent concealment of the patent application leading to the '935 patent;

h. Awarding Arcom and Tresness Trust an amount equal to the unjust enrichment received by PPC;

i. Awarding Arcom and Tresness Trust damages in an amount to compensate them for their loss of revenue caused by PPC and Mr. Shafer;

j.   Awarding Arcom and Tresness Trust their costs, expert fees, and reasonable attorneys' fees incurred in connection with this action, including without limitation, pursuant to 35 U.S.C. § 285 and the inherent powers of this Court; and

k.   Granting Arcom and Tresness Trust such other and further relief as this Court may deem just and proper.

### Demand For Jury Trial

Arcom and Tresness Trust respectfully demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on any and all issues for which it is entitled to a trial by jury.

October 24, 2005                    THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
rkirk@bayardfirm.com
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 655-5000
*Attorneys for Plaintiff / Counterclaim Defendant Arrow Communication Laboratories, Inc. and Counterclaim Defendant / Counterclaim Plaintiff Tresness Irrevovcable Patent Trust*

OF COUNSEL:
R. Terrance Rader
Charles W. Bradley                    and
Glenn E. Forbis
Shelly L. Hokenstad                   Lawrence P. Trapani
Rader, Fishman & Grauer PLLC          4847 Enders Road
39533 Woodward Ave., Suite 140        P.O. Box 555
Bloomfield Hills, MI  48304           Manlius, NY 13104
(248) 594-0600                        (315) 727-5304

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on October 24, 2005, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Jeffrey B. Bove, Esquire
Kevin M. Baird, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

The undersigned counsel further certifies that copies of the foregoing document were sent by email and by hand to the above local counsel and by email and first class mail to the following non-registered participants:

James R. Muldoon, Esquire
John A. Wasleff, Esquire
Wall, Marjama & Bilinski, LLP
101 South Salina Street, Suite 400
Syracuse, NY 13202

/s/ Richard D. Kirk (rk0922)

596264v1