IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ARROW COMMUNICATION LABORATORIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 05-357-SLR |
| JOHN MEZZALINGUA ASSOCIATES, INC., | ) ) ) | |
| Defendant. | ) ) | |
| JOHN MEZZALINGUA ASSOCIATES, INC., | ) ) ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| ARROW COMMUNICATION LABORATORIES, INC., and TRESNESS IRREVOCABLE PATENT TRUST, | ) ) ) ) ) | |
| Counterclaim Defendants. | ) | |

Richard D. Kirk, Esquire, of The Bayard Firm, Wilmington, Delaware. Counsel for Arrow Communication Laboratories, Inc., and Tresness Irrevocable Patent Trust. Of Counsel: R. Terrance Rader, Esquire, Charles W. Bradley, Esquire, Glenn E. Forbis, Esquire, Linda D. Kennedy, Esquire, and Shelly L. Hokenstad, Esquire, of Rader, Fishman & Grauer PLLC, Bloomfield Hills, Michigan, and Lawrence P. Trapani, Esquire, of Manlius, New York.

Jeffrey B. Bove, Esquire, and Kevin M. Baird, Esquire, of Connolly Bove Lodge & Hutz LLP, Wilmington, Delaware. Counsel for John Mezzalingua Associates, Inc. Of Counsel: James R. Muldoon, Esquire, and John A. Wasleff, Esquire, of Wall, Marjama & Bilinski, LLP, Syracuse, New York.

**MEMORANDUM OPINION**

Dated: October 26, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

On June 3, 2005, plaintiff Arrow Communication Laboratories, Inc. ("plaintiff") filed a complaint in the United States District Court for the District of Delaware alleging patent infringement by defendant John Mezzalingua Associates, Inc. ("defendant"). (D.I. 1) Plaintiff claims to be the lawful owner of all right, title and interest in U.S. Patent No. 5,745,838 ("the '838 patent"). (Id.) Plaintiff alleges that defendant is infringing the '838 patent by manufacturing, selling and offering for sale in the United States, and by importing into the United States, electronic filters covered by one or more of the claims of the '838 patent. (Id.) Plaintiff further alleges that defendant is actively inducing others to infringe the '838 patent. (Id.)

On June 6, 2005, defendant filed an action for declaratory judgment of patent non-infringement and invalidity in the United States District Court for the Northern District of New York. (D.I. 9, ex. A) On August 11, 2005, plaintiff's infringement suit was referred to the Magistrate Judge of the District of Delaware for the purpose of exploring alternative dispute resolution. (D.I. 29) Trial is scheduled for November 2006. (Id.)

## II. BACKGROUND

Plaintiff is a corporation organized under the laws of the

State of New York with its principal place of business in Syracuse, New York. Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business in East Syracuse, New York.

### III. STANDARD OF REVIEW

Defendant moves the court to transfer this matter, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of New York. (D.I. 6) Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2003). A plaintiff's choice of forum is to be accorded substantial weight and courts should only transfer venue if the defendant is truly regional in character. See Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)). A defendant has the burden of establishing that "the balance of convenience of the parties and witnesses strongly favors" transfer. Id. Accordingly, "defendants brought into suit in Delaware must prove that litigating in Delaware would pose a 'unique or unusual burden' on their operations" for a Delaware court to transfer venue. See Wesley-Jessen Corp. v. Pilkington Visioncare, Inc., 157 F.R.D. 215 (D. Del. 1993). A motion to transfer venue may also be granted if there is a

related case which has been first filed or otherwise is the more appropriate venue in which to litigate the issues between the parties. See American Bio Medica Corp. v. Peninsula Drug Analysis Co., Inc., 1999 WL 615175, *5 (D. Del. 1999).

In reviewing a motion to transfer venue, courts have not limited their consideration to the three factors enumerated in § 1404(a) (i.e., convenience of parties, convenience of witnesses, and interests of justice). The Third Circuit, in fact, has indicated that the analysis for transfer is very broad and has urged consideration of "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (internal quotations and citation omitted). These factors entail six private and five public interests. Private interests include: (1) the plaintiff's forum preference as manifested by the plaintiff's original forum choice; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of the books and records to the extent that the files could not be produced in the alternative forum. Id.

Public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases. Id.

In considering the private interest factors under Jumara, the court, consistent with Third Circuit precedent, adheres to the notion that transfer is not to be liberally granted and plaintiff's choice of forum is a paramount consideration. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del. 1998); Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., 2001 WL 1617186 (D. Del. Nov. 28, 2001); Cont'l Cas. Co. v. Am. Home Assurance Co., 61 F. Supp.2d 128, 131 (D. Del. 1999). Although transfer of an action is usually regarded as less inconvenient to a plaintiff if the plaintiff has not chosen its "home turf" or a forum where the alleged wrongful activity or injury occurred, the "plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." In re

4

ML-Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del. 1993).

## IV. DISCUSSION

As an initial matter, the court notes that venue is proper in Delaware as defendant is incorporated under the laws of the State of Delaware. Nevertheless, the District of Delaware is not plaintiff's "home turf," since it maintains its principal place of business in New York. In this sense, it appears to be more convenient to both the plaintiff and defendant to try the instant litigation in the Northern District of New York. Indeed, this court previously recognized that,

> [w]hen the plaintiff has chosen to bring suit in a district that is not plaintiff's "home turf" and that has no connection to any acts giving rise to the lawsuit, convenience to the plaintiff is not as great as it would be were plaintiff litigating at or near plaintiff's principal place of business or at the site of activities at issue in the lawsuit.

Burstein v. Applied Extrusion Techs. Inc., 829 F. Supp. 106, 110 (D. Del. 1992) (citing Sports Eye, Inc. v. Daily Racing Form, Inc., 565 F. Supp. 634, 637 (D. Del. 1983) (internal citations omitted)). Moreover, the locus of the alleged infringement occurred in Syracuse, New York. If defendant has infringed the '838 patent, such infringement was done primarily in Syracuse, where the accused products were developed, manufactured and sold. Based on the evidence offered, the majority of the witnesses with discoverable information also are located in and around Syracuse,

New York. In addition, most of defendant's documents relating to the production, promotion, marketing and sales of the accused product are maintained in central New York. On this basis, the court concludes that the private factors under Jumara weigh in favor of transferring the case at bar to the United States District Court for the Northern District of New York.

One of the public interest factors under Jumara involves the administrative considerations of the courts. More than fifty years ago, the Third Circuit Court of Appeals adopted the "first-filed rule" where "in all cases of federal concurrent jurisdiction the court which first had possession of the subject must decide it." Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941) (quoting Smith v. M'Iver, 22 U.S. (9 Wheat.) 532, 6 L. Ed. 152 (1824)). Consequently, the second-filed action is usually stayed or transferred to the court where the first-filed action is pending. Peregrine Corp. v. Peregrine Indus., Inc., 769 F. Supp. 169, 171 (E.D. Pa. 1991); Dippold-Harmon Enterprises, Inc. v. Lowe's Companies, Inc., 2001 U.S. Dist. LEXIS 18547, Civil Action No. 01-532- GMS, 2001 WL 1414868 (D. Del. 2001). The rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." E.E.O.C. v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988). The decision to transfer or stay the second action is within the discretion of the trial court. Id. at 972, 977.

Invocation of the rule will usually be the norm, not the exception. Courts presented with exceptional circumstances may exercise their discretion to depart from the first-filed rule. Id. at 979. In this case, it is undisputed that the present patent infringement suit in the District of Delaware was first filed and involves the same patent and the same issues as the declaratory judgment action filed thereafter by defendant in the Northern District of New York. Therefore, the burden is on defendant to present some exceptional circumstances why the court should depart from the first-filed rule.

In support of its argument supporting transfer, defendant states that all of its relevant witnesses reside in New York, all the documents and records related to the accused product are in New York, and the subject matter of the lawsuit has significant local interest in New York. (D.I. 7 at 1-3) In contrast, evidence suggests that the District of Delaware has no connection to the subject matter of plaintiff's lawsuit, except that defendant is incorporated there. Defendant contends that pursuing the lawsuit in the District of Delaware will generate "significant expenses and other burdens" to the parties. (Id. at 3-4) Given this evidence and noting the regional character of the parties, with the primary business operations of each party located in the Northern District of New York, there are exceptional circumstances present which require the court to

depart from the first-filed rule.

In considering the other public interest factors under Jumara, the court notes that the parties have taken significant steps to advance the instant litigation in the District of Delaware. The parties have exchanged initial disclosures, are set to explore settlement with the magistrate judge, and have arranged a schedule for litigation, with trial set to occur in about one year. These factors weigh in favor of maintaining the litigation in the District of Delaware. However, factors are also present which weigh in favor of transferring the case to the Northern District of New York. First, defendant's declaratory judgment action, which involves the same subject matter as this case, is currently pending in the United States District Court for the Northern District of New York.[1] In addition, both parties are regional in character and operate their businesses out of central New York, suggesting that the Northern District of New York is the most appropriate venue for the parties to litigate. Although a suit in this matter was first filed in

---

[1] By stipulation of the parties, that case has been stayed pending this court's decision on defendant's motion to transfer venue. (N.D.N.Y., Case No. 05-CV-703(NAM/DEP), D.I. 6) The court has no reason to believe that, once the stay is lifted, the declaratory judgment action in the Northern District of New York will move forward with any less swiftness than that with which the instant case has progressed in the District of Delaware. The familiarity with the parties and subject matter possessed by the Northern District of New York will certainly promote expeditiousness in handling the case.

Delaware, the public interest factors weighing in favor of keeping the litigation in the District of Delaware are not compelling. The court, therefore, concludes that the public interest factors under <u>Jumara</u> favor transferring venue to the Northern District of New York.

## V.  CONCLUSION

On balance, the court finds that the public interest factors and private interest factors weigh strongly in favor of transferring venue in this case. The court, as a result, concludes that defendant has sufficiently proven that litigating in the District of Delaware would pose a unique burden which merits transfer of venue. For the reasons stated, defendant's motion to transfer is granted. An order consistent with this memorandum opinion shall issue.